## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| BRIAN KIMBER AND | § | |
| MALINDA KIMBER, husband and wife | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| - vs - | § | CASE NO.  6:21-CV-01135 |
| | § | |
| PHH MORTGAGE CORPORATION AND | § | |
| POWER DEFAULT SERVICES, INC. | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

PHH Mortgage Corporation ("PHH") and Power Default Services, Inc. ("PDS"), collectively ("Defendants"), file this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

## BACKGROUND

On October 27, 2021, Plaintiffs Brian Kimber and Malinda Kimber ("Plaintiffs") filed an Original Verified Petition and Application for Temporary Restraining Order and Temporary Injunction against Defendants in the 169th Judicial District Court of Bell County, Texas (the "Action").[1] Plaintiffs seek injunctive relief preventing the foreclosure sale of their real property located at 6109 Bridgewood Drive, Killeen, Texas 76549 (the "Property"). They assert claims against Defendants for breach of contract and violation of the Texas Debt Collection Act relating to the posting of the property for foreclosure, as well as violation of the Real Estate Settlement Procedures Act (RESPA) and Regulation X (12 C.F.R. Part 1024). Plaintiffs obtained an *ex parte*

---

[1] *See* Original Petition, Exhibit C. All of the filings from the Action are attached hereto as Exhibits C-E.  The docket sheet for the Action appears at Exhibit B.

Temporary Restraining Order on October 28, 2021.[2]

This removal is timely pursuant to 28 U.S.C. §1446(b). Defendants have not been served with process, and no citations have been requested by Plaintiff.

## FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331

This action is removable to this Court under 28 U.S.C. § 1441(a) because it is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiffs assert a right to recover damages under RESPA, 12 U.S.C. § 2605(f), due to an unspecified breach of 12 C.F.R. § 1024.41 *et seq.*[3] The Court has jurisdiction over this claim because it arises under the laws of the United States. *See* 28 U.S.C. § 1331; *see also Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (case arises under federal law where it creates the cause of action or plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law). Thus, this case is a civil action over which this Court has original federal-question jurisdiction pursuant to 28 U.S.C. § 1331.

The Court should exercise supplemental jurisdiction over Plaintiffs' state-law claims because federal-question jurisdiction under 28 U.S.C. § 1331 is proper, and the state-law claims derive from a common nucleus of operative facts. *See* 28 U.S.C. § 1367; *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 221 (5th Cir. 2012). While Plaintiffs do not specify the alleged Regulation X violation, they reference 12 C.F.R. § 1024.41, which covers loss-mitigation procedures and includes certain prohibitions on foreclosure referral and foreclosure sales. *See* 12 C.F.R. §§ 1024.41(f), (g).

## DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332

This Court has original jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332 and

---

[2] *See* Temporary Restraining Order, Exhibit E.
[3] Pet. ¶¶ 41-44, Ex. C.

1441 because (1) there is complete diversity between Plaintiffs and Defendants; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

## A. Complete Diversity Exists.

There is complete diversity between Plaintiffs and Defendants.

### 1. Plaintiffs are Citizens of Texas.

Plaintiffs are individuals domiciled in Bell County, Texas.[4]  Therefore, for diversity purposes, Plaintiffs are citizens of Texas.

### 2. Power Default Services, Inc. is a Citizen of Delaware and Georgia.

Power Default Services, Inc. is a citizen of Delaware and Georgia for purposes of diversity jurisdiction. PDS is a corporation. When considering diversity of citizenship, a corporation is deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). "[T]he phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). PDS is incorporated in Delaware and has its principal place of business in Georgia. Therefore, PDS is a citizen of Delaware and Georgia for diversity purposes.

### 3. PHH is a Citizen of New Jersey.

PHH is a citizen of New Jersey for purposes of diversity jurisdiction. PHH is a corporation. It is incorporated in New Jersey and has its principal place of business in New Jersey. Therefore, PHH is a citizen of New Jersey for diversity purposes. *See* 28 U.S.C. §1332(c)(1); *Friend*, 559 U.S. at 80; *see also Bohannon v. PHH Mortg. Corp.*, 665 F. App'x 760, 761 n.2 (11th Cir. 2016) (PHH is a citizen of New Jersey).

---

[4] Pet. ¶ 10, Ex. C.

**NOTICE OF REMOVAL**                                                        **Page 3 of 6**

**B.     The Amount in Controversy Exceeds the Jurisdictional Threshold.**

The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs, among other things, seek declaratory and injunctive relief to prevent Defendants from foreclosing a lien secured against the Property and preventing Defendants from taking possession of the Property.[5] "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977). "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Professional Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961). Where "[t]he purpose of the injunctive [or] declaratory relief [is] to stop the foreclosure sale of . . . properties, 'the amount in controversy . . . is the value of the right to be protected or the extent of the injury to be prevented.'" *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)).

A common method of establishing the value of real property is by reference to a county appraisal district's assessment. *Statin v. Deutsche Bank Nat. Trust Co.*, 599 F. App'x 545, 546-47 (5th Cir. 2014). The current value of the Property according to the Bell County Appraisal District is $214,049.[6] Plaintiffs attempt to protect an interest in property worth over $75,000 by barring foreclosure. Therefore, the amount-in-controversy requirement has been met.

<u>**VENUE IS PROPER IN THIS COURT**</u>

Venue in this Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a), which provide for removal of any civil action to the federal district court for the district and division embracing the

---

[5] *See* TRO, Ex. E.
[6] *See* Bell County Appraisal District Profile, Exhibit F.

**NOTICE OF REMOVAL**                                                          **Page 4 of 6**

place where the state court action is pending. This Court embraces the 169th Judicial District Court of Bell County, Texas, which is the state court in which this Action was filed and pending. 28 U.S.C. §§ 1391, 1441(a).

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL SATISFIED

Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders and docket sheets from the state-court file of the Action are being filed with this Notice of Removal.[7] Defendants are filing with the clerk of the state district court in which the Action is pending, and are serving upon Plaintiffs, a Notice of filing Notice of Removal, together with this Notice of Removal, pursuant to 28 U.S.C. § 1446(d).

## REMOVAL IS PROPER TO THIS COURT

Defendants have met the requirements for removal of this Action to this Court under 28 U.S.C. §§ 1331, 1332, 1441, and 1446. This Notice of Removal is filed subject to and without waiver of all rights and defenses of Defendants to Plaintiffs' claims herein.


DATE: November 4, 2021                     Respectfully submitted,


                                           /s/  Kyle A. Owens
                                           Kyle A. Owens
                                           Texas State Bar No. 24046573
                                           DYKEMA GOSSETT PLLC
                                           1717 Main Street, Suite 4200
                                           Dallas, Texas  75201
                                           (214) 462-6400
                                           (855) 246-1925 FAX
                                           KOwens@dykema.com

                                           **ATTORNEYS FOR DEFENDANTS**

---

[7] *See* Exhibits C-E.

**NOTICE OF REMOVAL**                                          **Page 5 of 6**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record on November 4, 2021, in compliance with the Federal Rules of Civil Procedure.

/s/  *Kyle A. Owens*
Kyle A. Owens

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| BRIAN KIMBER AND | § | |
| MALINDA KIMBER, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| - vs - | § | CASE NO.  6:21-CV-001135 |
| | § | |
| PHH MORTGAGE CORPORATION AND | § | |
| POWER DEFAULT SERVICES, INC. | § | |
| | § | |
| Defendants. | § | |

**INDEX**

| EX | DOCUMENT | DATE |
|---|---|---|
| | | |
| A | Index of matters being filed | |
| | | |
| B | Bell County Docket Sheet listing pleadings filed in the State Court Action | 11.02.21 |
| | | |
| C | Plaintiffs Original Verified Petition and Application for Temporary Restraining Order and Temporary Injunction filed in the 169th Judicial District Court of Bell County, Texas | 10.27.21 |
| | | |
| D | Certificate of Conference | 10.28.21 |
| | | |
| E | Temporary Restraining Order | 10.28.21 |
| | | |
| F | Appraisal District Profile | |
| | | |
| G | Supplement to JS 44 Civil Cover Sheet for Cases Removed from State District Court | 11.04.21 |
| | | |

# EXHIBIT B

## Case Information

21DCV328238 | Brian Kimber,Malinda Kimber VS. PHH Mortgage Corporation, Power Default Services Inc.

| Case Number | Court | Judicial Officer |
|---|---|---|
| 21DCV328238 | 169th Judicial District Court | Starritt-Burnett, Cari |
| File Date | Case Type | Case Status |
| 10/27/2021 | Real Property: Other | Active |

## Party

Plaintiff
Kimber, Brian

Active Attorneys ▾
Lead Attorney
HELSTOWSKI, JOHN G
Retained

Plaintiff
Kimber, Malinda

Active Attorneys ▾
Lead Attorney
HELSTOWSKI, JOHN G
Retained

Defendant
PHH Mortgage Corporation

Defendant
Power Default Services Inc.

## Events and Hearings

10/27/2021 New Case Filed (OCA)

10/27/2021 Petition (e-File) ▼

Comment
PLAINTIFFS' ORIGINAL VERIFIED PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER
AND TEMPORARY INJUNCTION BY HELSTOWSKI

10/28/2021 No Fee Documents (e-File) ▼

Comment
CERTIFICATE OF CONFERENCE

10/28/2021 Temporary Restraining Order ▼

Comment
TEMPORARY RESTRAINING ORDER SIGNED BY JUDGE STARRITT-BURNETT 10/28/21

11/05/2021 Temporary Injunction ▼

Judicial Officer
Starritt-Burnett, Cari

Hearing Time
09:00 AM

Comment
TRO

# EXHIBIT C

Filed 10/27/2021 1:36 PM
Joanna Staton, District Clerk
District Court - Bell County, TX
by Melissa Wallace , Deputy

CAUSE NO. ____21DCV328238_____

| | | |
|---|---|---|
| BRIAN KIMBER and MALINDA KIMBER, husband and wife | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| v. | § § | |
| PHH MORTGAGE CORPORATION; and POWER DEFAULT SERVICES, INC., | § § § § | 169th__ JUDICIAL DISTRICT |
| Defendants. | § | OF BELL COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL VERIFIED PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME BRIAN KIMBER and MALINDA KIMBER, hereinafter called Plaintiffs, complaining of and about PHH Mortgage Corporation and Power Default Services, its successors and/or assigns, as Defendants, and for their claims and causes of action set forth herein below, respectfully shows unto the Court the following.

### I.

### DISCOVERY CONTROL PLAN LEVEL

1.     Plaintiffs intend that discovery be conducted under Discovery Level 2.

### II.

### PARTIES AND SERVICE

2.     Plaintiff, Brian Kimber ("Brian"), is an individual who is the borrower under the loan made the subject of this suit, whose present address is 6109 Bridgewood Drive, Killeen, Texas 76549. The last three digits of Plaintiff Brian's driver's license number are XXX, and the last three digits of his social security number are XXX.

3.      Plaintiff, Malinda Kimber ("Malinda") is an individual who is a co-borrower under the loan made the subject of this suit, whose present address is 6109 Bridgewood Drive, Killeen, Texas 76549. The last three digits of Plaintiff Malinda's driver's license number are XXX, and the last three digits of her social security number are XXX.

4.      Defendant, PHH Mortgage Corporation ("PHH"), is a foreign corporation doing business in the State of Texas as a mortgage lender and purports to be the current lender under the note and deed of trust or contract lien of the property made the subject of this suit and may be served with process by serving its registered agent, Corporation Service Company d/b/a Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701. Service of process upon said Defendant as described above can be effectuated by personal delivery to its registered agent identified herein.

5.      Defendant, Power Default Services, Inc. ("Power Default"), is a foreign corporation doing business in the State of Texas as a foreclosure trustee and purports to be the current substitute trustee under the deed of trust lien made the subject of this suit and may be served with process by serving its registered agent, Corporation Service Company d/b/a Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701. Service of process upon said Defendant as described above can be effectuated by personal delivery to its registered agent identified herein.

## III.

## JURISDICTION AND VENUE

6.      The subject matter in controversy is within the jurisdictional limits of this court.

7.      Plaintiffs seek:

a. monetary relief of more than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; and,

b. injunctive relief in the form of a temporary restraining order and temporary injunction.

8. This court has personal jurisdiction herein because the Defendant is a Texas resident and/or routinely engages in or transacts business in the State of Texas with sufficient minimum contacts.

9. Venue is proper in Bell County in this cause pursuant to TEX. CIV. PRAC. & REM. CODE §15.011 et seq., and because this action involves real and personal property which is affixed to land that is situated entirely in Bell County, Texas.

## IV.

## FACTUAL ALLEGATIONS

10. On or about May 15, 2008, Plaintiffs purchased the real property and improvements commonly known as 6109 Bridgewood Drive, Killeen, Texas 76549, and legally described to wit:

**Lot 98, Block 03, of BRIDGEWOOD ADDITION PHASE II, an Addition to the City of Killeen, Bell County, Texas, according to the plat thereof recorded in Cabinet D, Slide 106A, 106B, & 106C of the Plat Records, Bell County, Texas.**

which is Plaintiffs' homestead property. **At all relevant and material times hereto, Plaintiffs were and are the fee simple owner of the subject land made the subject of this suit**. (emphasis added). Plaintiffs obtained a loan from DHI Mortgage Company Ltd. ("Original Lender") evidenced by a promissory note in the original principal amount of $168,785.00 and secured by a Deed of Trust of even date to Randall C. Present, Trustee. True and correct copies of the Special Warranty Deed with Vendor's Lien recorded as Instrument No. 00020653 in the Bell County Clerk's office and a true and correct copy of the Deed of Trust recorded as Instrument No.

00020654 in the official real property records of Bell County, Texas is attached hereto marked Exhibit "A" and incorporated herein by reference for all purposes.

11.    Plaintiff Brian Kimber is a retired Veteran, and lost his railroad job as a railroad conductor in January 2009. During the same time, Plaintiff Malinda's work hours were significantly reduced, affecting the total income for the household.

12.    Desperate to stay in their home and make ends meet, Plaintiffs refinanced their loan through Amerigroup Mortgage Corporation a Division of Mortgage Investors Corporation ("Second Lender") evidenced by a promissory note in the principal amount of $175,950.00 and secured by a Deed of Trust dated May 2, 2009 to Transcontinental Title Company as Trustee. A true and correct copy of the Deed of Trust recorded as Instrument No. 2009-00016066 in the Bell County Clerk's office is attached hereto marked Exhibit "B" and incorporated herein by reference for all purposes.

13.    Plaintiffs made all of their monthly payments on time but began to fall behind some time in 2010. Their note was then transferred to Wells Fargo. Plaintiffs asked if they could complete a loan modification but were denied.

14.    Their note was then transferred to GMAC Mortgage LLC. Plaintiffs requested a loan modification and entered into a Non-Hamp Loan Modification Agreement with GMAC Mortgage LLC. A true and correct copy of the Non-Hamp Loan Modification Agreement recorded as Instrument No. 2011-23668 in the Bell County Clerk's office is attached hereto marked Exhibit "C" and incorporated herein by reference for all purposes.

15.    On August 7, 2012, Plaintiffs filed for a Voluntary Chapter 13 Bankruptcy *pro se* under Case No. 12-11803 in the U.S. Bankruptcy Court, Western District of Texas. Although they had filed for bankruptcy the foreclosure sale of their property occurred. Due to the Plaintiffs filing

for bankruptcy, they were able to get the property back. Unfortunately, due to Plaintiffs not having legal training, knowledge or experience, Plaintiffs were unable to navigate through the bankruptcy court and their Chapter 13 case was dismissed on September 10, 2012. A true and correct copy of the Docket Report for Plaintiffs' Chapter 13 case is attached hereto marked Exhibit "D" and incorporated herein by reference for all purposes.

16.     On October 8, 2012, Plaintiffs filed for a second Chapter 13 Bankruptcy through a bankruptcy attorney under Case No. 12-61074 in the U.S. Bankruptcy Court, Western District, Waco Division of Texas. A true and correct copy of the Docket Report for Plaintiffs' Chapter 13 Bankruptcy is attached hereto marked Exhibit "E" and incorporated herein by reference for all purposes.

17.     On November 20, 2012, Plaintiffs filed an Adversary Proceeding under Case No. 12-06040 in the U.S. Bankruptcy Court, Western District, Waco Division of Texas. A true and correct copy of the Docket Report is attached hereto marked Exhibit "F" and incorporated herein by reference for all purposes.

18.     On March 23, 2013, Plaintiffs' Chapter 13 plan was confirmed.

19.     During the course of Plaintiffs' bankruptcy, on May 10, 2013, Plaintiff's note was transferred to Ocwen Loan Servicing, LLC.

20.     On November 21, 2014, Plaintiff Brian was involved in a major motor vehicle accident where Plaintiff Brian was hit by an 18 wheeler and sustained serious injuries.

21.     On or about 2015, Plaintiff Brian was granted disability and social security disability insurance due to the traumatic life altering injuries he sustained from the motor vehicle accident he was involved in 2014.

22.     Plaintiffs continuously made payments through their Chapter 13 plan. Some time

in 2017, Plaintiffs received notice that PHH was their new servicer. Plaintiffs fought to get a total accounting from Defendant PHH to understand why their arrears was so high. Defendants were unwilling to work with Plaintiffs and never provided them with the requested accounting. It is important to note that the loan had been transferred NUMOROUS times in this period. These transfers included servicer OCWEN, who themselves was in a bankruptcy. Each time the loan balance would adjust upward and the proof of applied payments would not be provided.

23.      Some time in 2018, Plaintiffs had water damage occur in the subject property. Plaintiffs filed a Home Owner Claim with their insurance company, USAA. USAA issued two checks in the amounts of $9,825.00 and $2,800.00, a total of $12,625.00. Plaintiffs' hired contractors to do the repairs on the property. PHH only released the $2,800.00 check and has not released the check of $9,825.00.

24.      On or about 2019, Plaintiffs inquired about a forbearance. They received no help regarding a forbearance on the loan. Again, this is contrary to the CFPB regulations regarding COVID related forbearance programs for federally backed loans and Disabled veterans.

25.      On February 24, 2020, Plaintiffs' Chapter 13 bankruptcy was discharged. **Plaintiffs' paid off their Mortgage arrearage in the amount of $15,064.45** (emphasis added). A true and correct copy of the Chapter 13 Standing Trustee's Final Report and Account is attached hereto marked Exhibit "G" and incorporated herein by reference for all purposes.

26.      After their bankruptcy was discharged, Plaintiffs made two mortgage payments to Defendant PHH. The mortgage payments were returned to Plaintiffs. Plaintiffs tried to reach out to Defendant PHH and inquire as to why but did not receive any information.

27.      Desperate to keep their family in their home, Plaintiff Brian retained a foreclosure defense attorney and filed a Petition for Declaratory Judgment and Application for Temporary

Restraining Order and Injunctive Relief under Cause No. 316038 in the 146th Judicial District Court of Bell County, Texas. The Case was nonsuited and disposed in mid-March of 2020. A true and correct copy of the Case Information is attached hereto marked Exhibit "H" and incorporated herein by reference for all purposes.

28.     Plaintiffs continuously tried to work with Defendant PHH and requested a loan modification but were denied. They once again requested an accounting from PHH but were never provided with one.

29.     Some time in October of 2021, Plaintiffs received a Notice of Substitute Trustee Sale informing them their house was up for foreclosure and the sale will occur on November 2, 2021. Plaintiffs never received a Notice of Default and Opportunity to Cure. A true and correct copy of the Notice of Substitute Trustee Sale is attached hereto marked Exhibit "I" and incorporated herein by reference for all purposes.

## V.

### FIRST CAUSE OF ACTION – APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

30.     Plaintiffs hereby incorporates by reference and realleges all material allegations of fact set forth in Section IV above as if fully set forth herein.

31.     Pursuant to Rule 680 of the Texas Rules of Civil Procedure, Plaintiffs hereby seek immediate relief in the form of a Temporary Restraining Order wherein this Court orders, retrains and prohibits the Defendant, and/or any of its agents, employees, attorneys, trustees, substitute trustees, successors and/or assigns, from foreclosing upon Plaintiffs' homestead property for a period of at least fourteen (14) days until a temporary injunction hearing is held by this Court concerning whether Plaintiffs have a probable right of recovery for their various claims and causes

of action pleaded herein. There presently exists an imminent threat of irreparable harm to Plaintiffs in the form of the Defendant's, and/or its agents, employees, attorneys, trustees, substitute trustees, successors, and/or assigns stated threat and intent to complete a foreclosure sale and divest Plaintiffs of their fee simple title and ownership interest in and to their homestead property, unless this Court immediately restrains such acts or conduct as requested herein.

32.      Moreover, after issuance of a temporary restraining order, and upon notice and a hearing as required by law, Plaintiffs further seek entry of a Temporary Injunction to maintain the status quo and prohibit the Defendants, and/or any of its agents, employees, attorneys, trustees, substitute trustees, successors and/or assigns, from foreclosing or attempting to foreclose on Plaintiffs' homestead property until the merits of Plaintiffs' various claims and causes of action as pleaded herein can be fairly and fully adjudicated.

**VI.**

**<u>SECOND CAUSE OF ACTION –</u>**
**<u>BREACH OF CONTRACT AND FAILURE OF CONDITION PRECEDENT</u>**

33.      Plaintiffs hereby incorporates by reference and realleges all material allegations of fact set forth in Section IV and V above as if fully set forth herein.

34.      The acts, conduct, or omissions of the Defendant as described herein, *supra*, also constitute a material breach of the Deed of Trust contract, and a failure of condition precedent as to their attempted acceleration of Plaintiffs' loan and/or posting of Plaintiffs' homestead property for foreclosure sale, which material breach is the proximate cause of the actual damages sustained and incurred by Plaintiffs in excess of the minimum jurisdictional limits of this Court.

35.      Specifically, since at no point has the Defendant ever provided Plaintiffs with any Notice of Default and Opportunity to Cure notice as expressly required in the Deed of Trust and/or Texas Property Code, all such acts, conduct and/or omissions constitute material breach of contract

and failure of condition precedent that must occur before the power of sale provisions in the Deed of Trust can be exercised, and is a producing cause of the actual damages sustained and incurred by Plaintiffs in excess of the minimum jurisdictional limits of this Court.

## VII.

### THIRD CAUSE OF ACTION -
### VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

36.     Plaintiffs hereby incorporates by reference and realleges all material allegations of act set forth in Sections IV, V, and VI above as if fully set forth herein.

37.     In addition, the acts, conduct and/or omissions of the Defendants, who at all times was acting as "mortgage servicer" of Plaintiffs' loan, of failing to provide Plaintiffs with the required Notice of Default and Opportunity to Cure notice as expressly required under the terms of the Deed of Trust, and/or the specific amount of the debt that was in default and the time period to cure said default under said notice, and instead proceeded to accelerate the loan maturity and post Plaintiffs' property for foreclosure sale each also constitute violations of the Texas Debt Collection Act, TEX. FIN. CODE §392.001 et seq., and is a producing cause of the actual damages sustained and incurred by Plaintiff in excess of the minimum jurisdictional limits of this Court.

38.     Specifically, the Defendant's acts, conduct or omissions as described herein, *supra*, constitute violations of the following provisions of the TDCA: § 392.301(a)(7)-*threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper court proceedings*; and § 392.301(a)(8)-*threatening to take an action prohibited by law;* and further § 392.304(a)(8) – *misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer's debt status in a judicial or governmental proceeding*; and § 392.304(a)(19) – *using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer* and which violations are a producing

cause of the actual damages sustained and incurred by Plaintiffs in excess of the minimum jurisdictional limits of this Court.

39.     As each of the acts, conduct and/or omissions of the Defendant Ocwen and Defendant PHH as described herein that constitute violations of the Texas Debt Collection Act were committed intentionally, knowingly and/or with malice, or a conscious indifference as to the rights of Plaintiffs, Plaintiffs are entitled to and hereby seeks an award of exemplary damages in excess of the minimum jurisdictional limits of this Court.

## VIII.

### FOURTH CAUSE OF ACTION - VIOLATIONS OF RESPA AND REGULATION X OF THE CODE OF FEDERAL REGULATIONS

40.     Plaintiffs hereby incorporate by reference and reallege all material allegations of fact set forth in Sections IV, V, and VI above as if fully set forth herein.

41.     The acts, conduct and/or omissions of the Defendants, which at all material times hereto was acting in its capacity as "mortgagee" and/or "mortgage servicer" of Plaintiffs' Loan also constitute violations of Regulation X of the Code of Federal Regulations established by the Consumer Financial Protection Bureau, 12 C.F.R. §1024.41 et seq., which became effective as of January 10, 2014, because the acts, conduct or omissions of said Defendant, and/or its various agents, representatives or employees as described herein, *supra*, constitute violations this statute, and those statutory violations are a producing cause of the actual damages sustained and incurred by Plaintiffs in excess of the minimum jurisdictional limits of this Court.

42.     Pursuant the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2605(f), Plaintiffs have a private right of action providing for remedies for the claimed breaches of Regulation X, including actual damages, costs, statutory damages and attorney's fees.

43. Plaintiffs' Loan is a "federally related mortgage loan" as that term is defined by 12 C.F.R. §1026.41(e)(4), and the Defendant is subject to these regulations.

44. As each of the acts, conduct and/or omissions of Defendant 21st that constitute violations of RESPA and Regulation X were committed intentionally, knowingly and/or with malice, or a conscious indifference as to the rights of Plaintiffs, Plaintiffs are entitled to and hereby seeks an award of exemplary damages in excess of the minimum jurisdictional limits of this Court.

## IX.

## **EXEMPLARY DAMAGES**

45. Plaintiffs hereby incorporates by reference and realleges all material allegations of fact set forth in Sections IV, V, VI, VII, and VIII above as if fully set forth herein.

46. Plaintiffs would further show that the various acts, conduct and/or omissions of the Defendant as complained of herein were committed knowingly, willfully, intentionally, and with actual awareness, and with the specific and pre-determined intention of enriching said Defendants at the expense of Plaintiffs. In order to punish said Defendants for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiffs also seek recovery from the Defendants for exemplary damages as provided by Section 41.003(a)(1) of the Texas Civil Practice and Remedies Code.

## X.

## **ATTORNEY'S FEES**

47. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiffs herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Section 37.001 et seq. of the Texas Civil Practices and Remedies Code,

(b) TEX. FIN. CODE §392.001 et seq., and (c) RESPA and Regulation X of the Code of Federal Regulations, and (d) common law.

## XI.

## **JURY DEMAND**

48.    Plaintiffs hereby requests that all issues of fact be tried before a jury.

## XII.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs, Brian Kimber and Malinda Kimber, respectfully pray that Defendants PHH Mortgage Corporation and Power Default Services, Inc., its successors and/or assigns, be cited to appear and answer herein, and that Plaintiffs be granted immediate relief in the form of a temporary restraining order and temporary injunction preventing said Defendants, and/or any of its respective agents, employees, attorneys, trustees, substitute trustees, successors and/or assigns from foreclosing upon the deed of trust and/or repossessing the manufactured home from their homestead property described herein until the merits of their various claims and causes of action pleaded herein may be fairly adjudicated; and that upon the final trial of this cause, that judgment be entered in favor of Plaintiffs, and against the Defendants, and/or its successors and/or assigns, for breach of contract and failure of condition precedent, and for violations of the Texas Debt Collection Act, and for violations of RESPA and Regulation X of the Code of Federal Regulations, and for an award of all economic, actual and statutory damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, including exemplary damages, together with pre-judgment and post-judgment interest at the maximum rate allowed by law, and for an award of all attorney's fees and costs of

court incurred, and for such other and further relief, at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**J. GANNON HELSTOWSKI LAW FIRM**

*/s/ John G. Helstowski*
John G. Helstowski
Texas Bar No. 24078653
5209 Heritage Avenue, Suite 510
Colleyville, Texas 76034
Telephone: (817) 382-3125
Facsimile: (817) 382-1799
Email: jgh@jghfirm.com
Attorney for Plaintiffs

## <u>VERIFICATION</u>

STATE OF TEXAS                                   §
                                                 §
COUNTY OF _B e L L_                              §


     "My name is _MALinda Kimber_ I am the Plaintiff named in the attached and foregoing **PLAINTIFF'S ORIGINAL VERIFIED PETITION. I am over the age of 21 years and have never been convicted of a felony or other crime involving moral turpitude. I have personal knowledge of all of the facts set forth in the PLAINTIFF'S ORIGINAL PETITION and hereby state that every factual statement set forth therein is true and correct.**

     **FURTHER AFFIANT SAYETH NOT."**

     **EXECUTED** this _19_ day of _OCT_, 2021.


_____          _Malinda Kimber_
Signature                           Print


     **SUBSCRIBED AND SWORN BEFORE ME** on this _19_th day of _October_, 2021, by Client, to certify which witness my hand and official seal.

_____
Notary Public in and for the State of Texas
_Uwe Lauwe_
Printed Name of Notary Public

My Commission Expires on: _March 23, 2022_

```
UWE LAUWE
My Notary ID #
Expires March 23, 2022
```
(seal)

**VERIFICATION**

STATE OF TEXAS                    §
                                 §
COUNTY OF _Bell_                  §

"My name is _Brian Kimber_ I am the Plaintiff named in the attached and foregoing PLAINTIFF'S ORIGINAL VERIFIED PETITION. I am over the age of 21 years and have never been convicted of a felony or other crime involving moral turpitude. I have personal knowledge of all of the facts set forth in the PLAINTIFF'S ORIGINAL PETITION and hereby state that every factual statement set forth therein is true and correct.

FURTHER AFFIANT SAYETH NOT."

EXECUTED this _19_ day of _OCT_, 2021.

_____          _Brian Kimber_
Signature                        Print

**SUBSCRIBED AND SWORN BEFORE ME** on this _19th_ day of _October_, 2021, by Client, to certify which witness my hand and official seal.

_____
Notary Public in and for the State of Texas

_Uwe Lauwe_
Printed Name of Notary Public

My Commission Expires on: _March 23, 2022_

UWE LAUWE
My Notary ID ▓
Expires March 23, 2022
(seal)

*J. Gannon Helstowski Law Firm P.C.*



RP 05/19/2008

Doc# 00020653

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

CTX GF No. 1029666

### Special Warranty Deed with Vendor's Lien

**DATE:**          May 15, 2008

**GRANTOR:**          CENTEX HOMES, a Nevada General Partnership, by and through its duly authorized officer, the undersigned herein,

**GRANTOR'S MAILING ADDRESS:**          1603 LBJ Freeway, Suite 700, Dallas, Dallas County, Texas 75234

**GRANTEE:**          Brian Finell Kimber and Malinda D. Kimber

**GRANTEE'S MAILING ADDRESS:**          6109 Bridgewood Drive, Killeen, Bell County, Texas 76549

**CONSIDERATION:**          TEN AND NO/100 ($10.00) DOLLARS and other valuable consideration to the undersigned paid by Grantee(s) herein named, the receipt of which is hereby acknowledged, and the further consideration of the execution and delivery by Grantee(s) herein of their one certain promissory note of even date therewith in the original principal sum of *$168,785.00* payable to *DHI Mortgage Company, Ltd.* as therein provided, and containing the usual clauses for acceleration of maturity in the event of default and for attorney's fees. The note is secured by a Vendor's Lien retained in favor of *DHI Mortgage Company, Ltd.* in this Deed and by Deed of Trust, of even date from Grantee(s) to *Randall C. Present*, Trustee;

**PROPERTY:**

Lot 98, Block 03, of BRIDGEWOOD ADDITION PHASE II, an Addition to the City of Killeen, Bell County, Texas, according to the plat thereof recorded in Cabinet D, Slide 106A, 106B, & 106C of the Plat Records, Bell County, Texas.

**RESERVATIONS:**          This conveyance is made subject to any and all easements, restrictions, and mineral reservations affecting said property that are filed for record in the office of the County Clerk of *Bell* County, Texas. Grantees herein assume payment of the 2008 taxes and subsequent years.

Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, grants, sells, and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it to Grantee, Grantee's heirs, executors, administrators, successors, or assigns forever. Grantor hereby binds Grantor and Grantor's heirs, executors, administrators, and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors, and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations

C:\CTC\arh\1029666\May 15, 2008



18
Commerce
Title
Dallas TX



from and exceptions to warranty, *by, through and under Grantor, but not otherwise.*

The vendor's lien against and superior title to the property are retained for the benefit of *DHI Mortgage Company, Ltd.* until said note described is fully paid according to its terms, at which time this deed shall become absolute. The vendor's lien and superior title to this property are hereby transferred and assigned to *DHI Mortgage Company, Ltd.* without recourse on Grantor.

When the context requires, singular nouns and pronouns include the plural.

**CENTEX HOMES, a Nevada General Partnership**

By:     Centex Real Estate Corporation,
        A Nevada corporation,
        Its managing general partner

        By: _____
        Name:   *CARRIE GARRETT*
        Title:  *SALES ACCTG. SUPERVISOR*

**(Corporate Acknowledgment)**

THE STATE OF TEXAS          §

COUNTY OF **Bell**          §

BEFORE ME, the undersigned, a Notary Public in and for said State, on this day personally appeared **CARRIE GARRETT**_____, known to me to be the person and officer whose name is subscribed to the foregoing instrument and acknowledged to me the same was the act of Centex Real Estate Corporation, a Nevada corporation, the managing general partner of CENTEX HOMES, a Nevada general partnership, and that he executed the same as the act of such corporation and partnership for the purposes and consideration therein expressed and in the capacity therein stated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, on this **15** day of May, 2008.

_____
Notary Public, State of Texas

JUSTIN C. HUMPHRIES
Notary Public, State of Texas
My Commission Expires
**DEC. 23, 2010**

Prepared in the Law Office of
WILLIAM K. ROSENBERG

**AFTER RECORDING RETURN DOC. TO:**
Brian Finell Kimber
6109 Bridgewood Drive
Killeen, TX 76549

C:\CTC\arh\1029666\May 15, 2008

**Bell County**
**Shelley Coston**
**County Clerk**
**Belton, Texas 76513**

---

Instrument Number:  2008-00020653
As
Recorded On: May 19, 2008                              Recordings

Parties: CENTEX HOMES                                                    Billable Pages: 2
   To    KIMBER BRIAN FINELL                                          Number of Pages: 3

Comment:

( Parties listed above are for Clerks reference only )

** Examined and Charged as Follows: **

Recordings                          18.00

       Total Recording:            18.00

---

************ **DO NOT REMOVE THIS PAGE IS PART OF THE INSTRUMENT** ************

Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

**File Information:**                                      **Record and Return To:**
   Document Number: 2008-00020653
      Receipt Number: 31641                        COMMERCE TITLE (CTAS LLC)
Recorded Date/Time: May 19, 2008 08:28:16A         1603 LBJ FRWY #500
                                                   ATTN CAROL COOK CENTRAL BSC
       User / Station: H Felipa - Cash Station 1    DALLAS TX 75234

---



I hereby certify that this instrument was filed on the date and time stamped hereon and was duly recorded in the Real Property
Records in Bell County, Texas

Shelley Coston
Bell County Clerk  

Doc# 00020654

RP 05/19/2008



Return To:
DHI Mortgage Company
Post Closing Department
12357 Riata Trace Pkwy.
Suite C150
Austin, TX  78727
000659980 131
Prepared By:

CTX 1029666 ————[Space Above This Line For Recording Data]————————————

# DEED OF TRUST

MIN 100020410001857882

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

**DEFINITIONS**

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) **"Security Instrument"** means this document, which is dated May 15, 2008 ,
together with all Riders to this document.

(B) **"Borrower"** is Brian Finell Kimber and Malinda D. Kimber, husband and wife

Borrower is the grantor under this Security Instrument.

(C) **"Lender"** is DHI MORTGAGE COMPANY LTD

000659980

**TEXAS-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS**          Form 3044  1/01

Wolters Kluwer Financial Services

VMP®-6A(TX) (0704)

Page 1 of 16          Initials: BFK MDK



COMMERCE TITLE COMPANY
ATTN: CAROL COOK
1603 LBJ FREEWAY SUITE 500
DALLAS, TX 75234

Lender is a **Limited Partnership**
organized and existing under the laws of **Texas**
Lender's address is **12357 Riata Trace Pkwy. Suite C150**
**Austin, TX  78727**
Lender includes any holder of the Note who is entitled to receive payments under the Note.

**(D) "Trustee"** is Randall C Present

. Trustee's address is

**12357 Riata Trace Parkway  suite C150, Austin, TX 78727**

**(E) "MERS"** is Mortgage Electronic Registration Systems, Inc.  MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is a beneficiary under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

**(F) "Note"** means the promissory note signed by Borrower and dated **May 15, 2008**
The Note states that Borrower owes Lender one **hundred sixty-eight thousand seven hundred eighty-five and 00/100** **Dollars**
(U.S. $ **168,785.00** ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **June 1, 2038** .

**(G) "Property"** means the property that is described below under the heading "Transfer of Rights in the Property."

**(H) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

**(I) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ 1-4 Family Rider |
| ☒ VA Rider | ☐ Biweekly Payment Rider | ☐ Other(s) [specify] |

**(J) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

**(K) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

**(L) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(M) "Escrow Items"** means those items that are described in Section 3.

**(N) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

Initials: *BKC MB*  000659980

VMP®-6A(TX) (0704)  Page 2 of 16  Form 3044  1/01

**(O) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(P) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(Q) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(R) "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

### TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of Bell :

          [Type of Recording Jurisdiction]             [Name of Recording Jurisdiction]

Lot 98, Block 03, BRIDGEWOOD ADDITION PHASE II, an Addition to the City of Killeen, Bell County, Texas, according to the plat thereof recorded in Cabinet D, Slides 106A, 106B, and 106C, Plat Records, Bell County, Texas.

Parcel ID Number:                          which currently has the address of
6109 Bridgewood Drive                                [Street]
Killeen                           [City], Texas 76549     [Zip Code]
("Property Address"):

    TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this

000659980

VMP ®-6A(TX) (0704)          Page 3 of 16        Initials:        Form 3044  1/01

Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. Application of Payments or Proceeds. Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

000659980

VMP®-6A(TX) (0704)                          Page 4 of 16                   Initials:                  Form 3044   1/01

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any

VMP®-6A(TX) (0704)                          Page 6 of 15                         000659980

Initials: _____

Form 3044  1/01

interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable

attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

**(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.**

000659980

VMP®-6A(TX) (0704)                        Page 8 of 16            Initials: _____    Form 3044   1/01

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. **Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

VMP®-6A(TX) (0704)

Page 9 of 16

Initials:

000659980

Form 3044 1/01



**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually

000659980

Initials: _BFC_

_MOB_

VMP®-6A(TX) (0704)    Page 10 of 16    Form 3044  1/01

received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan

VMP®-6A(TX) (0704)                          Page 14 of 16                    000659980

Initials: _____    Form 3044   1/01

servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.



**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

22. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence. For the purposes of this Section 22, the term "Lender" includes any holder of the Note who is entitled to receive payments under the Note.

If Lender invokes the power of sale, Lender or Trustee shall give notice of the time, place and terms of sale by posting and filing the notice at least 21 days prior to sale as provided by Applicable Law. Lender shall mail a copy of the notice to Borrower in the manner prescribed by Applicable Law. Sale shall be made at public venue. The sale must begin at the time stated in the notice of sale or not later than three hours after that time and between the hours of 10 a.m. and 4 p.m. on the first Tuesday of the month. Borrower authorizes Trustee to sell the property to the highest bidder for cash in one or more parcels and in any order Trustee determines. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying indefeasible title to the Property with covenants of general warranty from Borrower. Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Property is sold pursuant to this Section 22, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

23. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall provide a release of this Security Instrument to Borrower or Borrower's designated agent in accordance with Applicable Law. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. **Substitute Trustee; Trustee Liability.** All rights, remedies and duties of Trustee under this Security Instrument may be exercised or performed by one or more trustees acting alone or together. Lender, at its option and with or without cause, may from time to time, by power of attorney or otherwise, remove or substitute any trustee, add one or more trustees, or appoint a successor trustee to any Trustee without the necessity of any formality other than a designation by Lender in writing. Without any further act or conveyance of the Property the substitute, additional or successor trustee shall become vested with the title, rights, remedies, powers and duties conferred upon Trustee herein and by Applicable Law.

Trustee shall not be liable if acting upon any notice, request, consent, demand, statement or other document believed by Trustee to be correct. Trustee shall not be liable for any act or omission unless such act or omission is willful.

**25. Subrogation.** Any of the proceeds of the Note used to take up outstanding liens against all or any part of the Property have been advanced by Lender at Borrower's request and upon Borrower's representation that such amounts are due and are secured by valid liens against the Property. Lender shall be subrogated to any and all rights, superior titles, liens and equities owned or claimed by any owner or holder of any outstanding liens and debts, regardless of whether said liens or debts are acquired by Lender by assignment or are released by the holder thereof upon payment.

**26. Partial Invalidity.** In the event any portion of the sums intended to be secured by this Security Instrument cannot be lawfully secured hereby, payments in reduction of such sums shall be applied first to those portions not secured hereby.

**27. Purchase Money; Owelty of Partition; Renewal and Extension of Liens Against Homestead Property; Acknowledgment of Cash Advanced, Against Non-Homestead Property. Check box as applicable:**

[X] **Purchase Money.**
The funds advanced to Borrower under the Note were used to pay all or part of the purchase price of the Property. The Note also is primarily secured by the vendor's lien retained in the deed of even date with this Security Instrument conveying the Property to Borrower, which vendor's lien has been assigned to Lender, this Security Instrument being additional security for such vendor's lien.

[ ] **Owelty of Partition.**
The Note represents funds advanced by Lender at the special instance and request of Borrower for the purpose of acquiring the entire fee simple title to the Property and the existence of an owelty of partition imposed against the entirety of the Property by a court order or by a written agreement of the parties to the partition to secure the payment of the Note is expressly acknowledged, confessed and granted.

[ ] **Renewal and Extension of Liens Against Homestead Property.**
The Note is in renewal and extension, but not in extinguishment, of the indebtedness described on the attached Renewal and Extension Exhibit which is incorporated by reference. Lender is expressly subrogated to all rights, liens and remedies securing the original holder of a note evidencing Borrower's indebtedness and the original liens securing the indebtedness are renewed and extended to the date of maturity of the Note in renewal and extension of the indebtedness.

[ ] **Acknowledgment of Cash Advanced Against Non-Homestead Property.**
The Note represents funds advanced to Borrower on this day at Borrower's request and Borrower acknowledges receipt of such funds. Borrower states that Borrower does not now and does not intend ever to reside on, use in any manner, or claim the Property secured by this Security Instrument as a business or residential homestead. Borrower disclaims all homestead rights, interests and exemptions related to the Property.

**28. Loan Not a Home Equity Loan. The Loan evidenced by the Note is not an extension of credit as defined by Section 50(a)(6) or Section 50(a)(7), Article XVI, of the Texas Constitution. If the Property is used as Borrower's residence, then Borrower agrees that Borrower will receive no cash from the Loan evidenced by the Note and that any advances not necessary to purchase the Property, extinguish an owelty lien, complete construction, or renew and extend a prior lien against the**



000659980

Initials _EKC_  _NDk_   Form 3044  1/01

VMP®-6A(TX) (0704)                    Page 14 of 16

Property, will be used to reduce the balance evidenced by the Note or such Loan will be modified to evidence the correct Loan balance, at Lender's option. Borrower agrees to execute any documentation necessary to comply with this Section 28.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____    _____ (Seal)
                              Brian Finell Kimber        -Borrower


_____    _____ (Seal)
                              Malinda D. Kimber          -Borrower


_____ (Seal)     _____ (Seal)
                 -Borrower                              -Borrower


_____ (Seal)     _____ (Seal)
                 -Borrower                              -Borrower


_____ (Seal)     _____ (Seal)
                 -Borrower                              -Borrower


000659980

**STATE OF TEXAS**
County of Bell

Before me *THE UNDERSIGNED NOTARY*                    on this day personally appeared
Brian Finell Kimber & Malinda D. Kimber

known to me (or proved to me on the oath of *OFFICE*
or through *PHOTO  ID*                          ) to be the person whose name is subscribed to the
foregoing instrument and acknowledged to me that he/she/they executed the same for the purposes and
consideration therein expressed.

Given under my hand and seal of office this     *15*     day of   *MAY, 2008*

(Seal)



Justin C. Humphries
Notary Public

My Commission Expires:  12|23|2010

VMP®-6A(TX) (0704)                    Page 16 of 16                    Initials: *bfk*  *mdk*                    000659980
                                                                                                              Form 3044  1/01

## VA GUARANTEED LOAN AND ASSUMPTION POLICY RIDER

# NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

THIS VA GUARANTEED LOAN AND ASSUMPTION POLICY RIDER is made this 15th day of May, 2008                        , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Deed to Secure Debt (herein "Security Instrument") dated of even date herewith, given by the undersigned (herein "Borrower") to secure Borrower's Note to DHI MORTGAGE COMPANY LTD

(herein "Lender") and covering the Property described in the Security Instrument and located at 6109 Bridgewood Drive, Killeen, TX 76549

### [Property Address]

VA GUARANTEED LOAN COVENANT: In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

If the indebtedness secured hereby be guaranteed or insured under Title 38, United States Code, such Title and Regulations issued thereunder and in effect on the date hereof shall govern the rights, duties and liabilities of Borrower and Lender. Any provisions of the Security Instrument or other instruments executed in connection with said indebtedness which are inconsistent with said Title or Regulations, including, but not limited to, the provision for payment of any sum in connection with prepayment of the secured indebtedness and the provision that the Lender may accelerate payment of the secured indebtedness pursuant to Covenant 18 of the Security Instrument, are hereby amended or negated to the extent necessary to conform such instruments to said Title or Regulations.

MF

000659980

**MULTISTATE VA GUARANTEED LOAN AND ASSUMPTION POLICY RIDER**

Wolters Kluwer Financial Services
VMP®-538R (0405).01     10/03
Page 1 of 3     Initials: _____

LATE CHARGE: At Lender's option, Borrower will pay a "late charge" not exceeding four per centum (4%) of the overdue payment when paid more than fifteen (15) days after the due date thereof to cover the extra expense involved in handling delinquent payments, but such "late charge" shall not be payable out of the proceeds of any sale made to satisfy the indebtedness secured hereby, unless such proceeds are sufficient to discharge the entire indebtedness and all proper costs and expenses secured hereby.

GUARANTY: Should the Department of Veterans Affairs fail or refuse to issue its guaranty in full amount within 60 days from the date that this loan would normally become eligible for such guaranty committed upon by the Department of Veterans Affairs under the provisions of Title 38 of the U.S. Code "Veterans Benefits," the Mortgagee may declare the indebtedness hereby secured at once due and payable and may foreclose immediately or may exercise any other rights hereunder or take any other proper action as by law provided.

TRANSFER OF THE PROPERTY: This loan may be declared immediately due and payable upon transfer of the property securing such loan to any transferee, unless the acceptability of the assumption of the loan is established pursuant to Section 3714 of Chapter 37, Title 38, United States Code.

An authorized transfer ("assumption") of the property shall also be subject to additional covenants and agreements as set forth below:

(a) ASSUMPTION FUNDING FEE: A fee equal to one-half of one percent
(            0.500 %) of the balance of this loan as of the date of transfer of the property shall be payable at the time of transfer to the loan holder or its authorized agent, as trustee for the Department of Veterans Affairs. If the assumer fails to pay this fee at the time of transfer, the fee shall constitute an additional debt to that already secured by this instrument, shall bear interest at the rate herein provided, and, at the option of the payee of the indebtedness hereby secured or any transferee thereof, shall be immediately due and payable. This fee is automatically waived if the assumer is exempt under the provisions of 38 U.S.C. 3729 (c).

(b) ASSUMPTION PROCESSING CHARGE: Upon application for approval to allow assumption of this loan, a processing fee may be charged by the loan holder or its authorized agent for determining the creditworthiness of the assumer and subsequently revising the holder's ownership records when an approved transfer is completed. The amount of this charge shall not exceed the maximum established by the Department of Veterans Affairs for a loan to which Section 3714 of Chapter 37, Title 38, United States Code applies.

(c) ASSUMPTION INDEMNITY LIABILITY: If this obligation is assumed, then the assumer hereby agrees to assume all of the obligations of the veteran under the terms of the instruments creating and securing the loan. The assumer further agrees to indemnify the Department of Veterans Affairs to the extent of any claim payment arising from the guaranty or insurance of the indebtedness created by this instrument.

000659980

Initials: _____

VMP®-538R (0405).01          Page 2 of 3

IN WITNESS WHEREOF, Borrower(s) has executed this VA Guaranteed Loan and Assumption Policy Rider.

_____      _____
Brian Finell Kimber          -Borrower   Malinda D. Kimber          -Borrower


_____      _____
                             -Borrower                              -Borrower


_____      _____
                             -Borrower                              -Borrower


_____      _____
                             -Borrower                              -Borrower


VMP®-538R (0405).01          Page 3 of 3                    000659980

**Bell County**
**Shelley Coston**
**County Clerk**
**Belton, Texas 76513**

---

Instrument Number: **2009-00016066**
As
Recorded On: **May 05, 2009**                                      **Recordings14**

Parties: **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS IN**          **Billable Pages: 1**
To        **KYLE AMY L**                                          **Number of Pages: 2**

Comment:

( Parties listed above are for Clerks reference only )

---

** Examined and Charged as Follows: **

Recordings14                    14.00
      **Total Recording:**      **14.00**

---

*********** **DO NOT REMOVE THIS PAGE IS PART OF THE INSTRUMENT** ***********

Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

**File Information:**                                  **Record and Return To:**
    Document Number: 2009-00016066
    Receipt Number: 50995                            WELLS FARGO HOME IMPROVEMENT
    Recorded Date/Time: May 05, 2009 10:25:13A       MAC X9400-L1C
                                                     P O BOX 245018
    User / Station: A Tammy - Indexing Station 1     MILWAUKEE WI 53224-9920

---



I hereby certify that this instrument was filed on the date and time stamped hereon and was duly recorded in the Real Property
Records in Bell County, Texas

Shelley Coston
Bell County Clerk



Doc# 00017147

After Recording Return To:
AMERIGROUP MORTGAGE CORPORATION A DIVISION OF MORTGAGE INVESTORS CORPORATION
6090 CENTRAL AVENUE
ST. PETERSBURG, FLORIDA 33707
Loan Number: ▮▮▮▮▮▮▮
Case Number: 494961080917

*Prepared by*
*Ellen Mefford of Amerigroup*

**RETURN TO:**
TRANSCONTINENTAL TITLE CO.
RECORDING DIVISION
2605 ENTERPRISE ROAD STE#200
CLEARWATER, FL 33759-9173



-------------------- [Space Above This Line For Recording Data] --------------------

mic-574963-20

## DEED OF TRUST

# THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

**MIN:** ▮▮▮▮▮▮▮▮▮▮

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

**DEFINITIONS**

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 10, 12, 17, 19 and 20. Certain rules regarding the usage of words used in this document are also provided in Section 15.

**(A)** "Security Instrument" means this document, which is dated   MAY 2, 2009                  , together with all Riders to this document.
**(B)** "Borrower" is   BRIAN FINELL KIMBER AND MALINDA D KIMBER, HUSBAND AND WIFE

Borrower is the grantor under this Security Instrument.

RP 05/19/2009



**(C)** "Lender" is  AMERIGROUP MORTGAGE CORPORATION A DIVISION OF MORTGAGE INVESTORS CORPORATION
Lender is a  An Ohio Corporation                                                                organized
and existing under the laws of  OHIO
Lender's address is  6090 CENTRAL AVENUE, ST. PETERSBURG, FLORIDA 33707

**(D)** "Trustee" is TransContinental Title Company National Retail

Trustee's address is  2605 Enterprise Road East, Suite 200, Clearwater, Florida 33759

**(E)** "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns.  MERS is the beneficiary under this Security Instrument.  MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

**(F)** "Note" means the promissory note signed by Borrower and dated  MAY 2, 2009
The Note states that Borrower owes Lender  ONE HUNDRED SEVENTY-FIVE THOUSAND NINE HUNDRED FIFTY AND 00/100                    Dollars (U.S. $ 175,950.00              )
plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than  JUNE 1, 2039            .

**(G)** "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

**(H)** "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

**(I)** "Riders" means all Riders to this Security Instrument that are executed by Borrower.  The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider        ☐ Planned Unit Development Rider
☐ Balloon Rider                ☐ Biweekly Payment Rider
☐ 1-4 Family Rider             ☐ Second Home Rider
☐ Condominium Rider            ☒ Other(s) [specify]
                                 ASSUMPTION RIDER, RENEWAL EXTENSION EXHIBIT

**(J)** "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

**(K)** "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

**(L)** "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account.  Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(M)** "Escrow Items" means those items that are described in Section 3.

**(N)** "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

## TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the

|  | COUNTY | of | BELL | : |
| | [Type of Recording Jurisdiction] | | [Name of Recording Jurisdiction] | |

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A".
A.P.N.: 383576

which currently has the address of                6109 BRIDGEWOOD DRIVE
                                                                    [Street]
                    KILLEEN              . Texas      76549          ("Property Address"):
                     [City]                         [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 14. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; and (c) premiums for any and all insurance required by Lender under Section 5. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may

only be in writing.  In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require.  Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9.  If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount.  Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 14 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA.  Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank.  Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA.  Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge.  Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds.  Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds.  Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA.  If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments.  If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4.  **Charges; Liens.**  Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any.  To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument.  If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien.  Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5.  **Property Insurance.**  Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance.  This insurance shall be

maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 21 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. Occupancy. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's

principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7.  **Preservation, Maintenance and Protection of the Property; Inspections.**  Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property.  Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition.  Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage.  If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes.  Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed.  If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property.  If it has reasonable cause, Lender may inspect the interior of the improvements on the Property.  Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8.  **Borrower's Loan Application.**  Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan.  Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9.  **Protection of Lender's Interest in the Property and Rights Under this Security Instrument.**  If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property.  Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding.  Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off.  Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so.  It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument.  These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. Borrower shall not surrender the leasehold estate and interests herein conveyed or terminate or cancel the ground lease. Borrower shall not, without the express written consent of Lender, alter or amend the ground lease.  If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10.  **Assignment of Miscellaneous Proceeds; Forfeiture.**  All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened.  During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an

opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

11. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

12. **Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage,

grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 17, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 19) and benefit the successors and assigns of Lender.

**13. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**14. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**15. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**16. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**17. Transfer of the Property; Acceleration; Assumption.** This loan may be declared immediately due and payable upon transfer of the property securing such loan to any transferee, unless the acceptability of the

assumption of the loan is established pursuant to Section 3714 of Chapter 37, Title 38, United States Code. The acceptability of any assumption shall also be subject to the following additional provisions:

    (a)    Funding Fee: A fee equal to one-half of 1 percent of the balance of this loan as of the date of transfer of the property shall be payable at the time of transfer to the loan holder or its authorized agent, as trustee for the Department of Veterans Affairs. If the assumer fails to pay this fee at the time of transfer, the fee shall constitute an additional debt to that already secured by this instrument, shall bear interest at the rate herein provided, and at the option of the payee of the indebtedness hereby secured or any transferee thereof, shall be immediately due and payable. This fee is automatically waived if the assumer is exempt under the provisions of 38 U.S.C. 3729(c).

    (b)    Processing Charge: Upon application for approval to allow assumption of this loan, a processing fee may be charged by the loan holder or its authorized agent for determining the creditworthiness of the assumer and subsequently revising the holder's ownership records when an approved transfer is completed. The amount of this charge shall not exceed the maximum established by the Department of Veterans Affairs for a loan to which Section 3714 of Chapter 37, Title 38, United States Code applies.

    (c)    Indemnity Liability Assumption: If this obligation is assumed, then the assumer hereby agrees to assume all of the obligations of the veteran under the terms of the instruments creating and securing the loan. The assumer further agrees to indemnify the Department of Veterans Affairs to the extent of any claim payment arising from the guaranty or insurance of the indebtedness created by this instrument.

If the acceptability of the assumption of this loan is not established for any reason, and Lender exercises its option to declare all sums secured by this Security Instrument immediately due and payable, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 14 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

    18.  Borrower's Right to Reinstate After Acceleration. If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 17.

    19.  Sale of Note; Change of Loan Servicer; Notice of Grievance. The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other

information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 14) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 21 and the notice of acceleration given to Borrower pursuant to Section 17 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 19.

20. Hazardous Substances. As used in this Section 20: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

21. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 17 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate

payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law.  Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 21, including, but not limited to, reasonable attorneys' fees and costs of title evidence.  For the purposes of this Section 21, the term "Lender" includes any holder of the Note who is entitled to receive payments under the Note.

If Lender invokes the power of sale, Lender or Trustee shall give notice of the time, place and terms of sale by posting and filing the notice at least 21 days prior to sale as provided by Applicable Law.  Lender shall mail a copy of the notice to Borrower in the manner prescribed by Applicable Law.  Sale shall be made at public vendue.  The sale must begin at the time stated in the notice of sale or not later than three hours after that time and between the hours of 10 a.m. and 4 p.m. on the first Tuesday of the month.  Borrower authorizes Trustee to sell the Property to the highest bidder for cash in one or more parcels and in any order Trustee determines.  Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying indefeasible title to the Property with covenants of general warranty from Borrower.  Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands.  The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein.  Trustee shall apply the proceeds of the sale in the following order:  (a) to all expenses of the sale, including,  but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Property is sold pursuant to this Section 21, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale.  If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

22.  Release.  Upon payment of all sums secured by this Security Instrument, Lender shall provide a release of this Security Instrument to Borrower or Borrower's designated agent in accordance with Applicable Law.  Borrower shall pay any recordation costs.  Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

23.  Substitute Trustee; Trustee Liability.  All rights, remedies and duties of Trustee under this Security Instrument may be exercised or performed by one or more trustees acting alone or together.  Lender, at its option and with or without cause, may from time to time, by power of attorney or otherwise, remove or substitute any trustee, add one or more trustees, or appoint a successor trustee to any Trustee without the necessity of any formality other than a designation by Lender in writing.  Without any further act or conveyance of the Property the substitute, additional or successor trustee shall become vested with the title, rights, remedies, powers and duties conferred upon Trustee herein and by Applicable Law.

Trustee shall not be liable if acting upon any notice, request, consent, demand, statement or other document believed by Trustee to be correct.  Trustee shall not be liable for any act or omission unless such act or omission is willful.

24.  Subrogation.  Any of the proceeds of the Note used to take up outstanding liens against all or any part of the Property have been advanced by Lender at Borrower's request and upon Borrower's representation that such amounts are due and are secured by valid liens against the Property.  Lender shall be subrogated to any and all rights, superior titles, liens and equities owned or claimed by any owner or holder of any outstanding liens and debts, regardless of whether said liens or debts are acquired by Lender by assignment or are released by the holder thereof upon payment.

25.  Partial Invalidity.  In the event any portion of the sums intended to be secured by this Security Instrument cannot be lawfully secured hereby, payments in reduction of such sums shall be applied first to those portions not secured hereby.

**26. Purchase Money; Owelty of Partition; Renewal and Extension of Liens Against Homestead Property; Acknowledgment of Cash Advanced Against Non-Homestead Property.**
**Check box as applicable:**

☐   **Purchase Money.**
The funds advanced to Borrower under the Note were used to pay all or part of the purchase price of the Property.  The Note also is primarily secured by the vendor's lien retained in the deed of even date with this Security Instrument conveying the Property to Borrower, which vendor's lien has been assigned to Lender, this Security Instrument being additional security for such vendor's lien.

☐   **Owelty of Partition.**
The Note represents funds advanced by Lender at the special instance and request of Borrower for the purpose of acquiring the entire fee simple title to the Property and the existence of an owelty of partition imposed against the entirety of the Property by a court order or by a written agreement of the parties to the partition to secure the payment of the Note is expressly acknowledged, confessed and granted.

☒   **Renewal and Extension of Liens Against Homestead Property.**
The Note is in renewal and extension, but not in extinguishment, of the indebtedness described on the attached Renewal and Extension Exhibit which is incorporated by reference.  Lender is expressly subrogated to all rights, liens and remedies securing the original holder of a note evidencing Borrower's indebtedness and the original liens securing the indebtedness are renewed and extended to the date of maturity of the Note in renewal and extension of the indebtedness.

☐   **Acknowledgment of Cash Advanced Against Non-Homestead Property.**
The Note represents funds advanced to Borrower on this day at Borrower's request and Borrower acknowledges receipt of such funds.  Borrower states that Borrower does not now and does not intend ever to reside on, use in any manner, or claim the Property secured by this Security Instrument as a business or residential homestead.  Borrower disclaims all homestead rights, interests and exemptions related to the Property.

**27. Loan Not a Home Equity Loan.  The Loan evidenced by the Note is not an extension of credit as defined by Section 50(a)(6) or Section 50(a)(7), Article XVI, of the Texas Constitution.  If the Property is used as Borrower's residence, then Borrower agrees that Borrower will receive no cash from the Loan evidenced by the Note and that any advances not necessary to purchase the Property, extinguish an owelty lien, complete construction, or renew and extend a prior lien against the Property, will be used to reduce the balance evidenced by the Note or such Loan will be modified to evidence the correct Loan balance, at Lender's option.  Borrower agrees to execute any documentation necessary to comply with this Section 27.**

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

## NOTICE TO BORROWER

Department of Veterans Affairs regulations at 38 C.F.R. 36.4334 provide as follows:

"Regulations issued under 38 U.S.C. Chapter 37 and in effect on the date of any loan which is submitted and accepted or approved for a guaranty or for insurance thereunder, shall govern the rights, duties, and liabilities of the parties to such loan and any provisions of the loan instruments inconsistent with such regulations are hereby amended and supplemented to conform thereto."

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.


_____ (Seal)
BRIAN FINELL KIMBER          -Borrower

_____ (Seal)
MALINDA D KIMBER          -Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower


Witness:                                    Witness:


_____           _____

---------------------------- [Space Below This Line For Acknowledgment] ----------------------------

The State of Texas

County of _Bell_

  Before me, _Frankie Ann White_ .

on this day personally appeared __BRIAN FINELL KIMBER AND MALINDA D KIMBER__

_____

_____ ,

known to me (or proved to me on the oath of _____

or through _Texas Drivers License_ )
to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he/she executed
the same for the purposes and consideration therein expressed.

  Given under my hand and seal of office this __2__ day of __May 2009__ .


                                    _Frankie Ann White_
                                    Notary Public Signature
                                    Frankie Ann White

                                    My commission expires: _06-18-2009_

FRANKIE ANN WHITE
My Commission Expires
June 18, 2011

Loan Number: ██████████

# RENEWAL AND EXTENSION EXHIBIT

THIS RENEWAL AND EXTENSION EXHIBIT is made this 2nd    day of MAY,  2009
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed
(the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note
to AMERIGROUP MORTGAGE CORPORATION A DIVISION OF MORTGAGE
INVESTORS CORPORATION
(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

6109 BRIDGEWOOD DRIVE, KILLEEN, TEXAS 76549
[Property Address]

The Note secured hereby is in renewal and extension but not in extinguishment of that indebtedness, whether one
or more, described as follows:

**a. VENDORS LIEN EXECUTED BY BRIAN FINELL KIMBER AND MALINDA D. KIMBER WITHIN DEED FROM CENTEX
HOMES RECORDED 05/19/2008 IN DOCUMENT NO. 2008-00020653, SECURED BY DEED OF TRUST FROM BRIAN
FINELL KIMBER AND MALINDA D. KIMBER TO RANDALL C. PRESENT, TRUSTEE(S) FOR DHI MORTGAGE
COMPANY LTD, DATED 05/15/2008, RECORDED 05/19/2008, IN DOCUMENT NO. 2008-00020654, IN THE AMOUNT OF
$168,785.00.**

THE LENDER HEREBY SECURED IS EXPRESSLY SUBROGATED TO ALL RIGHTS, LIENS, EQUITIES
AND REMEDIES SECURING THE ORIGINAL HOLDER(S) OF SAID DEBT(S) AND THE ORIGINAL LIEN(S)
SECURING THE SAME ARE HEREBY RENEWED AND EXTENDED TO THE DATE OF MATURITY OF THE
INDEBTEDNESS HEREBY SECURED IN RENEWAL AND EXTENSION THEREOF.  IN THE EVENT ANY
PORTION OF THE SUMS INTENDED TO BE SECURED BY THE SECURITY INSTRUMENT CANNOT BE
LAWFULLY SECURED THEREBY, PAYMENTS IN REDUCTION OF SUCH SUMS SHALL BE APPLIED
FIRST TO THOSE PORTIONS NOT SECURED THEREBY.  BORROWER(S) ACKNOWLEDGE(S) THAT THE
LIEN(S) SECURING THE PRIOR NOTE IS VALID, THAT IT SUBSISTS AGAINST THE PROPERTY, AND
THAT BY THIS INSTRUMENT IT IS RENEWED AND EXTENDED IN FULL FORCE UNTIL THE NOTE IS
PAID, EVEN THOUGH THE PRIOR LIEN(S) IS/ARE RELEASED AND NOT ASSIGNED TO LENDER.


_____ (Seal)        _____ (Seal)
BRIAN FINELL KIMBER        -Borrower     MALINDA D KIMBER          -Borrower


_____ (Seal)        _____ (Seal)
                           -Borrower                              -Borrower


_____ (Seal)        _____ (Seal)
                           -Borrower                              -Borrower

TEXAS RENEWAL AND EXTENSION EXHIBIT
05/13/04                              Page 2 of 2                    DocMagic eForms 800-649-1362
                                                                     www.docmagic.com

Loan Number: ████████
Case Number: 494961080917

## VA ASSUMPTION POLICY RIDER

# THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

THIS ASSUMPTION POLICY RIDER is made this    2nd day of   MAY, 2009             ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Deed to Secure Debt ("Instrument") of the same date herewith, given by the undersigned ("Mortgagor") to secure the Mortgagor's Note ("Note") of the same date to   AMERIGROUP MORTGAGE CORPORATION A DIVISION OF MORTGAGE INVESTORS CORPORATION ("Mortgagee") and covering the property described in the Instrument and located at:

6109 BRIDGEWOOD DRIVE, KILLEEN, TEXAS 76549

(Property Address)

Notwithstanding anything to the contrary set forth in the Instrument, Mortgagee and Mortgagor hereby acknowledges and agrees to the following:

GUARANTY: Should the Department of Veterans Affairs fail or refuse to issue its guaranty in full amount within 60 days from the date that this loan would normally become eligible for such guaranty committed upon by the Department of Veterans Affairs under the provisions of Title 38 of the U.S. Code "Veterans Benefits", the Mortgagee may declare the indebtedness hereby secured at once due and payable and may foreclose immediately or may exercise any other rights hereunder or take any other proper action as by law provided.

TRANSFER OF THE PROPERTY:  If all or any part of the Property or any interest in it is sold or transferred, this loan shall be immediately due and payable upon transfer ("assumption") of the property securing such loan to any transferee ("assumer"), unless the acceptability of the assumption and transfer of this loan is established by the Department of Veterans Affairs or its authorized agent pursuant to section 3714 of Chapter 37, Title 38, United States Code.

An authorized transfer ("assumption") of the property shall also be subject to additional covenants and agreements as set forth below:

**(a) ASSUMPTION FUNDING FEE:** A fee equal to one-half of 1 percent (.50%) of the unpaid principal balance of this loan as of the date of transfer of the property shall be payable at the time of transfer to the mortgagee or its authorized agent, as trustee for the Secretary of Veterans Affairs. If the assumer fails to pay this fee at the time of transfer, the fee shall constitute an additional debt to that already secured by this instrument, shall bear interest at the rate herein provided, and, at the option of the mortgagee of the indebtedness hereby secured or any transferee thereof, shall be immediately due and payable. This fee is automatically waived if the assumer is exempt under the provisions of 38 U.S.C. 3729 (b).

**(b) ASSUMPTION PROCESSING CHARGE:** Upon application for approval to allow assumptions and transfer of this loan, a processing fee may be charged by the mortgagee or its authorized agent for determining the creditworthiness of the assumer and subsequently revising the holder's ownership records when an approved transfer is completed. The amount of this charge shall not exceed the maximum established by the Department of Veterans Affairs for a loan to which section 3714 of Chapter 37, Title 38, United States Code applies.

**(c) ASSUMPTION INDEMNITY LIABILITY:** If this obligation is assumed, then the assumer hereby agrees to assume all of the obligations of the veteran under the terms of the instruments creating and securing the loan, including the obligation of the veteran to indemnify the Department of Veterans Affairs to the extent of any claim payment arising from the guaranty or insurance of the indebtedness created by this instrument.

IN WITNESS WHEREOF, Mortgagor(s) has executed this Assumption Policy Rider.


_____ (Seal)          _____ (Seal)
BRIAN FINELL KIMBER    Mortgagor               MALINDA D KIMBER    Mortgagor


_____ (Seal)          _____ (Seal)
                       Mortgagor                                    Mortgagor


_____ (Seal)          _____ (Seal)
                       Mortgagor                                    Mortgagor

*TRANSCONTINENTAL TITLE*                                                        Page 11 of 12

Commitment for Title Insurance – No.  10-01214125

**EXHIBIT "A"**

LOT 98, BLOCK 3, OF BRIDGEWOOD ADDITION PHASE II, AN ADDITION TO THE CITY OF KILLEEN, BELL COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET D, SLIDE 106A, 106B, & 106C OF THE PLAT RECORDS, BELL COUNTY, TEXAS.

IC-23008  BK-UR  VI-7876  Pg-51

When Recorded Return To:
Indecomm Global Services
2925 Country Drive
St. Paul, MN 55117

Record & Return To:
GMAC Mortgage, LLC
Attention: Loss Mitigation
3451 Hammond Avenue
Waterloo, IA 50702
Investor Number:
Custodian ID: AI FC60ට3965908
This document was prepared
by GMAC Mortgage, LLC ————[Space Above This Line For Recorder's Use]————
7726462C

# NON-HAMP LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement") made this June 1, 2011 ("Effective Date")
between  BRIAN FINELL KIMBER    MALINDA D KIMBER ("Borrower") and GMAC Mortgage,
LLC, Lender\Servicer or Agent for Lender\Servicer, Mortgage Electronic Registration Systems, Inc.
(Mortgagee) amends and changes (1) the Mortgage, Deed of Trust, or Deed to Secure Debt (the
"Security Instrument"), dated May 2, 2009 and granted or assigned to Mortgage Electronic Registration
Systems, Inc. as mortgagee of record (solely as nominee for Lender\Servicer or Agent for
Lender\Servicer), P.O Box 2026, Flint, Michigan 48501-2026, (888) 679-MERS, and if applicable,
recorded with Instrument Number in Book and/or Page Number of the real property records of BELL
County, TX and (2) that certain promissory note ("Note") dated May 2, 2009 in the original principal
sum of One Hundred Seventy Five Thousand Nine Hundred Fifty Dollars and No Cents ($ 175,950.00)
executed by Borrower.  Said Security Instrument covers the real and personal property described in such
Security Instrument (the "Property") located at 6109 BRIDGEWOOD DRIVE    KILLEEN TX 76549,
which real property is more particularly described as follows:

Doc# 00017147    05113132009
( Legal Description if Applicable for Recording Only )

Borrower acknowledges that "Lender" is the legal holder and the owner, or agent\servicer for the
legal holder and owner, of the Note and Security Instrument and further acknowledges that if "Lender"
transfers the Note, as amended by this Agreement, the transferee shall be the "Lender" as defined in this
Agreement



EXHIBIT
C

Borrower has requested, and Lender has agreed, to extend or rearrange the time and manner of payment of the Note and to extend and carry forward the lien(s) on the Property whether or not created by the Security Instrument.

Now, therefore, in consideration of the mutual promises and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1.  Borrower acknowledges that as of the Effective Date, the amount payable under the Note and Security Instrument (New Principal Balance) is One Hundred Seventy Two Thousand One Hundred Eight Dollars and Forty Seven Cents ($ 172,108.47).

2.  The Maturity Date is June 1, 2041.

3.  Borrower hereby renews and extends such indebtedness and promises to pay jointly and severally to the order of Lender the Principal Balance, consisting of the amount(s) loaned to Borrower by Lender and any accrued but unpaid interest capitalized to date as applicable, along with any other amounts that may come due under the terms of the original Note and Security Instrument

4.  Interest will be charged on the unpaid, non-deferred, 'New Principal Balance" until the non-deferred principal has been paid in full. Borrower promises to pay interest at the rate of 4.25000% from June 1, 2011 until I payoff my loan at the time when I sell or transfer any interest in my home, refinance the loan, or when the last scheduled payment is due. The rate of interest I pay will change based upon Payment Schedule below.

5.  Borrower promises to make monthly principal and interest payments of $846.67, beginning on July 1, 2011, and continuing thereafter on the same day of each succeeding month, until all principal and interest is paid in full. The amounts indicated in this paragraph do not include any required escrow payments for items such as hazard insurance or property taxes; if such escrow payments are required the monthly payments will be higher and may change as the amounts required for escrow items change.

6.  If on June 1, 2041 (the "Maturity Date"), Borrower still owes any amounts under the Note and Security Instrument, including any "Deferred Principal Balance " as provided for in this Agreement, Borrower will pay these amounts in full on that date. Borrower will make such payments at 3451 Hammond Avenue, Waterloo, Iowa, 50702 or at such other place as Lender may require.

7.  If "Lender" has not received the full amount of any monthly payment within the grace period provided for in the original Note or as otherwise provided for by law, Borrower will pay a late payment fee to "Lender" in an amount calculated based on the late charge percentage provided for in the original Note, or as otherwise provided for by law, and the monthly payment required under this Agreement, with a maximum as provided for in the Note, or otherwise provided by law. Borrower will pay this late charge promptly but only once on each late payment. The late charge is not in lieu of any other remedy of Lender, including any default remedy.

8.   It is the intention of the parties that all liens and security interests described in the Security
     Instrument are hereby renewed and extended (if the Maturity Date of the original Note has been
     changed) until the indebtedness evidenced by the Note and this Agreement has been fully paid.
     Lender and Borrower acknowledge and agree that such renewal, amendment, modification,
     rearrangement or extension (if applicable) shall in no manner affect or impair the Note or liens and
     security interests securing same, the purpose of this Agreement being simply to modify, amend
     rearrange or extend (if applicable) the time and the manner of payment of the Note and
     indebtedness evidenced thereby, and to carry forward all liens and security interests securing the
     Note, which are expressly acknowledged by Borrower to be valid and subsisting, and in full force
     and effect so as to fully secure the payment of the Note.

9.   If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a
     natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior
     written consent, Lender may, at its option, require immediate payment in full of all sums secured
     by the Security Instrument. However, this option shall not be exercised by Lender if such exercise
     is prohibited by applicable law. If Lender exercises this option, Lender shall give Borrower notice
     of acceleration. The notice shall provide a period of not less than 30 days from the date the notice
     is delivered or mailed within which Borrower must pay all sums secured by this Security
     Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may
     invoke any remedies permitted by the Security Instrument without further notice or demand on
     Borrower. For purposes of this paragraph, "interest in the Property" means any legal or beneficial
     interest in the Property, including, but not limited to, those beneficial interests transferred in a bond
     for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is
     transfer of title by Borrower at a future date to a purchaser.

10.  As amended hereby, the provisions of the Note and Security Instrument shall continue in full force
     and effect, and the Borrower acknowledges and reaffirms Borrower's liability to Lender
     thereunder. In the event of any inconsistency between this Agreement and the terms of the Note
     and Security Instrument, this Agreement shall govern. Nothing in this Agreement shall be
     understood or construed to be a satisfaction or release in whole or in part of the Note and Security
     Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security
     Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with,
     all of the terms and provisions thereof, as amended by this Agreement, including but not limited to,
     in the case of the Borrower, the obligation to pay items such as taxes, insurance premiums or
     escrow items, as applicable. Any default by Borrower in the performance of its obligations herein
     contained shall constitute a default under the Note and Security Instrument, and shall allow Lender
     to exercise all of its remedies set forth in said Security Instrument.

11.  Lender does not, by its execution of this Agreement, waive any rights it may have against any
     person not a party hereto. This Agreement may be executed in multiple counterparts, each of which
     shall constitute an original instrument, but all of which shall constitute one and the same
     Agreement.

     **EACH OF THE BORROWER AND THE LENDER ACKNOWLEDGE THAT NO
     REPRESENTATIONS, AGREEMENTS OR PROMISES WERE MADE BY THE OTHER
     PARTY OR ANY OF ITS REPRESENTATIVES OTHER THAN THOSE
     REPRESENTATIONS, AGREEMENTS OR PROMISES SPECIFICALLY CONTAINED**

HEREIN. THIS AGREEMENT, AND THE NOTE AND SECURITY INSTRUMENT (AS AMENDED HEREBY) SETS FORTH THE ENTIRE UNDERSTANDING BETWEEN THE PARTIES. THERE ARE NO UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

Executed effective as of the day and year first above written.

13 Jun 11
**Date**          **BRIAN FINELL KIMBER**

**Witness**

Print    BRIAN Finell Kimber

13 June 11
**Date**          **MALINDA D KIMBER**

Print    Malinda D Kimber

Print

_____          **Witness**
**Date**

Print

_____          Print
**Date**

Print

**BORROWER ACKNOWLEDGMENT**.
State of _____

County of _____

On _____, before me _____, personally appeared BRIAN FINELL KIMBER  MALINDA D KIMBER  , personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal

**DESTINYELISA C. DUENAS**
**MY COMMISSION EXPIRES**
**November 17, 2012**

**Notary Public**
**My Commission Expires:** NOV. 17, 2012

Mortgage Electronic Registration Systems, Inc as nominee for Lender

By: _____
       Authorized Officer

Date: _____

**LENDER ACKNOWLEDGMENT**

State of      IOWA
County of  Linn

On this ___ day of _____, 20___, before me, the undersigned, a Notary Public in and for said county and state, personally appeared _____ , personally known to me or identified to my satisfaction to be the person who executed the within instrument as Authorized Officer of  Mortgage Electronic Registration Systems, Inc as nominee for Lender and they duly acknowledged that said instrument is the act and deed of said entity, and that they, being authorized to do so, executed and delivered said instrument for the purpose therein contained.

Witness my hand and official seal.

KIM HOFFMAN
COMMISSION NO. 745770
MY COMMISSION EXP. 525
DECEMBER 17, 2013
IOWA

_____
Notary Public

My Commission Expires: _____

.dentifier:0602365908          Doc Type:LEGAL

*TRANSCONTINENTAL TITLE*       .                              Page 11 of 12

Commitment for Title Insurance – No. 10-01214125

EXHIBIT "A"

LOT 98, BLOCK 3, OF BRIDGEWOOD ADDITION PHASE II, AN ADDITION TO THE CITY OF KILLEEN, BELL COUNTY,
TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET D, SLIDE 106A, 106B, & 106C OF THE PLAT
RECORDS, BELL COUNTY, TEXAS.

*U02044924*
5655   7/5/2011   77204528/1

# **** Electronically Filed Document ****

## Bell County, Tx
## Shelley Coston
## County Clerk

---

**Document Number: 2011-23668**

**Recorded As        :  ERX-RECORDINGS**

| | |
|---|---|
| **Recorded On:** | July 13, 2011 |
| **Recorded At:** | 09:55:20 am |
| **Number of Pages:** | 7 |
| **Book-Vl/Pg:** | Bk-OR  Vl-7876  Pg-51 |
| **Recording Fee:** | $31.00 |

**Parties:**

**Direct- KIMBER BRIAN FIELL**

**Indirect- GMAC MORTGAGE LLC**

| | |
|---|---|
| **Receipt Number:** | 110092 |
| **Processed By:** | Melissa Yoder |

(Parties listed above are for Clerks reference only)

---

************ **THIS PAGE IS PART OF THE INSTRUMENT** ************

Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

---



I hereby certify that this instrument was filed on the date and time stamped hereon and was duly recorded in the Real Property
Records in Bell County, Texas

**Shelley Coston**
**Bell County Clerk**          

10/25/21, 9:51 AM                    U.S.B.C. Western District of Texas (LIVE)

**DEBTED, INSTALL, CLOSED**

# U.S. Bankruptcy Court
## Western District of Texas (Austin)
### Bankruptcy Petition #: 12-11803-hcm

*Assigned to:* Bankruptcy Judge H. Christopher Mott
Chapter 13
Voluntary
Asset

*Date filed:* 08/07/2012
*Date terminated:* 11/29/2012
*Debtor dismissed:* 09/10/2012
*341 meeting:* 09/12/2012 3:00 PM

*Debtor disposition:* Dismissed for Failure to File
Information

**Debtor**
**Brian Kimber**
6109 Bridgewood Dr.
Killeen, TX 76549
BELL-TX
254-220-2945
SSN / ITIN: xxx-xx-▬▬

represented by **Brian Kimber**
PRO SE



**Trustee**
**Deborah B. Langehennig**
Chapter 13 Trustee
6201 Guadalupe St.
Austin, TX 78752
(512) 912-0305

| Filing Date | # | Docket Text |
|---|---|---|
| 08/07/2012 | | Statement of Social Security Number (Form 21) Received (Related Document(s): Petition Received Filed By Brian Kimber. -Statement of Social Security Number(s) due by 8/8/2012) (Boyd, Laurie) |
| 08/07/2012 | 1 (15 pgs) | Voluntary Petition under Chapter 13 With Schedule D Only, Without Statements, Filing Fee: $ 281.00 (Benitez, Estella) . |
| 08/07/2012 | 2 (15 pgs) | ***DUPLICATE ENTRY***Voluntary Petition under Chapter 13 With Schedule D Only , Without Statements, Filing Fee: $ 281.00 (Benitez, Estella) Modified on 8/7/2012 (Benitez, Estella). |
| ▬▬▬ | 3 (1 pg) | Certificate of Budget and Credit Counseling-First Debtor filed by Debtor Brian Kimber. (Benitez, Estella) |
| ▬▬▬ | 4 (1 pg) | Application to Pay Filing Fee in Installments filed by Debtor Brian Kimber (Benitez, Estella) |
| 08/07/2012 | 5 (1 pg) | Order Regarding (related document(s): 4 Application to Pay Filing Fee in Installments filed by Debtor Brian Kimber) (Order entered on 8/7/2012) (Benitez, Estella) |

| Date | Doc | Description |
|---|---|---|
| 08/07/2012 | | Receipt of Filing Fee for NOTICING/ADMIN FEE INSTALL (12-11803). Receipt #10081118, $46.00 (Finsys - LB) (Entered: 08/08/2012) |
| 08/07/2012 | | Receipt of Filing Fee for 13 INSTALLMENT (12-11803). Receipt #10081118, $24.25 (Finsys - LB) (Entered: 08/08/2012) |
| 08/08/2012 | 6 (3 pgs) | 341 Meeting of Creditors. First Meeting Set For 9/12/2012 at 3:00 PM at Austin Room 118 Objections to Dischargeability of debt due 11/12/2012- Confirmation Hearing Set For 10/23/2012 at 9:00 AM at Austin Courtroom 2- Proofs of Claim Due 12/11/2012. (Langehennig, Deborah) |
| 08/09/2012 | 7 (3 pgs) | BNC Certificate of Mailing (Related Document(s): 5 Order Regarding (related document(s): 4 Application to Pay Filing Fee in Installments filed by Debtor Brian Kimber) (Order entered on 8/7/2012)) Notice Date 08/09/2012. (Admin.) (Entered: 08/10/2012) |
| 08/11/2012 | 8 (5 pgs) | BNC Certificate of Mailing (Related Document(s): 6 341 Meeting of Creditors. First Meeting Set For 9/12/2012 at 3:00 PM at Austin Room 118 Objections to Dischargeability of debt due 11/12/2012- Confirmation Hearing Set For 10/23/2012 at 9:00 AM at Austin Courtroom 2- Proofs of Claim Due 12/11/2012.) Notice Date 08/11/2012. (Admin.) (Entered: 08/12/2012) |
| 08/23/2012 | 9 (4 pgs) | Notice of Appearance and Request for Service of Notice filed by Anh P. Nguyen for Creditor GMAC Mortgage, LLC. (Nguyen, Anh) |
| 09/10/2012 | 10 (3 pgs; 2 docs) | Order for Summary Dismissal of Case for Failure to File Documents. (Cano, Mary) |
| 09/12/2012 | 11 (4 pgs) | BNC Certificate of Mailing (Related Document(s): 10 Order for Summary Dismissal of Case for Failure to File Documents.) Notice Date 09/12/2012. (Admin.) (Entered: 09/13/2012) |
| 09/12/2012 | 12 (4 pgs) | BNC Certificate of Mailing (Related Document(s): 10 Order for Summary Dismissal of Case for Failure to File Documents.) Notice Date 09/12/2012. (Admin.) (Entered: 09/13/2012) |
| 10/16/2012 | | Receipt of Filing Fee for 13 FINAL INSTALLMENT PYMT (12-11803). Receipt #60031330, $210.75 (Finsys - JH) (Entered: 10/17/2012) |
| 10/19/2012 | | Request for Notice by Recovery Management Systems Corporation. (Singh, Ramesh) |
| 10/30/2012 | 13 (3 pgs) | Trustee's Final Report and Account Chapter 13 Case. (Langehennig, Deborah) |
| 11/02/2012 | 14 (6 pgs) | BNC Certificate of Mailing (Related Document(s): 13 Trustee's Final Report and Account Chapter 13 Case.) Notice Date 11/02/2012. (Admin.) (Entered: 11/03/2012) |
| 11/29/2012 | | Bankruptcy Case Closed (Boyd, Laurie) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/25/2021 09:50:47 | | | |
| **PACER Login:** | ▓▓▓▓▓ | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 12-11803-hcm Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

**CLOSED**



## U.S. Bankruptcy Court
## Western District of Texas (Waco)
### Bankruptcy Petition #: 12-61074-rbk

|  |  |
| --- | --- |
| *Date filed:* | 10/08/2012 |
| *Date terminated:* | 03/05/2020 |
| *Debtor discharged:* | 02/24/2020 |
| *Joint debtor discharged:* | 02/24/2020 |
| *Plan confirmed:* | 03/26/2013 |
| *341 meeting:* | 11/26/2012 |

*Assigned to:* Chief Bkptcy Judge Ronald B. King
Chapter 13
Voluntary
Asset

*Debtor disposition:* Standard Discharge
*Joint debtor disposition:* Standard Discharge

| | |
| --- | --- |
| ***Debtor***<br>**Brian Finell Kimber**<br>6109 Bridgewood Dr.<br>Killeen, TX 76549-5080<br>BELL-TX<br>SSN / ITIN: xxx-xx▮▮▮▮ | represented by **Samantha A. Kehl**<br>The Kehl Law Firm, P.C.<br>2505 Washington Ave., Ste 12<br>Waco, TX 76710<br>254-870-0105<br>Fax : 866-825-8786<br>Email: court@thekehllawfirm.com<br>*TERMINATED: 03/29/2018*<br><br>**Evan M. Simpson**<br>Law Office of Evan Simpson<br>PLLC<br>3925-A South Jack Kultgen<br>Freeway<br>Waco, TX 76706<br>(254) 399-9977<br>Fax : (254) 399-9909<br>Email: evan@hotxlaw.com |
| ***Debtor***<br>**Malinda Denise Kimber**<br>6109 Bridgewood Dr.<br>Killeen, TX 76549-5080<br>BELL-TX<br>SSN / ITIN: xxx-xx-▮▮▮▮ | represented by **Samantha A. Kehl**<br>(See above for address)<br>*TERMINATED: 03/29/2018*<br><br>**Evan M. Simpson**<br>(See above for address) |
| ***Trustee***<br>**G. Ray Hendren**<br>4505 Spicewood Springs Rd<br>Ste. 205<br>Austin, TX 78759<br>(512) 474-6309 | represented by **G Ray Hendren3**<br>3410 Far West Blvd.<br>Ste. 200<br>Austin, TX 78731<br>(512) 474-6309 |

| Filing Date | # | Docket Text |
| --- | --- | --- |
|  |  |  |

| | | |
|---|---|---|
| 10/08/2012 | 1 (82 pgs) | Voluntary Petition under Chapter 13 With Schedules, With Statements, ( Filing Fee: $ 281 ) filed by Brian Finell Kimber, Malinda Denise Kimber. -Declaration for Electronic Filing due by 10/15/2012 (Kehl2, Samantha) |
| 10/08/2012 | 2 (6 pgs) | Chapter 13 Plan filed by Brian Finell Kimber, Malinda Denise Kimber. (Kehl2, Samantha) |
| 10/08/2012 | 3 (1 pg) | Certificate of Budget and Credit Counseling-First Debtor filed by Brian Finell Kimber. (Kehl2, Samantha) Modified on 10/9/2012 (Witt, Jerrie). |
| 10/08/2012 | 4 (1 pg) | Certificate of Budget and Credit Counseling-Second Debtor filed by Malinda Denise Kimber. (Kehl2, Samantha) Modified on 10/9/2012 (Witt, Jerrie). |
| 10/08/2012 | | ICC-Fee Terminated for Voluntary Petition Chapter 13 (csupld)(12-61074) [caseupld,vol13cu] ( 281.00), Amount $ 281.00, Receipt 12234139 (U.S. Treasury) |
| 10/09/2012 | 5 (7 pgs; 2 docs) | Motion for Extension of Stay Pursuant to 362(c)(3)(B) filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Mailing Matrix)(Kehl2, Samantha) |
| 10/09/2012 | 6 (7 pgs; 2 docs) | Motion to Expedite Hearing filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Mailing Matrix) (Kehl2, Samantha) (Related Document(s): 5 Motion for Extension of Stay Pursuant to 362(c)(3)(B) filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Mailing Matrix)) |
| 10/09/2012 | 7 (1 pg) | Certificate of Service filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber. (Kehl2, Samantha) |
| 10/09/2012 | 12 (4 pgs; 2 docs) | **Previous Docket Report for Case Number 12-11803 Filed by Debtor(s) on 8/7/2012** (Related Document(s): 5 Motion for Extension of Stay Pursuant to 362(c)(3)(B) filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Mailing Matrix)) (Attachments: # 1 order dismissing filed 9/10/2012) (Witt, Jerrie) (Entered: 10/10/2012) |
| 10/10/2012 | 8 (3 pgs) | 341 Meeting of Creditors. First Meeting Set For 11/26/2012 at 02:00 PM at Waco Room 175 Objections to Dischargeability of debt due 1/25/2013- Confirmation Hearing Set For 12/19/2012 at 09:15 AM at Waco Bankruptcy Courtroom 1- Proofs of Claim Due 2/25/2013. (Hendren2, G) |
| 10/10/2012 | 9 (1 pg) | Order For Employer to Pay Trustee. (Witt, Jerrie) |
| 10/10/2012 | 10 (1 pg) | Order For Employer to Pay Trustee. (Witt, Jerrie) |
| 10/10/2012 | 11 (1 pg) | Certificate of Conference filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber. (Kehl2, Samantha) (Related Document(s): 6 Motion to Expedite Hearing filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Mailing Matrix)(Kehl2, Samantha) (Related Document(s): 5 Motion for Extension of Stay Pursuant to 362(c)(3)(B) filed by Samantha A. Kehl2 |

| | | for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Mailing Matrix))) |
|---|---|---|
| 10/10/2012 | 13 (2 pgs) | Order Regarding (related document(s): 6 Motion to Expedite Hearing filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Mailing Matrix)(Kehl2, Samantha) (Related Document(s): 5 Motion for Extension of Stay Pursuant to 362(c)(3)(B) filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Mailing Matrix))) (Order entered on 10/10/2012) (Witt, Jerrie) |
| 10/10/2012 | | **EXPEDITED Hearing to Consider and Act Upon the Following:** (Related Document(s): 5 Motion for Extension of Stay Pursuant to 362(c)(3)(B) filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Mailing Matrix)) **Hearing Scheduled For 10/16/2012 at 01:30 PM at Waco Bankruptcy Courtroom 1...**_COUNSEL FOR MOVANT IS RESPONSIBLE FOR NOTICE OF HEARING..._ (Lopez, Jennifer) |
| 10/10/2012 | 14 (1 pg) | Notice of Appearance and Request for Service of Notice filed by Lee Gordon for Creditor Bell TAD. (Gordon, Lee) |
| 10/11/2012 | | Declaration for Electronic Filing Received (Related Document(s): 1 Voluntary Petition under Chapter 13 With Schedules, With Statements, ( Filing Fee: $ 281 ) filed by Brian Finell Kimber, Malinda Denise Kimber. -Declaration for Electronic Filing due by 10/15/2012) (Witt, Jerrie) |
| 10/12/2012 | 15 (6 pgs) | BNC Certificate of Mailing (Related Document(s): 8 341 Meeting of Creditors. First Meeting Set For 11/26/2012 at 02:00 PM at Waco Room 175 Objections to Dischargeability of debt due 1/25/2013- Confirmation Hearing Set For 12/19/2012 at 09:15 AM at Waco Bankruptcy Courtroom 1- Proofs of Claim Due 2/25/2013.) Notice Date 10/12/2012. (Admin.) (Entered: 10/13/2012) |
| 10/16/2012 | 16 (2 pgs) | Order Regarding Extension of Stay Pursuant to 362 (c) (3) (B) (related document(s): 5 Motion for Extension of Stay Pursuant to 362(c)(3)(B) filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Mailing Matrix)) (Order entered on 10/16/2012) (Witt, Jerrie) |
| 10/16/2012 | | Hearing Held: APPROVED; ORDER IN FILE TO BE ENTERED. (Related Document(s): 5 Motion for Extension of Stay Pursuant to 362(c)(3)(B) filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Mailing Matrix)) (Witt, Jerrie) (Entered: 10/17/2012) |
| 10/18/2012 | 17 (5 pgs) | BNC Certificate of Mailing (Related Document(s): 16 Order Regarding Extension of Stay Pursuant to 362 (c) (3) (B) (related document(s): 5 Motion for Extension of Stay Pursuant to 362(c)(3)(B) filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Mailing Matrix)) (Order entered on 10/16/2012)) Notice Date 10/18/2012. (Admin.) (Entered: 10/19/2012) |
| 10/22/2012 | 18 (2 pgs) | Financial Management Course Certificate - First Debtor Only filed by Samantha A. Kehl2 for Debtor Brian Finell Kimber. (Kehl2, Samantha) |
| 10/22/2012 | 19 | Financial Management Course Certificate - Second Debtor Only filed by |

| | | |
|---|---|---|
| | (2 pgs) | Samantha A. Kehl2 for Debtor Malinda Denise Kimber. (Kehl2, Samantha) |
| 10/29/2012 | <u>20</u><br>(4 pgs) | Notice of Appearance and Request for Service of Notice filed by Anh P. Nguyen for Creditor GMAC Mortgage, LLC. (Nguyen, Anh) |
| 11/06/2012 | <u>21</u><br>(3 pgs) | Objection to Claim of RJM Acquisition LLC (Claim No. 7) *(21 Day Objection Language)* Filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Kehl2, Samantha) |
| 11/08/2012 | <u>22</u><br>(5 pgs) | Notice of Mortgage Payment Change (No Proof of Claim Filed) and Certificate of Service filed by Anh P. Nguyen for Creditor GMAC Mortgage, LLC. (Nguyen, Anh) |
| 11/16/2012 | <u>23</u><br>(1 pg) | Notice of Withdrawal of Claim By. (Graham, Eileen) |
| 11/20/2012 | | Adversary case 12-06040. Complaint To Avoid Lien, Violation of the Automatic Stay, Conspiracy to Violate the Automatic Stay, for Declaratory Judgment and for Turnover filed by Brian Kimber, Malinda Denise Kimber against GMAC Mortgage, Inc, Amerigroup Mortgage Corporation, Transcontinental Title Co., Mortgage Electronic Registration Systems, Inc., Susan Turner, Anh P. Nguyen, Executive Trustee Service LLC, Pite Duncan LLP, Gabriel Ozel, Raye Mayhorn, Realty Executives of Killeen, Inc., Sol Jessy Lockhart, Alarcon Law Group PC (Filing Fee: $ 293.00) (Nature(s) of Suit:(21 (Validity, priority or extent of lien or other interest in property)),(71 (Injunctive relief - reinstatement of stay))). (Hilliard, Joyce) |
| 11/20/2012 | <u>24</u><br>(13 pgs) | Complaint Complaint To Avoid Lien, Violation of the Automatic Stay, Conspiracy to Violate the Automatic Stay, for Declaratory Judgment and for Turnover filed by Brian Kimber, Malinda Denise Kimber against all defendants (Filing Fee: $ 0.00) (Voges, Teresa) |
| 11/26/2012 | <u>25</u><br>(21 pgs) | Amended Schedules and Summary: ( Amended Schedule(s): B and C) filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber. -Declaration for Electronic Filing due by 12/3/2012 (Kehl2, Samantha) |
| 11/26/2012 | <u>26</u><br>(26 pgs; 3 docs) | Certificate of Service filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber. (Attachments: # <u>1</u> Exhibit A# <u>2</u> Exhibit B)(Kehl2, Samantha) (Related Document(s): <u>25</u> Amended Schedules and Summary: ( Amended Schedule(s): B and C) filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber. -Declaration for Electronic Filing due by 12/3/2012 |
| 11/26/2012 | | Declaration for Electronic Filing Received (Related Document(s): <u>25</u> Amended Schedules and Summary: ( Amended Schedule(s): B and C) filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber. -Declaration for Electronic Filing due by 12/3/2012) (Witt, Jerrie) (Entered: 11/27/2012) |
| 11/28/2012 | | 341 Meeting of Creditors Held and Plan Not Recommended. (Hendren, G.) |
| 12/03/2012 | <u>27</u><br>(3 pgs) | Trustee's Objection to Exemption *(21 Day Objection Language)*. (Hendren3, G) |

10/25/21, 11:21 AM U.S.B.C. Western District of Texas (LIVE)

| | | |
|---|---|---|
| 12/03/2012 | [28](#) (2 pgs) | Order Granting Objection to Claims (related document(s): [21](#) Objection to Claim of RJM Acquisition LLC (Claim No. 7) *(21 Day Objection Language)* Filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber) (Order entered on 12/3/2012) (Witt, Jerrie) |
| 12/05/2012 | [29](#) (3 pgs) | Trustee's Objection to Confirmation of Chapter 13 Plan. (Hendren, G.) |
| 12/05/2012 | [30](#) (4 pgs) | BNC Certificate of Mailing (Related Document(s): [28](#) Order Granting Objection to Claims (related document(s): [21](#) Objection to Claim of RJM Acquisition LLC (Claim No. 7) *(21 Day Objection Language)* Filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber) (Order entered on 12/3/2012)) Notice Date 12/05/2012. (Admin.) (Entered: 12/06/2012) |
| 12/06/2012 | [31](#) (3 pgs) | Response Filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Kehl2, Samantha) (related document(s): [27](#) Trustee's Objection to Exemption *(21 Day Objection Language)*.) |
| 12/11/2012 | [32](#) (1 pg) | **Hearing to Consider and Act Upon the Following:** (Related Document(s): [27](#) Trustee's Objection to Exemption *(21 Day Objection Language)*.) **Hearing Scheduled For 1/16/2013 at 09:30 AM at Waco Bankruptcy Courtroom 1** .....*IF TIME ESTIMATE FOR BOTH SIDES EXCEEDS 30 MINUTES, PLEASE EMAIL THE COURTROOM DEPUTY AT JENNIFER_LOPEZ@TXWB.USCOURTS.GOV FOR A SPECIAL SETTING.* (Lopez, Jennifer) |
| 12/12/2012 | [33](#) (5 pgs) | Objection *to Confirmation of Chapter 13 Plan* Filed by Anh P. Nguyen for Creditor GMAC Mortgage, LLC (Nguyen, Anh) (related document(s): [2](#) Chapter 13 Plan filed by Brian Finell Kimber, Malinda Denise Kimber.) |
| 12/13/2012 | [34](#) (3 pgs) | BNC Certificate of Mailing (Related Document(s): [32](#) **Hearing to Consider and Act Upon the Following:** (Related Document(s): [27](#) Trustee's Objection to Exemption *(21 Day Objection Language)*.) **Hearing Scheduled For 1/16/2013 at 09:30 AM at Waco Bankruptcy Courtroom 1** .....*IF TIME ESTIMATE FOR BOTH SIDES EXCEEDS 30 MINUTES, PLEASE EMAIL THE COURTROOM DEPUTY AT JENNIFER_LOPEZ@TXWB.USCOURTS.GOV FOR A SPECIAL SETTING.*) Notice Date 12/13/2012. (Admin.) (Entered: 12/14/2012) |
| 12/19/2012 | | CONFIRMATION HEARING HELD - Denied. DENY CONFIRMATION; ORDER TO COME BY: TRUSTEE. (Witt, Jerrie) (Entered: 12/20/2012) |
| 12/20/2012 | [35](#) (7 pgs) | INCORRECT EVENT AND CASE NUMBER. Answer to Involuntary Petition filed by Defendants Sol Jessy Lockhart, Raye Mayhorn, Realty Executives of Killeen Filed by Jeffrey D Janota for Defendants Sol Jessy Lockhart, Raye Mayhorn, Realty Executives of Killeen (Janota, Jeffrey) Modified on 12/21/2012 (Voges, Teresa). |
| 12/21/2012 | [36](#) (5 pgs; 2 docs) | Objection to Claim of InSolve Recovery, LLC (Claim No. 16) *(21 Day Objection Language)* Filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # [1](#) Proposed Order) (Kehl2, Samantha) |
| 01/03/2013 | [37](#) | Notice of Withdrawal of Claim (Number: 16) by Creditor InSolve |

| | | |
|---|---|---|
| | (1 pg) | Recovery, LLC, c/o Capital Recovery Group, LLC filed by Nichlas P. Spallas for Creditor InSolve Recovery, LLC, c/o Capital Recovery Group, LLC. (Spallas, Nichlas) |
| 01/03/2013 | <u>38</u><br>(2 pgs) | Order Denying Chapter 13 Plan (Order entered on 1/3/2013). (Witt, Jerrie) |
| 01/05/2013 | <u>39</u><br>(6 pgs) | BNC Certificate of Mailing (Related Document(s): <u>38</u> Order Denying Chapter 13 Plan (Order entered on 1/3/2013).) Notice Date 01/05/2013. (Admin.) (Entered: 01/06/2013) |
| 01/15/2013 | <u>40</u><br>(12 pgs) | Amended Chapter 13 Plan filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber. (Kehl2, Samantha) (related document(s): <u>2</u> Chapter 13 Plan filed by Brian Finell Kimber, Malinda Denise Kimber.) |
| 01/15/2013 | <u>41</u><br>(21 pgs) | Amended Schedules and Summary: ( Amended Schedule(s): B and C) filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber. -Declaration for Electronic Filing due by 01/22/2013 (Kehl2, Samantha) |
| 01/15/2013 | <u>42</u><br>(26 pgs; 3 docs) | Certificate of Service filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber. (Attachments: # <u>1</u> Amended Schedules# <u>2</u> Mailing Matrix)(Kehl2, Samantha) (Related Document(s): <u>41</u> Amended Schedules and Summary: ( Amended Schedule(s): B and C) filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber. -Declaration for Electronic Filing due by 01/22/2013) |
| 01/15/2013 | | Declaration for Electronic Filing Received (Related Document(s): <u>41</u> Amended Schedules and Summary: ( Amended Schedule(s): B and C) filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber. -Declaration for Electronic Filing due by 01/22/2013) (Witt, Jerrie) |
| 01/16/2013 | <u>43</u><br>(2 pgs) | Order Mooting Objection to Exemptions (related document(s): <u>27</u> Trustee's Objection to Exemption *(21 Day Objection Language)*.) (Order entered on 1/16/2013) (Witt, Jerrie) |
| 01/16/2013 | | Hearing Held: MOOT; ORDER IN FILE TO BE STAMPED AS MOOT. (Related Document(s): <u>27</u> Trustee's Objection to Exemption *(21 Day Objection Language)*.) (Witt, Jerrie) |
| 01/18/2013 | <u>44</u><br>(2 pgs) | Confirmation Hearing Reset: - Confirmation Hearing Set For 3/20/2013 at 9:15 AM at Waco Bankruptcy Courtroom 1. (Hendren, G.) |
| 01/24/2013 | <u>45</u><br>(6 pgs) | BNC Certificate of Mailing (Related Document(s): <u>44</u> Confirmation Hearing Reset: - Confirmation Hearing Set For 3/20/2013 at 9:15 AM at Waco Bankruptcy Courtroom 1. (Hendren, G.)) Notice Date 01/24/2013. (Admin.) (Entered: 01/25/2013) |
| 01/25/2013 | <u>46</u><br>(5 pgs; 2 docs) | Objection to Claim of Asset Acceptance LLC Assignee Household/Arbor (Claim No. 20) *(21 Day Objection Language)* Filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # <u>1</u> Proposed Order) (Kehl2, Samantha) |
| 01/25/2013 | <u>47</u> | Notice of Substitution of Attorney filed by George J Petras IV for |

10/25/21, 11:21 AM                        U.S.B.C. Western District of Texas (LIVE)

|  |  |  |
|---|---|---|
|  | (2 pgs) | Interested Parties Realty Executives of Killeen, Raye Mayhorn, Sol Jessy Lockhart. (Petras, George) Party type of filers edited from "Defendants" to "Interested Parties" and all party filers added to this filing. Modified on 1/28/2013 (Hardage, Bridget). |
| 01/28/2013 | **48** (3 pgs) | Notice of Withdrawal of Document filed by Anh P. Nguyen for Creditor GMAC Mortgage, LLC. (Nguyen, Anh) (Related Document(s): **33** Objection *to Confirmation of Chapter 13 Plan* Filed by Anh P. Nguyen for Creditor GMAC Mortgage, LLC (Nguyen, Anh) (related document(s): **2** Chapter 13 Plan filed by Brian Finell Kimber, Malinda Denise Kimber.)) |
| 02/11/2013 | **49** (1 pg) | Amended Order For Employer to Pay Trustee. (Witt, Jerrie) |
| 02/20/2013 | **50** (2 pgs) | Order Granting Objection to Claims (related document(s): **46** Objection to Claim of Asset Acceptance LLC Assignee Household/Arbor (Claim No. 20) *(21 Day Objection Language)* Filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Proposed Order)) (Order entered on 2/20/2013) (Witt, Jerrie) |
| 02/22/2013 | **51** (4 pgs) | BNC Certificate of Mailing (Related Document(s): **50** Order Granting Objection to Claims (related document(s): **46** Objection to Claim of Asset Acceptance LLC Assignee Household/Arbor (Claim No. 20) *(21 Day Objection Language)* Filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Proposed Order)) (Order entered on 2/20/2013)) Notice Date 02/22/2013. (Admin.) (Entered: 02/23/2013) |
| 03/08/2013 | **52** (3 pgs) | Trustee's Objection to Confirmation of Chapter 13 Plan. (Hendren, G.) |
| 03/20/2013 |  | CONFIRMATION HEARING HELD - Confirmed. PLAN CONFIRMED; ORDER TO COME BY: TRUSTEE. (Witt, Jerrie) (Entered: 03/21/2013) |
| 03/26/2013 | **53** (2 pgs) | Order Confirming Chapter 13 Plan (related document(s): **29** Trustee's Objection to Confirmation of Chapter 13 Plan. (Hendren, G.), **52** Trustee's Objection to Confirmation of Chapter 13 Plan. (Hendren, G.)) (Order entered on 3/26/2013) (Witt, Jerrie) |
| 03/28/2013 | **54** (6 pgs) | BNC Certificate of Mailing (Related Document(s): **53** Order Confirming Chapter 13 Plan (related document(s): **29** Trustee's Objection to Confirmation of Chapter 13 Plan. (Hendren, G.), **52** Trustee's Objection to Confirmation of Chapter 13 Plan. (Hendren, G.)) (Order entered on 3/26/2013)) Notice Date 03/28/2013. (Admin.) |
| 10/24/2013 | **55** (9 pgs; 3 docs) | Motion For Moratorium *(21 Day Objection Language)* filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # **1** Proposed Order # **2** Mailing Matrix)(Kehl2, Samantha) |
| 10/25/2013 | **56** (1 pg) | Amended Order For Employer to Pay Trustee. (Voges, Teresa) |
| 11/07/2013 | **57** (1 pg) | Amended Order For Employer to Pay Trustee. (Stephens, Deborah) |
| 11/15/2013 | **58** | Order Regarding (related document(s): **55** Motion For Moratorium *(21* |

| | | |
|---|---|---|
| | (2 pgs) | *Day Objection Language*) filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Proposed Order # 2 Mailing Matrix)) (Order entered on 11/15/2013) (Witt, Jerrie) |
| 11/26/2013 | <u>59</u><br>(1 pg) | Amended Order For Employer to Pay Trustee. (Witt, Jerrie) |
| 12/18/2013 | <u>60</u><br>(5 pgs) | Trustee's Motion to Dismiss Case for Failure to Make Plan Payments Hearing Scheduled For 1/15/2014 at 9:00 AM at Waco Bankruptcy Courtroom 1. (Hendren, G.) |
| 12/20/2013 | <u>61</u><br>(3 pgs) | Response Filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Kehl2, Samantha) (related document(s): <u>60</u> Trustee's Motion to Dismiss Case for Failure to Make Plan Payments Hearing Scheduled For 1/15/2014 at 9:00 AM at Waco Bankruptcy Courtroom 1. (Hendren, G.)) |
| 12/21/2013 | <u>62</u><br>(9 pgs) | BNC Certificate of Mailing (Related Document(s): <u>60</u> Trustee's Motion to Dismiss Case for Failure to Make Plan Payments Hearing Scheduled For 1/15/2014 at 9:00 AM at Waco Bankruptcy Courtroom 1. (Hendren, G.)) Notice Date 12/21/2013. (Admin.) (Entered: 12/22/2013) |
| 01/15/2014 | | Hearing RESET (Related Document(s): <u>60</u> Trustee's Motion to Dismiss Case for Failure to Make Plan Payments - Hearing Scheduled For 2/12/2014 at 09:00 AM at Waco Bankruptcy Courtroom 1 (Brisiel, Jana)***RESET IN OPEN COURT FROM 01/15/14 - NO FURTHER COURT NOTICE TO BE GIVEN*** |
| 01/22/2014 | <u>63</u><br>(9 pgs; 3 docs) | Motion to Modify Confirmed Chapter 13 Plan *(21 Day Objection Language)* ( ) filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # <u>1</u> Proposed Order # <u>2</u> Mailing matrix)(Kehl2, Samantha) (Related Document(s): <u>40</u> Amended Chapter 13 Plan filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber. (Kehl2, Samantha) (related document(s): <u>2</u> Chapter 13 Plan filed by Brian Finell Kimber, Malinda Denise Kimber.)) |
| 01/22/2014 | <u>64</u><br>(3 pgs) | Amended Schedules and Summary: ( Amended Schedule(s): I and J) filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber. -Declaration for Electronic Filing due by 01/29/2014 (Kehl2, Samantha) |
| 01/23/2014 | <u>65</u><br>(1 pg) | Amended Order For Employer to Pay Trustee. (Witt, Jerrie) |
| 02/07/2014 | <u>66</u><br>(4 pgs) | Response Filed by G Ray Hendren3 for Trustee G. Ray Hendren (Hendren3, G) (related document(s): <u>63</u> Motion to Modify Confirmed Chapter 13 Plan *(21 Day Objection Language)* ( ) filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Proposed Order # 2 Mailing matrix)(Kehl2, Samantha) (Related Document(s): <u>40</u> Amended Chapter 13 Plan filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber. (Kehl2, Samantha) (related document(s): <u>2</u> Chapter 13 Plan filed by Brian Finell Kimber, Malinda Denise Kimber.))) |
| 02/11/2014 | <u>67</u><br>(1 pg) | **Hearing to Consider and Act Upon the Following:** (Related Document(s): <u>63</u> Motion to Modify Confirmed Chapter 13 Plan filed by |

| | | |
|---|---|---|
| | | Samantha A. Kehl for Debtors Brian Finell Kimber, Malinda Denise Kimber - Hearing Scheduled For 3/19/2014 at 09:30 AM at Waco Bankruptcy Courtroom 1 (Brisiel, Jana) |
| 02/11/2014 | | Declaration for Electronic Filing Received (Related Document(s): 64 Amended Schedules and Summary: ( Amended Schedule(s): I and J) filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber. -Declaration for Electronic Filing due by 01/29/2014) (Witt, Jerrie) |
| 02/12/2014 | | Hearing Held: AGREEMENT - AGREED ORDER TO COME - RAY HENDREN. (Related Document(s): 60 Trustee's Motion to Dismiss Case for Failure to Make Plan Payments Hearing Scheduled For 1/15/2014 at 9:00 AM at Waco Bankruptcy Courtroom 1. (Hendren, G.)) (Witt, Jerrie) (Entered: 02/13/2014) |
| 02/13/2014 | 68 (5 pgs) | BNC Certificate of Mailing (Related Document(s): 67 **Hearing to Consider and Act Upon the Following:** (Related Document(s): 63 Motion to Modify Confirmed Chapter 13 Plan filed by Samantha A. Kehl for Debtors Brian Finell Kimber, Malinda Denise Kimber - Hearing Scheduled For 3/19/2014 at 09:30 AM at Waco Bankruptcy Courtroom 1) Notice Date 02/13/2014. (Admin.) |
| 03/03/2014 | 69 (2 pgs) | Order Denying (related document(s): 60 Trustee's Motion to Dismiss Case for Failure to Make Plan Payments Hearing Scheduled For 1/15/2014 at 9:00 AM at Waco Bankruptcy Courtroom 1. (Hendren, G.)) (Order entered on 3/3/2014) (Witt, Jerrie) |
| 03/19/2014 | | Hearing Held: GRANTED - ORDER TO COME - RAY HENDREN. (Related Document(s): 63 Motion to Modify Confirmed Chapter 13 Plan *(21 Day Objection Language)* ( ) filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Proposed Order # 2 Mailing matrix)(Kehl2, Samantha) (Related Document(s): 40 Amended Chapter 13 Plan filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber. (Kehl2, Samantha) (related document(s): 2 Chapter 13 Plan filed by Brian Finell Kimber, Malinda Denise Kimber.))) (Witt, Jerrie) (Entered: 03/20/2014) |
| 03/26/2014 | 70 (1 pg) | Amended Order For Employer to Pay Trustee. (Witt, Jerrie) |
| 03/28/2014 | 71 (2 pgs) | Order Regarding Motion to Modify Confirmed Chapter 13 Plan (related document(s): 63 Motion to Modify Confirmed Chapter 13 Plan *(21 Day Objection Language)* ( ) filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Proposed Order # 2 Mailing matrix)(Kehl2, Samantha) (Related Document(s): 40 Amended Chapter 13 Plan filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber. (Kehl2, Samantha) (related document(s): 2 Chapter 13 Plan filed by Brian Finell Kimber, Malinda Denise Kimber.))) (Order entered on 3/28/2014) (Voges, Teresa) |
| 03/28/2014 | 72 (2 pgs) | BNC Certificate of Mailing (Related Document(s): 70 Amended Order For Employer to Pay Trustee.) Notice Date 03/28/2014. (Admin.) |
| 03/30/2014 | 73 (3 pgs) | BNC Certificate of Mailing (Related Document(s): 71 Order Regarding Motion to Modify Confirmed Chapter 13 Plan (related document(s): 63 Motion to Modify Confirmed Chapter 13 Plan *(21 Day Objection* |

| | | |
|---|---|---|
| | | *Language*) ( ) filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Proposed Order # 2 Mailing matrix)(Kehl2, Samantha) (Related Document(s): 40 Amended Chapter 13 Plan filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber. (Kehl2, Samantha) (related document(s): 2 Chapter 13 Plan filed by Brian Finell Kimber, Malinda Denise Kimber.))) (Order entered on 3/28/2014)) Notice Date 03/30/2014. (Admin.) |
| 07/07/2015 | 74 (1 pg) | Amended Order For Employer to Pay Trustee. (Bryant, Jerrie) |
| 07/09/2015 | 75 (2 pgs) | BNC Certificate of Mailing (Related Document(s): 74 Amended Order For Employer to Pay Trustee.) Notice Date 07/09/2015. (Admin.) |
| 08/04/2015 | 76 (7 pgs; 2 docs) | Motion to Dismiss Case filed by Steven B. Bass for Creditor United States Of America IRS (Attachments: # 1 Proposed Order)(Bass, Steven) |
| 08/06/2015 | 77 (8 pgs; 2 docs) | Response Filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Mailing Matrix) (Kehl2, Samantha) (related document(s): 76 Motion to Dismiss Case filed by Steven B. Bass for Creditor United States Of America IRS (Attachments: # 1 Proposed Order)) |
| 08/07/2015 | 78 (1 pg) | **Hearing to Consider and Act Upon the Following: (IF TIME ESTIMATE EXCEEDS 20 MINUTES, PLEASE E-MAIL JANA BRISIEL AT: jana_brisiel@txwb.uscourts.gov)** (Related Document(s): 76 Motion to Dismiss Case filed by Steven B. Bass for Creditor United States Of America IRS - Hearing Scheduled For 9/16/2015 at 09:30 AM at Waco Bankruptcy Courtroom 1 (Brisiel, Jana) |
| 08/09/2015 | 79 (5 pgs) | BNC Certificate of Mailing (Related Document(s): 78 **Hearing to Consider and Act Upon the Following: (IF TIME ESTIMATE EXCEEDS 20 MINUTES, PLEASE E-MAIL JANA BRISIEL AT: jana_brisiel@txwb.uscourts.gov)** (Related Document(s): 76 Motion to Dismiss Case filed by Steven B. Bass for Creditor United States Of America IRS - Hearing Scheduled For 9/16/2015 at 09:30 AM at Waco Bankruptcy Courtroom 1) Notice Date 08/09/2015. (Admin.) |
| 09/16/2015 | | Hearing RESET (Related Document(s): 76 Motion to Dismiss Case filed by Steven B. Bass for Creditor United States Of America IRS - Hearing Scheduled For 10/14/2015 at 09:30 AM at Waco Bankruptcy Courtroom 1 (Brisiel, Jana)***RESET IN OPEN COURT FROM 09/16/15 - NO FURTHER COURT NOTICE TO BE GIVEN*** |
| 09/28/2015 | 80 (5 pgs) | Response Filed by G Ray Hendren3 for Trustee G. Ray Hendren (Hendren3, G) (related document(s): 76 Motion to Dismiss Case filed by Steven B. Bass for Creditor United States Of America IRS (Attachments: # 1 Proposed Order)) |
| 10/14/2015 | | Hearing Held: AGREEMENT - AGREED ORDER TO COME - STEVEN BASS. Order Due to be filed by Steven Bass. (Related Document(s): 76 Motion to Dismiss Case filed by Steven B. Bass for Creditor United States Of America IRS (Attachments: # 1 Proposed Order)) Order due by 10/28/2015 (Bryant, Jerrie) |
| 11/02/2015 | 81 | Order Due Letter Sent to: Steven Bass (Related Document(s): 76 Motion |

| | | |
|---|---|---|
| | (1 pg) | to Dismiss Case filed by Steven B. Bass for Creditor United States Of America IRS (Attachments: # 1 Proposed Order)) Overdue Order Due By 11/23/2015 (Bryant, Jerrie) |
| 11/10/2015 | 82<br>(21 pgs) | Amended Schedules and Summary: ( Amended Schedule(s): B and C) filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber. -Declaration for Electronic Filing due by 11/17/2015 (Kehl2, Samantha) |
| 11/10/2015 | 83<br>(27 pgs; 3 docs) | Certificate of Service filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber. (Attachments: # 1 Mailing Matrix # 2 Amended Schedules)(Kehl2, Samantha) (Related Document(s): 82 Amended Schedules and Summary: ( Amended Schedule(s): B and C) filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber. -Declaration for Electronic Filing due by 11/17/2015) |
| 11/10/2015 | 84<br>(10 pgs; 3 docs) | Motion to Modify Confirmed Chapter 13 Plan *(21 Day Objection Language)* ( ) filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Proposed Order # 2 Mailing Matrix)(Kehl2, Samantha) (Related Document(s): 40 Amended Chapter 13 Plan filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber. (Kehl2, Samantha) (related document(s): 2 Chapter 13 Plan filed by Brian Finell Kimber, Malinda Denise Kimber.)) |
| 11/10/2015 | 85<br>(10 pgs; 3 docs) | Motion for Additional Attorney Fees *(21 Day Objection Language)* filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Proposed Order # 2 Mailing Matrix)(Kehl2, Samantha) |
| 11/17/2015 | | Declaration for Electronic Filing Received (Related Document(s): 82 Amended Schedules and Summary: ( Amended Schedule(s): B and C) filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber. -Declaration for Electronic Filing due by 11/17/2015) (Bryant, Jerrie) |
| 12/01/2015 | 86<br>(5 pgs) | Response Filed by G Ray Hendren3 for Trustee G. Ray Hendren (Hendren3, G) (related document(s): 84 Motion to Modify Confirmed Chapter 13 Plan *(21 Day Objection Language)* ( ) filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Proposed Order # 2 Mailing Matrix)(Kehl2, Samantha) (Related Document(s): 40 Amended Chapter 13 Plan filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber. (Kehl2, Samantha) (related document(s): 2 Chapter 13 Plan filed by Brian Finell Kimber, Malinda Denise Kimber.))) |
| 12/02/2015 | 87<br>(1 pg) | **Hearing to Consider and Act Upon the Following: (IF TIME ESTIMATE EXCEEDS 20 MINUTES, PLEASE E-MAIL JANA BRISIEL AT: jana_brisiel@txwb.uscourts.gov)** (Related Document(s): 84 Motion to Modify Confirmed Chapter 13 Plan filed by Samantha A. Kehl for Debtors Brian Finell Kimber, Malinda Denise Kimber - Hearing Scheduled For 1/20/2016 at 09:30 AM at Waco Bankruptcy Courtroom 1 (Brisiel, Jana) |
| 12/02/2015 | 88<br>(2 pgs) | AGREED Order Denying (related document(s): 76 Motion to Dismiss Case filed by Steven B. Bass for Creditor United States Of America IRS (Attachments: # 1 Proposed Order)) (Order entered on 12/2/2015) (Bryant, Jerrie) |

| 12/04/2015 | <u>89</u><br>(3 pgs) | Trustee's Objection to Exemption *(21 Day Objection Language)*. (Hendren3, G) |
|---|---|---|
| 12/04/2015 | <u>90</u><br>(5 pgs) | BNC Certificate of Mailing (Related Document(s): <u>87</u> **Hearing to Consider and Act Upon the Following: (IF TIME ESTIMATE EXCEEDS 20 MINUTES, PLEASE E-MAIL JANA BRISIEL AT: jana_brisiel@txwb.uscourts.gov)** (Related Document(s): <u>84</u> Motion to Modify Confirmed Chapter 13 Plan filed by Samantha A. Kehl for Debtors Brian Finell Kimber, Malinda Denise Kimber - Hearing Scheduled For 1/20/2016 at 09:30 AM at Waco Bankruptcy Courtroom 1) Notice Date 12/04/2015. (Admin.) |
| 12/10/2015 | <u>91</u><br>(2 pgs) | Response Filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Kehl2, Samantha) (related document(s): <u>89</u> Trustee's Objection to Exemption *(21 Day Objection Language)*.) |
| 12/11/2015 | <u>92</u><br>(1 pg) | **Hearing to Consider and Act Upon the Following: (IF TIME ESTIMATE EXCEEDS 20 MINUTES, PLEASE E-MAIL JANA BRISIEL AT: jana_brisiel@txwb.uscourts.gov)** (Related Document(s): <u>89</u> Trustee's Objection to Exemption - Hearing Scheduled For 1/20/2016 at 09:30 AM at Waco Bankruptcy Courtroom 1 (Brisiel, Jana) |
| 12/13/2015 | <u>93</u><br>(2 pgs) | BNC Certificate of Mailing (Related Document(s): <u>92</u> **Hearing to Consider and Act Upon the Following: (IF TIME ESTIMATE EXCEEDS 20 MINUTES, PLEASE E-MAIL JANA BRISIEL AT: jana_brisiel@txwb.uscourts.gov)** (Related Document(s): <u>89</u> Trustee's Objection to Exemption - Hearing Scheduled For 1/20/2016 at 09:30 AM at Waco Bankruptcy Courtroom 1) Notice Date 12/13/2015. (Admin.) |
| 01/20/2016 | <u>94</u><br>(2 pgs) | Order Regarding Objection to Exemptions (related document(s): <u>89</u> Trustee's Objection to Exemption *(21 Day Objection Language)*.) (Order entered on 1/20/2016) (Bryant, Jerrie) |
| 01/20/2016 | <u>95</u><br>(3 pgs) | Order Regarding Motion to Modify Confirmed Chapter 13 Plan (related document(s): <u>84</u> Motion to Modify Confirmed Chapter 13 Plan *(21 Day Objection Language)* ( ) filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Proposed Order # 2 Mailing Matrix)(Kehl2, Samantha) (Related Document(s): <u>40</u> Amended Chapter 13 Plan filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber. (Kehl2, Samantha) (related document(s): <u>2</u> Chapter 13 Plan filed by Brian Finell Kimber, Malinda Denise Kimber.))) (Order entered on 1/20/2016) (Bryant, Jerrie) |
| 01/20/2016 | | Hearing Held: AGREED ORDER SUBMITTED. (Related Document(s): <u>84</u> Motion to Modify Confirmed Chapter 13 Plan *(21 Day Objection Language)* ( ) filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Proposed Order # 2 Mailing Matrix)(Kehl2, Samantha) (Related Document(s): <u>40</u> Amended Chapter 13 Plan filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber. (Kehl2, Samantha) (related document(s): <u>2</u> Chapter 13 Plan filed by Brian Finell Kimber, Malinda Denise Kimber.))) (Bryant, Jerrie) |
| 01/20/2016 | | Hearing Held: AGREED ORDER SUBMITTED. (Related Document(s): <u>89</u> Trustee's Objection to Exemption *(21 Day Objection Language)*.) (Bryant, Jerrie) |

| | | |
|---|---|---|
| 01/21/2016 | 96 (1 pg) | Amended Order For Employer to Pay Trustee. (Voges, Teresa) |
| 01/23/2016 | 97 (2 pgs) | BNC Certificate of Mailing (Related Document(s): 96 Amended Order For Employer to Pay Trustee.) Notice Date 01/23/2016. (Admin.) |
| 02/11/2016 | 98 (2 pgs) | Order Regarding (related document(s): 85 Motion for Additional Attorney Fees *(21 Day Objection Language)* filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Proposed Order # 2 Mailing Matrix)) (Order entered on 2/11/2016) (Voges, Teresa) |
| 02/13/2016 | 99 (3 pgs) | BNC Certificate of Mailing (Related Document(s): 98 Order Regarding (related document(s): 85 Motion for Additional Attorney Fees *(21 Day Objection Language)* filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Proposed Order # 2 Mailing Matrix)) (Order entered on 2/11/2016)) Notice Date 02/13/2016. (Admin.) (Entered: 02/14/2016) |
| 05/02/2016 | 100 (1 pg) | DOCUMENT DOES NOT CONTAIN CASE NUMBER OR NAME - Notice of Change of Payment Address by Jefferson Capital Systems, LLC. (Lukason, Kelly) Modified on 5/3/2016 (Bryant, Jerrie). |
| 07/25/2017 | 101 (3 pgs; 2 docs) | Transfer of Claim (Without Waiver) Transfer Agreement 3001 (e) 2 Transferor: Webbank-Fingerhut (Claim No. 25) To Portfolio Recovery Associates, LLC ( Filing Fee $25) (Hardy, Carol) |
| 07/25/2017 | | ICC-Fee Terminated for Transfer of Claim (creditor)(12-61074-rbk) [crbatch,trclmcr] ( 25.00), Amount $ 25.00, Receipt 18485444 (re:Doc# 101) (U.S. Treasury) |
| 07/28/2017 | 102 (2 pgs) | BNC Certificate of Mailing (Related Document(s): 101 Transfer of Claim (Without Waiver) Transfer Agreement 3001 (e) 2 Transferor: Webbank-Fingerhut (Claim No. 25) To Portfolio Recovery Associates, LLC ( Filing Fee $25)) Notice Date 07/28/2017. (Admin.) |
| 08/31/2017 | 103 (5 pgs; 2 docs) | Transfer of Claim (Without Waiver) Transfer Agreement 3001 (e) 2 Transferor: GE Capital Retail Bank (Claim No. 15) To Portfolio Recovery Associates, LLC ( Filing Fee $25) (Hardy, Carol) |
| 08/31/2017 | | ICC-Fee Terminated for Transfer of Claim (creditor)(12-61074-rbk) [crbatch,trclmcr] ( 25.00), Amount $ 25.00, Receipt 18605311 (re:Doc# 103) (U.S. Treasury) |
| 09/07/2017 | 104 (2 pgs) | BNC Certificate of Mailing (Related Document(s): 103 Transfer of Claim (Without Waiver) Transfer Agreement 3001 (e) 2 Transferor: GE Capital Retail Bank (Claim No. 15) To Portfolio Recovery Associates, LLC ( Filing Fee $25)) Notice Date 09/07/2017. (Admin.) |
| 02/06/2018 | 105 (7 pgs; 2 docs) | Trustee's Motion for Show Cause Order (Attachments: # 1 Proposed Order)(Hendren3, G) |
| 02/07/2018 | 106 (1 pg) | Order Regarding (related document(s): 105 Trustee's Motion for Show Cause Order (Attachments: # 1 Proposed Order)) (Order entered on 2/7/2018) (Bryant, Jerrie) |

10/25/21, 11:21 AM                                      U.S.B.C. Western District of Texas (LIVE)

| 02/07/2018 | <u>107</u><br>(1 pg) | Hearing to Consider and Act Upon the Following: (IF TIME **ESTIMATE EXCEEDS 20 MINUTES, PLEASE E-MAIL DEANNA CASTLEBERRY AT: deanna_castleberry@txwb.uscourts.gov)**Order that the Debtors, Brian Finell Kimber and Malinda Denise Kimber, And Attorney for Debtors, Samantha Kehl Appear to testify regarding the auto accident and attorney handling it, produce all documents associated therewith. **Show Cause Hearing Set For 3/28/2018 at 9:30 AM at Waco Bankruptcy Courtroom 1**(Castleberry, Deanna) |
|---|---|---|
| 02/09/2018 | <u>108</u><br>(5 pgs) | BNC Certificate of Mailing (Related Document(s): <u>107</u> **Hearing to Consider and Act Upon the Following: (IF TIME ESTIMATE EXCEEDS 20 MINUTES, PLEASE E-MAIL DEANNA CASTLEBERRY AT: deanna_castleberry@txwb.uscourts.gov)**Order that the Debtors, Brian Finell Kimber and Malinda Denise Kimber, And Attorney for Debtors, Samantha Kehl Appear to testify regarding the auto accident and attorney handling it, produce all documents associated therewith. **Show Cause Hearing Set For 3/28/2018 at 9:30 AM at Waco Bankruptcy Courtroom 1**) Notice Date 02/09/2018. (Admin.) |
| 03/05/2018 | <u>109</u><br>(17 pgs) | Response Filed by Debtors Brian Finell Kimber, Malinda Denise Kimber (Bryant, Jerrie) (related document(s): <u>105</u> Trustee's Motion for Show Cause Order (Attachments: # 1 Proposed Order)) |
| 03/13/2018 | <u>110</u><br>(10 pgs; 3 docs) | Motion to Withdraw Attorney filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # <u>1</u> Proposed Order # <u>2</u> Mailing matrix)(Kehl2, Samantha) |
| 03/13/2018 | <u>111</u><br>(9 pgs; 3 docs) | Motion to Expedite Hearing filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # <u>1</u> Proposed Order # <u>2</u> Mailing matrix)(Kehl2, Samantha) (Related Document(s): <u>110</u> Motion to Withdraw Attorney filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Proposed Order # 2 Mailing matrix)) |
| 03/13/2018 | <u>112</u><br>(1 pg) | Certificate of Conference filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber. (Kehl2, Samantha) (Related Document(s): <u>111</u> Motion to Expedite Hearing filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Proposed Order # 2 Mailing matrix)(Kehl2, Samantha) (Related Document(s): <u>110</u> Motion to Withdraw Attorney filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Proposed Order # 2 Mailing matrix))) |
| 03/13/2018 | | **Hearing to Consider and Act Upon the Following:** (Related Document(s): <u>110</u> Motion to Withdraw Attorney filed by Samantha A. Kehl for Debtors Brian Finell Kimber, Malinda Denise Kimber. **Hearing Scheduled For 3/28/2018 at 9:30 AM at Waco Bankruptcy Courtroom 1 (Castleberry, Deanna)***\*\*SET ON EXPEDITED BASIS - MS. KEHL SHALL BE RESPONSIBLE FOR NOTICE\*\*\*.** |
| 03/13/2018 | <u>113</u><br>(7 pgs; 2 docs) | Notice of Hearing filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber. (Attachments: # <u>1</u> Mailing matrix) (Kehl2, Samantha) (Related Document(s): <u>110</u> Motion to Withdraw Attorney filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Proposed Order # 2 Mailing matrix)) |
| 03/16/2018 | <u>114</u> | Order Regarding (related document(s): <u>111</u> Motion to Expedite Hearing |

| | | |
|---|---|---|
| | (2 pgs) | filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Proposed Order # 2 Mailing matrix) (Kehl2, Samantha) (Related Document(s): 110 Motion to Withdraw Attorney filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Proposed Order # 2 Mailing matrix))) (Order entered on 3/16/2018) (Voges, Teresa) |
| 03/18/2018 | 115 (3 pgs) | BNC Certificate of Mailing (Related Document(s): 114 Order Regarding (related document(s): 111 Motion to Expedite Hearing filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Proposed Order # 2 Mailing matrix)(Kehl2, Samantha) (Related Document(s): 110 Motion to Withdraw Attorney filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Proposed Order # 2 Mailing matrix))) (Order entered on 3/16/2018)) Notice Date 03/18/2018. (Admin.) |
| 03/28/2018 | | Hearing Held: CASE TO REMAIN OPEN - MR. HENDREN TO CONTACT STATE COURT ATTORNEY - CAUSE SHOWN - ORDER TO COME FROM COURT. (Related Document(s): 106 Order Regarding (related document(s): 105 Trustee's Motion for Show Cause Order (Attachments: # 1 Proposed Order)) (Order entered on 2/7/2018)) (Bryant, Jerrie) (Entered: 03/29/2018) |
| 03/28/2018 | | Hearing Held: GRANTED - ORDER SIGNED. (Related Document(s): 110 Motion to Withdraw Attorney filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Proposed Order # 2 Mailing matrix)) (Bryant, Jerrie) (Entered: 03/29/2018) |
| 03/29/2018 | 116 (2 pgs) | Order Allowing Withdrawal or Substitution Attorney (related document(s): 110 Motion to Withdraw Attorney filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Proposed Order # 2 Mailing matrix)) (Order entered on 3/29/2018) (Bryant, Jerrie) |
| 03/29/2018 | 117 (1 pg) | Order WITHDRAWING (related document(s): 106 Order Regarding (related document(s): 105 Trustee's Motion for Show Cause Order (Attachments: # 1 Proposed Order)) (Order entered on 2/7/2018)) (Order entered on 3/29/2018) (Bryant, Jerrie) |
| 03/31/2018 | 118 (6 pgs) | BNC Certificate of Mailing (Related Document(s): 116 Order Allowing Withdrawal or Substitution Attorney (related document(s): 110 Motion to Withdraw Attorney filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Proposed Order # 2 Mailing matrix)) (Order entered on 3/29/2018) Notice Date 03/31/2018. (Admin.) |
| 03/31/2018 | 119 (3 pgs) | BNC Certificate of Mailing (Related Document(s): 116 Order Allowing Withdrawal or Substitution Attorney (related document(s): 110 Motion to Withdraw Attorney filed by Samantha A. Kehl2 for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Proposed Order # 2 Mailing matrix)) (Order entered on 3/29/2018) Notice Date 03/31/2018. (Admin.) |
| 03/31/2018 | 120 (2 pgs) | BNC Certificate of Mailing (Related Document(s): 117 Order WITHDRAWING (related document(s): 106 Order Regarding (related document(s): 105 Trustee's Motion for Show Cause Order (Attachments: # 1 Proposed Order)) (Order entered on 2/7/2018)) (Order entered on 3/29/2018)) Notice Date 03/31/2018. (Admin.) |

| | | |
|---|---|---|
| 12/27/2018 | <u>121</u><br>(2 pgs) | Notice of Appearance and Request for Service of Notice filed by Harriet L. Langston for Creditor Ocwen Loan Servicing, LLC. (Langston, Harriet) |
| 02/13/2019 | <u>122</u><br>(55 pgs; 3 docs) | Motion for Relief from Stay *(6109 Bridgewood Dr., Killeen, TX 76549)(14 Day Objection Language)* ( Filing Fee: $ 181.00 ) filed by Harriet Langston Wagner for Creditor Ocwen Loan Servicing, LLC (Attachments: # <u>1</u> Affidavit # <u>2</u> Exhibit)(Wagner, Harriet Langston) |
| 02/13/2019 | | ICC-Fee Terminated for Motion Relief from Stay(12-61074-rbk) [motion,mrlfsty] ( 181.00), Amount $ 181.00, Receipt 20267980 (re:Doc# <u>122</u>) (U.S. Treasury) |
| 02/14/2019 | <u>123</u><br>(1 pg) | Televideo Conference Hearing: ANY EXHIBIT WHICH THE PARTIES MAY WANT THE COURT TO CONSIDER MUST BE MAILED TO THE COURTROOM DEPUTY SEVEN DAYS PRIOR TO THE HEARING... MAIL EXHIBITS TO U.S. BANKRUPTCY COURT, ATTN: DEANNA CASTLEBERRY, 615 E. HOUSTON ST., SAN ANTONIO, TEXAS 78205...IF TIME ESTIMATE EXCEEDS 20 MINUTES, PLEASE CALL DEANNA CASTLEBERRY AT 210-472-6720 EXT. 5735......... Hearing To Consider and Act Upon the Following: (Related Document(s): <u>122</u> Motion for Relief from Stay *(6109 Bridgewood Dr., Killeen, TX 76549)(14 Day Objection Language)* ( Filing Fee: $ 181.00 ) filed by Harriet Langston Wagner for Creditor Ocwen Loan Servicing, LLC (Attachments: # 1 Affidavit # 2 Exhibit)(Wagner, Harriet Langston)) **Hearing Scheduled For 3/5/2019 at 01:30 PM at Waco Bankruptcy Courtroom 1** (Bryant, Jerrie) |
| 02/16/2019 | <u>124</u><br>(3 pgs) | BNC Certificate of Mailing (Related Document(s): <u>123</u> Televideo Conference Hearing: ANY EXHIBIT WHICH THE PARTIES MAY WANT THE COURT TO CONSIDER MUST BE MAILED TO THE COURTROOM DEPUTY SEVEN DAYS PRIOR TO THE HEARING... MAIL EXHIBITS TO U.S. BANKRUPTCY COURT, ATTN: DEANNA CASTLEBERRY, 615 E. HOUSTON ST., SAN ANTONIO, TEXAS 78205...IF TIME ESTIMATE EXCEEDS 20 MINUTES, PLEASE CALL DEANNA CASTLEBERRY AT 210-472-6720 EXT. 5735......... Hearing To Consider and Act Upon the Following: (Related Document(s): <u>122</u> Motion for Relief from Stay *(6109 Bridgewood Dr., Killeen, TX 76549)(14 Day Objection Language)* ( Filing Fee: $ 181.00 ) filed by Harriet Langston Wagner for Creditor Ocwen Loan Servicing, LLC (Attachments: # 1 Affidavit # 2 Exhibit)(Wagner, Harriet Langston)) **Hearing Scheduled For 3/5/2019 at 01:30 PM at Waco Bankruptcy Courtroom 1** ) Notice Date 02/16/2019. (Admin.) |
| 03/05/2019 | | Hearing RESET (Related Document(s): <u>122</u> Motion for Relief from Stay *(6109 Bridgewood Dr., Killeen, TX 76549)* filed by Harriet Langston Wagner for Creditor Ocwen Loan Servicing, LLC. **Hearing Scheduled For 3/19/2019 at 1:30 PM at Waco Bankruptcy Courtroom 1** (Castleberry, Deanna)***RESET IN OPEN COURT FROM 03/05/19 - NO FURTHER NOTICE TO BE GIVEN***. |
| 03/19/2019 | | Hearing RESET (Related Document(s): <u>122</u> Motion for Relief from Stay **(6109 Bridgewood Dr., Killeen, TX 76549)** filed by Harriet Langston Wagner for Creditor Ocwen Loan Servicing, LLC. **Hearing Scheduled For 7/16/2019 at 1:30 PM at Waco Bankruptcy Courtroom 1** (Castleberry, Deanna)***RESET IN OPEN COURT FROM 3/19/19 - NO FURTHER NOTICE TO BE GIVEN******. |

| | | |
|---|---|---|
| 03/22/2019 | <u>125</u><br>(2 pgs; 2 docs) | Transfer of Claim (Without Waiver) Transfer Agreement 3001 (e) 2 Transferor: GMAC Mortgage, LLC (Claim No. 22) To PHH Mortgage Corporation ( Filing Fee $25) (Rivera, Javier) |
| 03/22/2019 | | ICC-Fee Terminated for Transfer of Claim (creditor)(12-61074-rbk) [crbatch,trclmcr] ( 25.00), Amount $ 25.00, Receipt 20377061 (re:Doc# <u>125</u>) (U.S. Treasury) |
| 03/27/2019 | <u>126</u><br>(2 pgs) | BNC Certificate of Mailing (Related Document(s): <u>125</u> Transfer of Claim (Without Waiver) Transfer Agreement 3001 (e) 2 Transferor: GMAC Mortgage, LLC (Claim No. 22) To PHH Mortgage Corporation ( Filing Fee $25)) Notice Date 03/27/2019. (Admin.) |
| 04/08/2019 | <u>127</u><br>(11 pgs; 4 docs) | Application to Employ Attorney, Ryan Rogers *(21 Day Objection Language)* filed by Evan M. Simpson for Debtor Brian Finell Kimber (Attachments: # <u>1</u> Exhibit Agreement # <u>2</u> Affidavit # <u>3</u> Proposed Order) (Simpson, Evan) |
| 04/08/2019 | <u>128</u><br>(1 pg) | Disclosure of Compensation by Attorney for Debtor filed by Evan M. Simpson for Debtor Brian Finell Kimber. (Simpson, Evan) |
| 05/03/2019 | <u>129</u><br>(1 pg) | Order Regarding (related document(s): <u>127</u> Application to Employ Attorney, Ryan Rogers *(21 Day Objection Language)* filed by Evan M. Simpson for Debtor Brian Finell Kimber (Attachments: # 1 Exhibit Agreement # 2 Affidavit # 3 Proposed Order)) (Party Godsey, Martin, P.C., and Baron & Budd, P.C. has been added to the case.) (Order entered on 5/3/2019) (Bryant, Jerrie) |
| 05/05/2019 | <u>130</u><br>(3 pgs) | BNC Certificate of Mailing (Related Document(s): <u>129</u> Order Regarding (related document(s): <u>127</u> Application to Employ Attorney, Ryan Rogers *(21 Day Objection Language)* filed by Evan M. Simpson for Debtor Brian Finell Kimber (Attachments: # 1 Exhibit Agreement # 2 Affidavit # 3 Proposed Order)) (Party Godsey, Martin, P.C., and Baron & Budd, P.C. has been added to the case.) (Order entered on 5/3/2019)) Notice Date 05/05/2019. (Admin.) |
| 07/16/2019 | | Hearing Held: AGREEMENT REACHED - AGREED ORDER TO COME FROM EVAN SIMPSON. (Related Document(s): <u>122</u> Motion for Relief from Stay *(6109 Bridgewood Dr., Killeen, TX 76549)(14 Day Objection Language)* ( Filing Fee: $ 181.00 ) filed by Harriet Langston Wagner for Creditor Ocwen Loan Servicing, LLC (Attachments: # 1 Affidavit # 2 Exhibit)(Wagner, Harriet Langston)) **Order due by 7/30/2019** (Voges, Teresa) (Entered: 07/17/2019) |
| 07/18/2019 | <u>131</u><br>(2 pgs) | Order Regarding (related document(s): <u>122</u> Motion for Relief from Stay *(6109 Bridgewood Dr., Killeen, TX 76549)(14 Day Objection Language)* ( Filing Fee: $ 181.00 ) filed by Harriet Langston Wagner for Creditor Ocwen Loan Servicing, LLC (Attachments: # 1 Affidavit # 2 Exhibit) (Wagner, Harriet Langston)) (Order entered on 7/18/2019) (Stephens, Deborah) |
| 10/25/2019 | <u>132</u><br>(1 pg) | Audio Recording Order By Evan Simpson. Hearing Date: 03/28/2018 $31.00 Receipt # 600424 10/25/2019. Audio Request Processed via email. (Stephens, Deborah) |
| 11/11/2019 | <u>133</u><br>(7 pgs; 2 docs) | Motion to Enter Discharge After Completion of Chapter 13 Plan with Reservation of Estate Rights *(21 Day Objection Language)* filed by Evan |

10/25/21, 11:21 AM

U.S.B.C. Western District of Texas (LIVE)

|  |  | M. Simpson for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Proposed Order)(Simpson, Evan) |
| --- | --- | --- |
| 11/26/2019 | 134<br>(6 pgs) | Response Filed by G Ray Hendren3 for Trustee G. Ray Hendren (Hendren3, G) (related document(s): 133 Motion to Enter Discharge After Completion of Chapter 13 Plan with Reservation of Estate Rights *(21 Day Objection Language)* filed by Evan M. Simpson for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Proposed Order)) |
| 11/26/2019 | 135<br>(1 pg) | **Hearing to Consider and Act Upon the Following: (IF TIME ESTIMATE EXCEEDS 20 MINUTES, PLEASE E-MAIL DEANNA CASTLEBERRY AT: deanna_castleberry@txwb.uscourts.gov)** (Related Document(s): 133 Motion to Enter Discharge After Completion of Chapter 13 Plan with Reservation of Estate Rights filed by Evan M. Simpson for Debtors Brian Finell Kimber, Malinda Denise Kimber. **Hearing Scheduled For 1/15/2020 at 9:30 AM at Waco Bankruptcy Courtroom 1 (Castleberry, Deanna)** |
| 11/28/2019 | 136<br>(5 pgs) | BNC Certificate of Mailing (Related Document(s): 135 **Hearing to Consider and Act Upon the Following: (IF TIME ESTIMATE EXCEEDS 20 MINUTES, PLEASE E-MAIL DEANNA CASTLEBERRY AT: deanna_castleberry@txwb.uscourts.gov)** (Related Document(s): 133 Motion to Enter Discharge After Completion of Chapter 13 Plan with Reservation of Estate Rights filed by Evan M. Simpson for Debtors Brian Finell Kimber, Malinda Denise Kimber. **Hearing Scheduled For 1/15/2020 at 9:30 AM at Waco Bankruptcy Courtroom 1)** Notice Date 11/28/2019. (Admin.) |
| 01/15/2020 | | Hearing RESET (Related Document(s): 133 Motion to Enter Discharge After Completion of Chapter 13 Plan with Reservation of Estate Rights filed by Evan M. Simpson for Debtors Brian Finell Kimber, Malinda Denise Kimber. **Hearing Scheduled For 2/19/2020 at 9:30 AM at Waco Bankruptcy Courtroom 1 (Castleberry, Deanna)***RESET IN OPEN COURT FROM 01/15/2020 - NO FURTHER NOTICE TO BE GIVEN***.** |
| 02/19/2020 | | Hearing Held: **GRANT-ORDER SIGNED.** (Related Document(s): 133 Motion to Enter Discharge After Completion of Chapter 13 Plan with Reservation of Estate Rights *(21 Day Objection Language)* filed by Evan M. Simpson for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Proposed Order)) (McGee, Maxine) (Entered: 02/20/2020) |
| 02/20/2020 | 137<br>(2 pgs) | Order Granting Motion To Enter Discharge After Completion Of Chapter 13 Plan With Reservation Of Estate Rights(related document(s): 133 Motion to Enter Discharge After Completion of Chapter 13 Plan with Reservation of Estate Rights *(21 Day Objection Language)* filed by Evan M. Simpson for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 Proposed Order)) (Order entered on 2/20/2020) (McGee, Maxine) |
| 02/22/2020 | 138<br>(4 pgs) | BNC Certificate of Mailing (Related Document(s): 137 Order Granting Motion To Enter Discharge After Completion Of Chapter 13 Plan With Reservation Of Estate Rights(related document(s): 133 Motion to Enter Discharge After Completion of Chapter 13 Plan with Reservation of Estate Rights *(21 Day Objection Language)* filed by Evan M. Simpson for Debtors Brian Finell Kimber, Malinda Denise Kimber (Attachments: # 1 |

10/25/21, 11:21 AM                          U.S.B.C. Western District of Texas (LIVE)

| | | Proposed Order)) (Order entered on 2/20/2020)) Notice Date 02/22/2020. (Admin.) |
|---|---|---|
| 02/24/2020 | 139 (2 pgs) | Order Discharging Both Debtors (Order entered on 2/24/2020) (McGee, Maxine) |
| 02/26/2020 | 140 (6 pgs) | BNC Certificate of Mailing (Related Document(s): 139 Order Discharging Both Debtors (Order entered on 2/24/2020)) Notice Date 02/26/2020. (Admin.) |
| 03/04/2020 | 141 (4 pgs) | Trustee's Final Report and Account Chapter 13 Case. (Hendren, G.) |
| 03/05/2020 | | Bankruptcy Case Closed (McGee, Maxine) |
| 03/07/2020 | 142 (8 pgs) | BNC Certificate of Mailing (Related Document(s): 141 Trustee's Final Report and Account Chapter 13 Case. (Hendren, G.)) Notice Date 03/07/2020. (Admin.) (Entered: 03/08/2020) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/25/2021 11:21:20 | | | |
| PACER Login: | ████ | Client Code: | |
| Description: | Docket Report | Search Criteria: | 12-61074-rbk Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| Billable Pages: | 16 | Cost: | 1.60 |

**CLOSED, DISMISSED**



# U.S. Bankruptcy Court
## Western District of Texas (Waco)
## Adversary Proceeding #: 12-06040-cag

*Assigned to:* Bankruptcy Judge Craig A. Gargotta
*Lead BK Case:* 12-61074
*Lead BK Title:* Brian Finell Kimber and Malinda Denise Kimber
*Lead BK Chapter:* 13
*Demand:* $10000000

*Date Filed:* 11/20/12
*Date Terminated:* 03/08/13
*Date Dismissed:* 03/19/13

*Nature[s] of Suit:* 21 Validity, priority or extent of lien or other interest in property
71 Injunctive relief - reinstatement of stay

### *Plaintiff*
-----------------------
**Brian Kimber**
6109 Bridgewood Dr.
Killeen, TX 76549
254-220-2945
SSN / ITIN: xxx-xx███

represented by **Brian Kimber**
PRO SE

### *Plaintiff*
-----------------------
**Malinda Denise Kimber**
6109 Bridgewood Dr.
Killeen, TX 76549-5080
SSN / ITIN: xxx-xx███

represented by **Malinda Denise Kimber**
PRO SE

V.

### *Defendant*
-----------------------
**GMAC Mortgage, Inc**

represented by **Glenn E. Glover**
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL 35203
205-521-8647
Email: gglover@babc.com

**James P. Watkins**
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL 35203
205-521-8183
Email: jwatkins@babc.com

*Defendant*
-----------------------

**Amerigroup Mortgage Corporation**                    represented by **Amerigroup Mortgage Corporation**
                                                                       PRO SE


*Defendant*
-----------------------

**Transcontinental Title Co.**                         represented by **Transcontinental Title Co.**
                                                                       PRO SE


*Defendant*
-----------------------

**Mortgage Electronic Registration Systems, Inc.**     represented by **Glenn E. Glover**
                                                                       (See above for address)

                                                                       **James P. Watkins**
                                                                       (See above for address)


*Defendant*
-----------------------

**Susan Turner**                                       represented by **Glenn E. Glover**
                                                                       (See above for address)

                                                                       **James P. Watkins**
                                                                       (See above for address)


*Defendant*
-----------------------

**Anh P. Nguyen**                                      represented by **Eddie R. Jimenez**
                                                                       Aldridge Pite, LLP
                                                                       4375 Jutland Dr, Suite 200
                                                                       PO Box 17933
                                                                       San Diego, CA 92177-0933
                                                                       (858) 750-7600
                                                                       Fax : (619) 590-1385
                                                                       Email: ecftxwb@aldridgepite.com


*Defendant*
-----------------------

**Executive Trustee Service LLC**                      represented by **Glenn E. Glover**
                                                                       (See above for address)

                                                                       **James P. Watkins**

(See above for address)

**Defendant**
------------------------

**Pite Duncan LLP**                          represented by **Eddie R. Jimenez**
                                             (See above for address)


**Defendant**
------------------------

**Gabriel Ozel**                             represented by **Eddie R. Jimenez**
                                             (See above for address)


**Defendant**
------------------------

**Raye Mayhorn**                             represented by **Jeffrey D Janota**
                                             Thompson, Coe, Cousins & Irons, LLP
                                             701 Brazos St., Ste. 1500
                                             Austin, TX 78701
                                             512-708-8200
                                             Fax : 512-708-8777
                                             Email: janota@mdjwlaw.com
                                             *TERMINATED: 01/16/2013*

                                             **George J Petras, IV**
                                             Henslee Schwartz, LLP
                                             2700 Via Fortuna
                                             Suite 100
                                             Austin, TX 78746
                                             512-708-1804
                                             Fax : 512-708-9037
                                             Email: gpetras@hensleeschwartz.com


**Defendant**
------------------------

**Realty Executives of Killeen, Inc.**       represented by **Jeffrey D Janota**
                                             (See above for address)
                                             *TERMINATED: 01/16/2013*

                                             **George J Petras, IV**
                                             (See above for address)


**Defendant**
------------------------

**Sol Jessy Lockhart**                       represented by **Jeffrey D Janota**
                                             (See above for address)
                                             *TERMINATED: 01/16/2013*

                                             **George J Petras, IV**

10/25/21, 9:51 AM                    U.S.B.C. Western District of Texas (LIVE)

(See above for address)

**Defendant**
----------------------

**Alarcon Law Group PC**                    represented by **Alarcon Law Group PC**
                                                          PRO SE

| Filing Date | # | Docket Text |
|---|---|---|
| 11/20/2012 | <u>3</u><br>(28 pgs; 14 docs) | Summons Issued on GMAC Mortgage, Inc Answer Due 12/20/2012; Amerigroup Mortgage Corporation Answer Due 12/20/2012; Transcontinental Title Co. Answer Due 12/20/2012; Mortgage Electronic Registration Systems, Inc. Answer Due 12/20/2012; Susan Turner Answer Due 12/20/2012; Anh P. Nguyen Answer Due 12/20/2012; Executive Trustee Service LLC Answer Due 12/20/2012; Pite Duncan LLP Answer Due 12/20/2012; Gabriel Ozel Answer Due 12/20/2012; Raye Mayhorn Answer Due 12/20/2012; Realty Executives of Killeen, Inc. Answer Due 12/20/2012; Sol Jessy Lockhart Answer Due 12/20/2012; Alarcon Law Group PC Answer Due 12/20/2012 (Hilliard, Joyce) Additional attachment(s) added on 11/20/2012 (Voges, Teresa). |
| 11/20/2012 | <u>2</u><br>(2 pgs) | Adversary Cover Sheet filed by Plaintiffs Brian Kimber, Malinda Denise Kimber (Voges, Teresa) |
| 11/20/2012 | <u>1</u><br>(13 pgs) | Complaint To Avoid Lien, Violation of the Automatic Stay, Conspiracy to Violate the Automatic Stay, for Declaratory Judgment and for Turnover filed by Brian Kimber, Malinda Denise Kimber against all defendants (Filing Fee: $ 0.00) (Voges, Teresa) Modified on 11/20/2012 (Voges, Teresa). |
| 11/20/2012 | | All defendants Answer Due Date (Voges, Teresa) (Entered: 12/26/2012) |
| 12/11/2012 | <u>4</u><br>(4 pgs) | Motion for Admission Pro Hac Vice Filed by James P. Watkins for Defendants Executive Trustee Service LLC, GMAC Mortgage, Inc, Mortgage Electronic Registration Systems, Inc., Susan Turner. (Watkins, James) |
| 12/11/2012 | <u>5</u><br>(4 pgs) | Motion for Admission Pro Hac Vice Filed by Glenn E. Glover for Defendants Executive Trustee Service LLC, GMAC Mortgage, Inc, Mortgage Electronic Registration Systems, Inc., Susan Turner. (Glover, Glenn) |
| 12/14/2012 | <u>6</u><br>(2 pgs) | Order Regarding (related document(s): <u>4</u> Motion for Admission Pro Hac Vice Filed by James P. Watkins for Defendants Executive Trustee Service LLC, GMAC Mortgage, Inc, Mortgage Electronic Registration Systems, Inc., Susan Turner.) (Order entered on 12/14/2012) (Witt, Jerrie) |
| 12/14/2012 | <u>7</u><br>(2 pgs) | Order Regarding (related document(s): <u>5</u> Motion for Admission Pro Hac Vice Filed by Glenn E. Glover for Defendants Executive Trustee Service LLC, GMAC Mortgage, Inc, Mortgage Electronic Registration Systems, Inc., Susan Turner.) (Order entered on 12/14/2012) (Witt, Jerrie) |
| 12/14/2012 | <u>8</u> | Notice of Appearance and Request for Service of Notice filed by James |

| | (3 pgs) | P. Watkins for Defendants Executive Trustee Service LLC, GMAC Mortgage, Inc, Mortgage Electronic Registration Systems, Inc., Susan Turner. (Watkins, James) |
|---|---|---|
| 12/14/2012 | <u>9</u> (3 pgs) | Notice of Appearance and Request for Service of Notice filed by Glenn E. Glover for Defendants Executive Trustee Service LLC, GMAC Mortgage, Inc, Mortgage Electronic Registration Systems, Inc., Susan Turner (Glover, Glenn) |
| 12/16/2012 | <u>10</u> (4 pgs) | BNC Certificate of Mailing (Related Document(s): <u>6</u> Order Regarding (related document(s): <u>4</u> Motion for Admission Pro Hac Vice Filed by James P. Watkins for Defendants Executive Trustee Service LLC, GMAC Mortgage, Inc, Mortgage Electronic Registration Systems, Inc., Susan Turner.) (Order entered on 12/14/2012)) Notice Date 12/16/2012. (Admin.) |
| 12/16/2012 | <u>11</u> (4 pgs) | BNC Certificate of Mailing (Related Document(s): <u>7</u> Order Regarding (related document(s): <u>5</u> Motion for Admission Pro Hac Vice Filed by Glenn E. Glover for Defendants Executive Trustee Service LLC, GMAC Mortgage, Inc, Mortgage Electronic Registration Systems, Inc., Susan Turner.) (Order entered on 12/14/2012)) Notice Date 12/16/2012. (Admin.) |
| 12/17/2012 | <u>12</u> (25 pgs; 2 docs) | Executive Trustee Service LLC's Notice of Bankruptcy Filing and Supplemental Servicing Order filed by Glenn E. Glover for Defendant Executive Trustee Service LLC (Attachments: # <u>1</u> Exhibit A) (Glover, Glenn) |
| 12/17/2012 | <u>13</u> (25 pgs; 2 docs) | GMAC Mortgage, LLC's Notice of Bankruptcy Filing and Supplemental Servicing Order filed by Glenn E. Glover for Defendant GMAC Mortgage, Inc (Attachments: # <u>1</u> Exhibit A) (Glover, Glenn) |
| 12/17/2012 | <u>14</u> (7 pgs) | Motion For Rule to Show Cause Against Defendants GMAC Mortgage, Sol Jessy Lockhart and Realty Executives of Killeen, Inc. dba Realty Executives International and Pite Duncan, LLP For Violation of Automatic Stay Provisions of Section 361 of Bankruptcy Code *(No Day Objection Language)* Filed by Plaintiffs Brian Kimber, Malinda Denise Kimber. (Witt, Jerrie) |
| 12/20/2012 | <u>15</u> (11 pgs) | Motion to Dismiss Case Filed by Eddie R. Jimenez for Defendants Anh P. Nguyen, Gabriel Ozel, Pite Duncan LLP. (Jimenez, Eddie) |
| 12/20/2012 | <u>16</u> (74 pgs; 8 docs) | Motion to Dismiss Case Filed by Glenn E. Glover for Defendants Executive Trustee Service LLC, GMAC Mortgage, Inc, Mortgage Electronic Registration Systems, Inc., Susan Turner. (Attachments: # <u>1</u> Exhibit A# <u>2</u> Exhibit B# <u>3</u> Exhibit C# <u>4</u> Exhibit D# <u>5</u> Exhibit E# <u>6</u> Exhibit F# <u>7</u> Exhibit G) (Glover, Glenn) |
| 12/21/2012 | <u>17</u> (7 pgs) | Answer to Complaint filed by Sol Jessy Lockhart, Raye Mayhorn, Realty Executives of Killeen, Inc., (Janota, Jeffrey) |
| 12/26/2012 | <u>18</u> (1 pg) | INCORRECT EVENT. Order to Obtain Summons Service on Brian and Malinda Kimber (Order entered on 12/26/2012) (Voges, Teresa) Modified on 12/26/2012 (Voges, Teresa). |
| 12/26/2012 | <u>19</u> (1 pg) | Order to Obtain Summons Service on Amerigroup Mortgage Corp. (Order entered on 12/26/2012) (Voges, Teresa) |

| | | |
|---|---|---|
| 12/26/2012 | 20<br>(1 pg) | Order to Obtain Summons Service on Transcontinental Title Co, Mortgage Electronic Registration, Susan Turner,Anh Nguyen,Executive Trustee Service LLC,Pite Duncan LLP, Gabriel Ozel, Raye Mayhorn,Realty Executives of Killeen, Sol Jessy Lockhart, Alarcon Law (Order entered on 12/26/2012) (Voges, Teresa) |
| 12/28/2012 | 21<br>(3 pgs) | BNC Certificate of Mailing (Related Document(s): 18 INCORRECT EVENT. Order to Obtain Summons Service on Brian and Malinda Kimber (Order entered on 12/26/2012) (Voges, Teresa) Modified on 12/26/2012 .) Notice Date 12/28/2012. (Admin.) (Entered: 12/29/2012) |
| 12/28/2012 | 22<br>(3 pgs) | BNC Certificate of Mailing (Related Document(s): 19 Order to Obtain Summons Service on Amerigroup Mortgage Corp. (Order entered on 12/26/2012)) Notice Date 12/28/2012. (Admin.) (Entered: 12/29/2012) |
| 12/28/2012 | 23<br>(3 pgs) | BNC Certificate of Mailing (Related Document(s): 20 Order to Obtain Summons Service on Transcontinental Title Co, Mortgage Electronic Registration, Susan Turner,Anh Nguyen,Executive Trustee Service LLC,Pite Duncan LLP, Gabriel Ozel, Raye Mayhorn,Realty Executives of Killeen, Sol Jessy Lockhart, Alarcon Law (Order entered on 12/26/2012)) Notice Date 12/28/2012. (Admin.) (Entered: 12/29/2012) |
| 12/31/2012 | 24<br>(6 pgs) | Response Filed by James P. Watkins for Defendant GMAC Mortgage, Inc. (Watkins, James) (related document(s): 14 Motion For Rule to Show Cause Against Defendants GMAC Mortgage, Sol Jessy Lockhart and Realty Executives of Killeen, Inc. dba Realty Executives International and Pite Duncan, LLP For Violation of Automatic Stay Provisions of Section 361 of Bankruptcy Code *(No Day Objection Language)* Filed by Plaintiffs Brian Kimber, Malinda Denise Kimber.) |
| 01/07/2013 | 25<br>(9 pgs) | Response Filed by Eddie R. Jimenez for Defendants Anh P. Nguyen, Gabriel Ozel, Pite Duncan LLP. (Jimenez, Eddie) (related document(s): 14 Motion For Rule to Show Cause Against Defendants GMAC Mortgage, Sol Jessy Lockhart and Realty Executives of Killeen, Inc. dba Realty Executives International and Pite Duncan, LLP For Violation of Automatic Stay Provisions of Section 361 of Bankruptcy Code *(No Day Objection Language)* Filed by Plaintiffs Brian Kimber, Malinda Denise Kimber.) |
| 01/08/2013 | 26<br>(3 pgs) | Response Filed by Jeffrey D Janota for Defendants Realty Executives of Killeen, Inc., Jesse Sol Lockhart (Janota, Jeffrey) (related document(s): 14 Motion For Rule to Show Cause Against Defendants GMAC Mortgage, Sol Jessy Lockhart and Realty Executives of Killeen, Inc. dba Realty Executives International and Pite Duncan, LLP For Violation of Automatic Stay Provisions of Section 361 of Bankruptcy Code *(No Day Objection Language)* Filed by Plaintiffs Brian Kimber, Malinda Denise Kimber.) Modified on 1/30/2013 (Hardage, Bridget). |
| 01/11/2013 | 27<br>(5 pgs; 2 docs) | Certificate of Service filed by James P. Watkins for Defendants Executive Trustee Service LLC, GMAC Mortgage, Inc, Mortgage Electronic Registration Systems, Inc., Susan Turner (Attachments: # 1 Exhibit A) (Watkins, James) (related document(s): 16 Motion to Dismiss Case Filed by Glenn E. Glover for Defendants Executive Trustee Service LLC, GMAC Mortgage, Inc, Mortgage Electronic Registration Systems, Inc., Susan Turner. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G)) |

| | | |
|---|---|---|
| 01/15/2013 | <u>28</u><br>(2 pgs) | Notice to Substitute Attorney filed by George J Petras IV for Defendant Realty Executives of Killeen, Inc., Defendant Sol Jessy Lockhart, Defendant Raye Mayhorn (Petras, George) (included defendant filers' names to match PDF....)Modified on 1/16/2013 (Hardage, Bridget). |
| 01/16/2013 | <u>29</u><br>(1 pg) | **Hearing to Consider and Act Upon the Following:** (related document(s): <u>16</u> Motion to Dismiss Case Filed by Glenn E. Glover for Defendants Executive Trustee Service LLC, GMAC Mortgage, Inc, Mortgage Electronic Registration Systems, Inc., Susan Turner. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G)) Hearing **Scheduled For 2/19/2013 at 02:15 PM at Waco Bankruptcy Courtroom 1**.....*IF TIME ESTIMATE FOR BOTH SIDES EXCEEDS 30 MINUTES, PLEASE EMAIL THE COURTROOM DEPUTY AT JENNIFER_LOPEZ@TXWB.USCOURTS.GOV FOR A SPECIAL SETTING.* (Lopez, Jennifer) |
| 01/16/2013 | <u>30</u><br>(1 pg) | **Hearing to Consider and Act Upon the Following:** (related document(s): <u>15</u> Motion to Dismiss Case Filed by Eddie R. Jimenez for Defendants Anh P. Nguyen, Gabriel Ozel, Pite Duncan LLP.) **Hearing Scheduled For 2/19/2013 at 02:15 PM at Waco Bankruptcy Courtroom 1** .....*IF TIME ESTIMATE FOR BOTH SIDES EXCEEDS 30 MINUTES, PLEASE EMAIL THE COURTROOM DEPUTY AT JENNIFER_LOPEZ@TXWB.USCOURTS.GOV FOR A SPECIAL SETTING.* (Lopez, Jennifer) |
| 01/18/2013 | <u>31</u><br>(1 pg) | **Hearing to Consider and Act Upon the Following:** (related document(s): <u>14</u> Motion For Rule to Show Cause Against Defendants GMAC Mortgage, Sol Jessy Lockhart and Realty Executives of Killeen, Inc. dba Realty Executives International and Pite Duncan, LLP For Violation of Automatic Stay Provisions of Section 361 of Bankruptcy Code *(No Day Objection Language)* Filed by Plaintiffs Brian Kimber, Malinda Denise Kimber.) **Hearing Scheduled For 2/19/2013 at 02:15 PM at Waco Bankruptcy Courtroom 1** .....*IF TIME ESTIMATE FOR BOTH SIDES EXCEEDS 30 MINUTES, PLEASE EMAIL THE COURTROOM DEPUTY AT JENNIFER_LOPEZ@TXWB.USCOURTS.GOV FOR A SPECIAL SETTING.* (Lopez, Jennifer) |
| 01/18/2013 | <u>32</u><br>(3 pgs) | BNC Certificate of Mailing (Related Document(s): <u>29</u> **Hearing to Consider and Act Upon the Following:** (related document(s): <u>16</u> Motion to Dismiss Case Filed by Glenn E. Glover for Defendants Executive Trustee Service LLC, GMAC Mortgage, Inc, Mortgage Electronic Registration Systems, Inc., Susan Turner. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G)) Hearing **Scheduled For 2/19/2013 at 02:15 PM at Waco Bankruptcy Courtroom 1**.....*IF TIME ESTIMATE FOR BOTH SIDES EXCEEDS 30 MINUTES, PLEASE EMAIL THE COURTROOM DEPUTY AT JENNIFER_LOPEZ@TXWB.USCOURTS.GOV FOR A SPECIAL SETTING.*) Notice Date 01/18/2013. (Admin.) (Entered: 01/19/2013) |
| 01/18/2013 | <u>33</u><br>(3 pgs) | BNC Certificate of Mailing (Related Document(s): <u>30</u> **Hearing to Consider and Act Upon the Following:** (related document(s): <u>15</u> Motion to Dismiss Case Filed by Eddie R. Jimenez for Defendants Anh P. Nguyen, Gabriel Ozel, Pite Duncan LLP.) **Hearing Scheduled For 2/19/2013 at 02:15 PM at Waco Bankruptcy Courtroom 1** .....*IF TIME ESTIMATE FOR BOTH SIDES EXCEEDS 30 MINUTES, PLEASE EMAIL THE COURTROOM DEPUTY AT* |

| | | |
|---|---|---|
| | | *JENNIFER_LOPEZ@TXWB.USCOURTS.GOV FOR A SPECIAL SETTING.*) Notice Date 01/18/2013. (Admin.) (Entered: 01/19/2013) |
| 01/20/2013 | <u>34</u><br>(3 pgs) | BNC Certificate of Mailing (Related Document(s): <u>31</u> **Hearing to Consider and Act Upon the Following:** (related document(s): <u>14</u> Motion For Rule to Show Cause Against Defendants GMAC Mortgage, Sol Jessy Lockhart and Realty Executives of Killeen, Inc. dba Realty Executives International and Pite Duncan, LLP For Violation of Automatic Stay Provisions of Section 361 of Bankruptcy Code *(No Day Objection Language)* Filed by Plaintiffs Brian Kimber, Malinda Denise Kimber.) **Hearing Scheduled For 2/19/2013 at 02:15 PM at Waco Bankruptcy Courtroom 1** .....*IF TIME ESTIMATE FOR BOTH SIDES EXCEEDS 30 MINUTES, PLEASE EMAIL THE COURTROOM DEPUTY AT JENNIFER_LOPEZ@TXWB.USCOURTS.GOV FOR A SPECIAL SETTING.*) Notice Date 01/20/2013. (Admin.) (Entered: 01/21/2013) |
| 01/31/2013 | <u>35</u><br>(1 pg) | Order for Brian and Malinda Kimber to Seek Default against Amerigroup, Transcontinental, Alarcon . Default Judgment Motion due by 3/4/2013 (Order entered on 1/31/2013) (Witt, Jerrie) |
| 02/02/2013 | <u>36</u><br>(3 pgs) | BNC Certificate of Mailing (Related Document(s): <u>35</u> Order for Brian and Malinda Kimber to Seek Default against Amerigroup, Transcontinental, Alarcon . Default Judgment Motion due by 3/4/2013 (Order entered on 1/31/2013)) Notice Date 02/02/2013. (Admin.) |
| 02/13/2013 | <u>37</u><br>(5 pgs) | Motion for Telephonic Appearance at Hearing Filed by Eddie R. Jimenez for Defendants Anh P. Nguyen, Gabriel Ozel, Pite Duncan LLP. (Jimenez, Eddie) (related document(s): <u>15</u> Motion to Dismiss Case Filed by Eddie R. Jimenez for Defendants Anh P. Nguyen, Gabriel Ozel, Pite Duncan LLP.) |
| 02/14/2013 | <u>38</u><br>(2 pgs) | Order Granting Telephonic Appearance (related document(s): <u>37</u> Motion for Telephonic Appearance at Hearing Filed by Eddie R. Jimenez for Defendants Anh P. Nguyen, Gabriel Ozel, Pite Duncan LLP. (Jimenez, Eddie) (related document(s): <u>15</u> Motion to Dismiss Case Filed by Eddie R. Jimenez for Defendants Anh P. Nguyen, Gabriel Ozel, Pite Duncan LLP.)) (Order entered on 2/14/2013) (Witt, Jerrie) |
| 02/16/2013 | <u>39</u><br>(4 pgs) | BNC Certificate of Mailing (Related Document(s): <u>38</u> Order Granting Telephonic Appearance (related document(s): <u>37</u> Motion for Telephonic Appearance at Hearing Filed by Eddie R. Jimenez for Defendants Anh P. Nguyen, Gabriel Ozel, Pite Duncan LLP. (Jimenez, Eddie) (related document(s): <u>15</u> Motion to Dismiss Case Filed by Eddie R. Jimenez for Defendants Anh P. Nguyen, Gabriel Ozel, Pite Duncan LLP.)) (Order entered on 2/14/2013)) Notice Date 02/16/2013. (Admin.) (Entered: 02/17/2013) |
| 02/19/2013 | <u>40</u><br>(2 pgs) | Order Granting (related document(s): <u>15</u> Motion to Dismiss Case Filed by Eddie R. Jimenez for Defendants Anh P. Nguyen, Gabriel Ozel, Pite Duncan LLP.) (Order entered on 2/19/2013) (Witt, Jerrie) |
| 02/19/2013 | | Hearing Held: DENIED; ORDER IN FILE TO BE STAMPED DENIED. . (related document(s): <u>14</u> Motion For Rule to Show Cause Against Defendants GMAC Mortgage, Sol Jessy Lockhart and Realty Executives of Killeen, Inc. dba Realty Executives International and Pite Duncan, LLP For Violation of Automatic Stay Provisions of Section 361 of |

| | | |
|---|---|---|
| | | Bankruptcy Code *(No Day Objection Language)* Filed by Plaintiffs Brian Kimber, Malinda Denise Kimber.) (Witt, Jerrie) (Entered: 02/20/2013) |
| 02/19/2013 | | Hearing Held: APPROVED; ORDER IN FILE TO BE ENTERED. . (related document(s): 15 Motion to Dismiss Case Filed by Eddie R. Jimenez for Defendants Anh P. Nguyen, Gabriel Ozel, Pite Duncan LLP.) (Witt, Jerrie) (Entered: 02/20/2013) |
| 02/19/2013 | | Hearing Held: APPROVED AS STATED ON THE RECORD; ORDER TO COME BY: MR. GLOVER. Order Due to be filed by: Glenn E. Glover . (related document(s): 16 Motion to Dismiss Case Filed by Glenn E. Glover for Defendants Executive Trustee Service LLC, GMAC Mortgage, Inc, Mortgage Electronic Registration Systems, Inc., Susan Turner. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G)) Order due by 3/5/2013 (Witt, Jerrie) (Entered: 02/20/2013) |
| 02/21/2013 | 41 (2 pgs) | Order Granting In Part and Denying In Part (related document(s): 16 Motion to Dismiss Case Filed by Glenn E. Glover for Defendants Executive Trustee Service LLC, GMAC Mortgage, Inc, Mortgage Electronic Registration Systems, Inc., Susan Turner. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G) (Order entered on 2/21/2013) (Witt, Jerrie) |
| 02/21/2013 | 42 (4 pgs) | BNC Certificate of Mailing (Related Document(s): 40 Order Granting (related document(s): 15 Motion to Dismiss Case Filed by Eddie R. Jimenez for Defendants Anh P. Nguyen, Gabriel Ozel, Pite Duncan LLP.) (Order entered on 2/19/2013)) Notice Date 02/21/2013. (Admin.) (Entered: 02/22/2013) |
| 02/23/2013 | 43 (4 pgs) | BNC Certificate of Mailing (Related Document(s): 41 Order Granting In Part and Denying In Part (related document(s): 16 Motion to Dismiss Case Filed by Glenn E. Glover for Defendants Executive Trustee Service LLC, GMAC Mortgage, Inc, Mortgage Electronic Registration Systems, Inc., Susan Turner. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G) (Order entered on 2/21/2013)) Notice Date 02/23/2013. (Admin.) (Entered: 02/24/2013) |
| 02/25/2013 | 44 (2 pgs) | Order Regarding (DENYING) (related document(s): 14 Motion For Rule to Show Cause Against Defendants GMAC Mortgage, Sol Jessy Lockhart and Realty Executives of Killeen, Inc. dba Realty Executives International and Pite Duncan, LLP For Violation of Automatic Stay Provisions of Section 361 of Bankruptcy Code *(No Day Objection Language)* Filed by Plaintiffs Brian Kimber, Malinda Denise Kimber.) (Order entered on 2/25/2013) (Witt, Jerrie) |
| 02/27/2013 | 45 (4 pgs) | BNC Certificate of Mailing (Related Document(s): 44 Order Regarding (DENYING) (related document(s): 14 Motion For Rule to Show Cause Against Defendants GMAC Mortgage, Sol Jessy Lockhart and Realty Executives of Killeen, Inc. dba Realty Executives International and Pite Duncan, LLP For Violation of Automatic Stay Provisions of Section 361 of Bankruptcy Code *(No Day Objection Language)* Filed by Plaintiffs Brian Kimber, Malinda Denise Kimber.) (Order entered on 2/25/2013)) Notice Date 02/27/2013. (Admin.) (Entered: 02/28/2013) |
| 03/08/2013 | | Adversary Case Closed (Witt, Jerrie) Modified on 3/13/2013 (Witt, Jerrie). |

10/25/21, 9:51 AM                    U.S.B.C. Western District of Texas (LIVE)

| | | |
|---|---|---|
| 03/19/2013 | <u>46</u><br>(2 pgs) | Order Granting (related document(s): <u>16</u> Motion to Dismiss Case Filed by Glenn E. Glover for Defendants Executive Trustee Service LLC, GMAC Mortgage, Inc, Mortgage Electronic Registration Systems, Inc., Susan Turner. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G)) (Order entered on 3/19/2013) (Witt, Jerrie) |
| 03/21/2013 | <u>47</u><br>(4 pgs) | BNC Certificate of Mailing (Related Document(s): <u>46</u> Order Granting (related document(s): <u>16</u> Motion to Dismiss Case Filed by Glenn E. Glover for Defendants Executive Trustee Service LLC, GMAC Mortgage, Inc, Mortgage Electronic Registration Systems, Inc., Susan Turner. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G)) (Order entered on 3/19/2013)) Notice Date 03/21/2013. (Admin.) (Entered: 03/22/2013) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/25/2021 09:51:09 | | | |
| **PACER Login:** | ▬▬▬ | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 12-06040-cag Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 7 | **Cost:** | 0.70 |

28-Oct-2021 13:07    -                                18173821799         p.99
Case 6:21-cv-01135  Document 1  Filed 11/04/21  Page 110 of 147
12-61074-rbk  Doc#141  Filed 03/04/20  Entered 03/04/20 13:55:17  Pg 1 of 4

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

In re:                                            Case No. 12-61074

     BRIAN FINELL KIMBER
     MALINDA DENISE KIMBER
        Debtor(s)

### CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT

    Ray Hendren, chapter 13 trustee, submits the following Final Report and Account of the administration of the estate pursuant to 11 U.S.C. § 1302(b)(1). The trustee declares as follows:

1)  The case was filed on 10/08/2012.

2)  The plan was confirmed on 03/26/2013.

3)  The plan was modified by order after confirmation pursuant to 11 U.S.C. § 1329 on 03/28/2014, 01/20/2016.

4)  The trustee filed action to remedy default by the debtor in performance under the plan on 12/18/2013.

5)  The case was completed on 04/18/2018.

6)  Number of months from filing to last payment: 66.

7)  Number of months case was pending: 89.

8)  Total value of assets abandoned by court order:  NA .

9)  Total value of assets exempted: $43,972.47.

10) Amount of unsecured claims discharged without payment: $0.00.

11) All checks distributed by the trustee relating to this case have cleared the bank.

**UST Form 101-13-FR-S (9/1/2009)**

EXHIBIT
G

**Summary of Disbursements to Creditors:**

| | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|
| **Secured Payments:** | | | |
| Mortgage Ongoing | $164,565.86 | $0.00 | $0.00 |
| Mortgage Arrearage | $15,064.45 | $15,064.45 | $0.00 |
| Debt Secured by Vehicle | $21,352.86 | $21,352.86 | $2,355.23 |
| All Other Secured | $1,469.14 | $0.00 | $0.00 |
| **TOTAL SECURED:** | **$202,452.31** | **$36,417.31** | **$2,355.23** |
| | | | |
| **Priority Unsecured Payments:** | | | |
| Domestic Support Arrearage | $0.00 | $0.00 | $0.00 |
| Domestic Support Ongoing | $0.00 | $0.00 | $0.00 |
| All Other Priority | $8,607.24 | $8,607.24 | $81.49 |
| **TOTAL PRIORITY:** | **$8,607.24** | **$8,607.24** | **$81.49** |
| | | | |
| **GENERAL UNSECURED PAYMENTS:** | **$23,435.44** | **$5,776.57** | **$0.00** |

**Disbursements:**

| | | |
|---|---|---|
| Expenses of Administration | $4,765.57 | |
| Disbursements to Creditors | $53,237.84 | |
| | | |
| **TOTAL DISBURSEMENTS :** | | **$58,003.41** |

12) The trustee certifies that, pursuant to Federal Rule of Bankruptcy Procedure 5009, the estate has been fully administered, the foregoing summary is true and complete, and all administrative matters for which the trustee is responsible have been completed. The trustee requests a final decree be entered that discharges the trustee and grants such other relief as may be just and proper.

Dated: 03/04/2020        By: /s/ Ray Hendren

                               Trustee

**STATEMENT:** This Unified Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-13-FR-S (9/1/2009)**

28-Oct-2021  13:08      —                               18173821799                    p.101

Case 6:21-cv-01135  Document 1  Filed 11/04/21  Page 112 of 147
12-61074-rbk  Doc#141  Filed 03/04/20  Entered 03/04/20 13:55:17  Pg 2 of 4

## Receipts:

| | |
|---|---|
| Total paid by or on behalf of the debtor | $63,013.55 |
| Less amount refunded to debtor | $5,010.14 |

**NET RECEIPTS:**                                                                          **$58,003.41**

## Expenses of Administration:

| | |
|---|---|
| Attorney's Fees Paid Through the Plan | $0.00 |
| Court Costs | $0.00 |
| Trustee Expenses & Compensation | $4,765.57 |
| Other | $0.00 |

**TOTAL EXPENSES OF ADMINISTRATION:**                                       **$4,765.57**

Attorney fees paid and disclosed by debtor:                    $0.00

## Scheduled Creditors:

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Int. Paid |
|---|---|---|---|---|---|---|
| AAFES/MIL STAR/EXCHANGE | Unsecured | 4,702.00 | 3,134.69 | 3,134.69 | 772.67 | 0.00 |
| AAFES/MIL STAR/EXCHANGE | Unsecured | 7,630.00 | 7,440.28 | 7,440.28 | 1,833.95 | 0.00 |
| ALLIED DATA CORP | Unsecured | NA | NA | NA | 0.00 | 0.00 |
| AMERILOAN | Unsecured | NA | NA | NA | 0.00 | 0.00 |
| ASPIRE | Unsecured | 882.00 | NA | NA | 0.00 | 0.00 |
| ASSET ACCEPTANCE | Unsecured | 1,350.75 | 1,350.75 | NA | 0.00 | 0.00 |
| AUSTIN FINANCE | Unsecured | 375.00 | NA | NA | 0.00 | 0.00 |
| AUSTIN FINANCE | Unsecured | 406.00 | NA | NA | 0.00 | 0.00 |
| AVON PRODUCTS | Unsecured | 274.35 | NA | NA | 0.00 | 0.00 |
| BARKSDALE FEDERAL CREDIT UNIC | Secured | 669.00 | 669.14 | 669.14 | 0.00 | 0.00 |
| BROCKWAY GERSBACH FRANKLIN ; | Unsecured | NA | 435.00 | 435.00 | 107.22 | 0.00 |
| CAPITAL ONE SERVICES INC | Unsecured | 303.00 | NA | NA | 0.00 | 0.00 |
| CAVALRY PORTFOLIO SERVICES | Unsecured | 611.00 | 631.15 | 631.15 | 155.57 | 0.00 |
| CENTURYLINK BANKRUPTCY | Unsecured | 269.00 | NA | NA | 0.00 | 0.00 |
| COLONIAL REAL ESTATE | Unsecured | 4,954.00 | NA | NA | 0.00 | 0.00 |
| COLUMBIA HOUSE | Unsecured | 96.00 | NA | NA | 0.00 | 0.00 |
| CREDIT FIRST NA | Unsecured | 777.00 | 777.08 | 777.08 | 191.54 | 0.00 |
| CREDIT MANAGEMENT INC | Unsecured | 383.00 | NA | NA | 0.00 | 0.00 |
| DELTA CENTAL OF CALIFORNIA | Unsecured | NA | NA | NA | 0.00 | 0.00 |
| DENOVUS CORP | Unsecured | NA | NA | NA | 0.00 | 0.00 |
| FAST CASH DIRECT | Unsecured | NA | NA | NA | 0.00 | 0.00 |
| FORT HOOD NATIONAL BANK | Unsecured | 361.00 | 479.53 | 479.53 | 118.20 | 0.00 |
| INSOLVE RECOVERY | Unsecured | 647.58 | NA | NA | 0.00 | 0.00 |
| INTERNAL REVENUE SERVICE | Unsecured | NA | 242.31 | 242.31 | 59.73 | 0.00 |
| INTERNAL REVENUE SERVICE | Priority | 1,823.54 | 1,823.54 | 1,823.54 | 1,823.54 | 0.00 |
| INTERNAL REVENUE SERVICE | Priority | NA | 3,467.70 | 3,467.70 | 3,467.70 | 81.49 |
| JEFFERSON CAPITAL SYSTEMS LLC | Unsecured | NA | 596.42 | 596.42 | 147.01 | 0.00 |
| JWC PROPERTY MANAGEMENT | Unsecured | 768.00 | NA | NA | 0.00 | 0.00 |
| MID AMERICA BANK & TRUST CO | Unsecured | 490.00 | NA | NA | 0.00 | 0.00 |
| MIDLANDMCM | Unsecured | 2,423.00 | NA | NA | 0.00 | 0.00 |
| MORGAN BUILDINGS & SPAS INC | Secured | 2,562.17 | NA | NA | 0.00 | 0.00 |

UST Form 101-13-FR-S (9/1/2009)

12-61074-rbk   Doc#141   Filed 03/04/20   Entered 03/04/20 13:55:17   Pg 3 of 4

## Scheduled Creditors:

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Int. Paid |
|---|---|---|---|---|---|---|
| NATIONAL CREDIT ADJUSTERS | Unsecured | 778.00 | NA | NA | 0.00 | 0.00 |
| NISSAN MOTOR ACCEPTANCE CORP | Unsecured | 3,631.00 | 3,803.73 | 3,803.73 | 937.58 | 0.00 |
| PAYDAY ONE | Unsecured | NA | NA | NA | 0.00 | 0.00 |
| PHH MORTGAGE CORP | Secured | 15,064.45 | 15,064.45 | 15,064.45 | 15,064.45 | 0.00 |
| PHH MORTGAGE CORP | Secured | 172,000.00 | 164,565.86 | 164,565.86 | 0.00 | 0.00 |
| PHH MORTGAGE CORP | Secured | NA | 400.00 | 400.00 | 0.00 | 0.00 |
| PHH MORTGAGE CORP | Secured | NA | 400.00 | 400.00 | 0.00 | 0.00 |
| PIONEER MILITARY LENDING | Unsecured | 855.00 | NA | NA | 0.00 | 0.00 |
| PITE DUNCAN | Unsecured | NA | NA | NA | 0.00 | 0.00 |
| PLAINS COMMERCE BANK | Unsecured | 238.00 | NA | NA | 0.00 | 0.00 |
| PORTFOLIO RECOVERY ASSOC | Unsecured | NA | 610.93 | 610.93 | 150.59 | 0.00 |
| PORTFOLIO RECOVERY ASSOC | Unsecured | 224.00 | 224.53 | 224.53 | 55.34 | 0.00 |
| PORTFOLIO RECOVERY ASSOC | Unsecured | 309.00 | 309.66 | 309.66 | 76.33 | 0.00 |
| PORTFOLIO RECOVERY ASSOC | Unsecured | 426.86 | 426.86 | 426.86 | 105.21 | 0.00 |
| PUBLISHERS CLEARING HOUSE | Unsecured | NA | NA | NA | 0.00 | 0.00 |
| ▇▇▇ GROUP LLC | Unsecured | 1,122.00 | 1,154.08 | 1,154.08 | 284.47 | 0.00 |
| REGIONAL ACCEPTANCE CORP | Secured | 10,748.00 | 10,590.78 | 10,590.78 | 10,590.78 | 1,264.14 |
| RELIANT ENERGY | Unsecured | 190.00 | 190.00 | 190.00 | 46.83 | 0.00 |
| RESURGENT CAPITAL SERVICES | Unsecured | NA | 433.48 | 433.48 | 106.84 | 0.00 |
| RJM ACQUISITIONS FUNDING LLC | Unsecured | 46.00 | NA | NA | 0.00 | 0.00 |
| ROYAL MANAGEMENT | Unsecured | 383.00 | NA | NA | 0.00 | 0.00 |
| SANTANDER CONSUMER USA | Secured | 10,762.08 | 10,762.08 | 10,762.08 | 10,762.08 | 1,091.09 |
| SECURITY FINANCE | Unsecured | 904.00 | 703.73 | 703.73 | 173.46 | 0.00 |
| SMILE CARE DENTAL | Unsecured | NA | NA | NA | 0.00 | 0.00 |
| SPRINT NEXTEL - DISTRIBUTIONS | Unsecured | 591.00 | 839.16 | 839.16 | 206.84 | 0.00 |
| STRATFORD CAREER INSTITUTE | Unsecured | 350.00 | NA | NA | 0.00 | 0.00 |
| TAKE IT HOME TODAY | Secured | 3,135.00 | NA | NA | 0.00 | 0.00 |
| THE KEHL LAW FIRM PC | Priority | 3,316.00 | 0.00 | 3,316.00 | 3,316.00 | 0.00 |
| TXU ENERGY | Unsecured | NA | NA | NA | 0.00 | 0.00 |
| UNITED CASH LOANS | Unsecured | NA | NA | NA | 0.00 | 0.00 |
| WORLD ACCEPTANCE CORP | Unsecured | 700.00 | 630.20 | 630.20 | 155.34 | 0.00 |
| WORLD ACCEPTANCE CORP | Unsecured | 235.00 | 372.62 | 372.62 | 91.85 | 0.00 |

**UST Form 101-13-FR-S (9/1/2009)**

10/26/21, 10:26 AM                                   Details

## Case Information

316038 | KIMBER, BRIAN FINELL VS. PHH MORTGAGE CORPORATION

| Case Number | Court | Judicial Officer |
|---|---|---|
| 316038 | 146th Judicial District Court | Jones, Jack W |
| File Date | Case Type | Case Status |
| 03/02/2020 | Real Property: Other | Disposed |

## Party

Plaintiff
**KIMBER, BRIAN FINELL**

Active Attorneys ▾
Lead Attorney
**MINERVE, JAMES**
**Retained**

Defendant
**PHH MORTGAGE CORPORATION**

## Cause of Action

| File Date | Cause of Action | Type | Filed By | Filed Against |
|---|---|---|---|---|
| 03/02/2020 | Civil Cause of Action | Action | | |

## Disposition Events

03/25/2020 **Judgment** ▾



10/26/21, 10:26 AM  Details

Judgment Type
Dismissed Judgment

# Events and Hearings

03/02/2020 New Case Filed (OCA)

03/02/2020 Docket ▾

Comment
PLAINITFFS' ORIGINAL PETITION FOR DECLARATORY JUDGMENT AND APPLICATION FOR TEMPORARY
RESTRAINING ORDER AND INJUNCTIVE RELIEF BY MINERVE

03/02/2020 Docket ▾

Comment
GENERAL AFFIDAVIT

03/02/2020 Docket ▾

Comment
RESPA QUALIFIED WRITTEN REQUEST AND NOTICE OF ERROR

03/02/2020 Docket ▾

Comment
CERTIFICATE OF COMPLIANCE WITH LOCAL RULES REGARDING NOTIFYING OPPOSING COUNSEL

03/02/2020 Docket ▾

Comment
TEMPORARY EX PARTE RESTRAINING ORDER, ORDER TO TO POST BOND, AND ORDER SETTING
HEARING FOR TEMPORARY INJUNCTION AND TEMPORARY ORDERS SIGNED BY JUDGE JONES
03/02/2020

03/02/2020 Docket ▾

Comment
TEMPORARY RESTRAINING ORDER BOND

03/02/2020 Docket ▾

Comment
OATH OF SURETY

10/26/21, 10:26 AM                                        Details

03/02/2020 Cause Of Action ▾

    **Action**               **File Date**
    **Civil Cause of Action**      **03/02/2020**

████████ Docket ▾

    Comment
    **NOTICE OF SETTING DATED 3/2/20**

03/11/2020 Inactive/Active Log (Converted) ▾

    Comment
    **End_Date 2020-03-13 Log Type: I Log Reason: SETTLED Reason Note: PARTIES SETTLED - ATTYS TO
    PREPARE DOCUMENTS Duration Days: 2 End Reason: NOTICE OF NONSUIT FILED**

03/11/2020 Docket ▾

    Comment
    **\*\*- file folder given to CTB**

03/11/2020 Docket ▾

    Comment
    **COPY REQUEST FROM KATHY LOWERY- EMAILED**

03/13/2020 Temporary Injunction ▾

**Original Type**
**Temporary Injunction**

**Judicial Officer**
**Jones, Jack W**

**Hearing Time**
**9:00 AM**

**Result**
**Passed**

Comment

03/13/2020 Inactive/Active Log (Converted) ▾

    Comment
    **End_Date 2020-03-25 Log Type: I Log Reason: SETTLED Reason Note: NOTICE OF NON-SUIT FILED -
    CLERK TO CLOSE Duration Days: 12 End Reason: Enter FINAL ORDER or JUDGMENT.**

03/13/2020 Docket ▾

    Comment
    **\*\*- file folder returned- CTB**

Details

03/16/2020 Docket ▾

Comment
**PLAINTIFFS BRIAN FINELL KIMBER NOTICE OF NON-SUIT WITH PREJUDICE - SD SAW**

03/16/2020 Docket ▾

Comment
**\*\*- FILE FOLDER GIVEN TO CM**

03/25/2020 Converted Case Dispostion Event - Case Clock Stopped

03/25/2020 Docket ▾

Comment
**\*\*- file folder returned- CM**

03/25/2020 Docket ▾

Comment
**\*\*- file folder given to CM**

03/25/2020 Docket ▾

Comment
**\*\*- file folder returned- CM**

03/30/2020 Docket ▾

Comment
**DOCKET ENTRY 3/13/20**

TS No.: 2019-02417-TX
19-001095-673

## Notice of [Substitute] Trustee Sale

**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

**1. Date, Time and Place of Sale.**

**Date:**   11/02/2021

**Time:**   The sale will begin at 10:00 AM or not later than three hours after that time

**Place:**   Bell County, Texas at the following location: **THE BELL COUNTY CLERK'S ALCOVE TO THE EAST OF THE MAIN ENTRANCE OF THE BELL COUNTY JUSTICE COMPLEX, 1201 HUEY DRIVE, BELTON, TEXAS OR AS DESIGNATED BY THE COUNTY COMMISSIONER'S OFFICE. PURSUANT TO SECTION 51.002 OF THE TEXAS PROPERTY CODE AS THE PLACE WHERE FORECLOSURE SALES ARE TO TAKE PLACE OR AS DESIGNATED BY THE COUNTY COMMISSIONERS**

**Property Address:**   6109 BRIDGEWOOD DRIVE, KILLEEN, TX 76549

**2. Terms of Sale:** The sale will be conducted as a public auction to the highest bidder for cash. Pursuant to the deed of trust, the mortgagee has the right to direct the Trustee to sell the property in one or more parcels and/or to sell all or only part of the property. Pursuant to section 51.009 of the Texas Property Code, the property will be sold in AS IS, WHERE IS condition, without any express or implied warranties, except as to the warranties of title, if any, provided for under the deed of trust. Any conveyance of the property is subject to all matters of record affecting the property.

**3. Instrument to be Foreclosed:** The instrument to be foreclosed is the Deed of Trust or Contract Lien dated 05/02/2009 and recorded 05/13/2009 in Document 2009-00017147 , real property records of Bell County, Texas, with **Brian Finell Kimber and Malinda D Kimber, husband and wife** grantor(s) and AMERIGROUP MORTGAGE CORPORATION, a Division of Mortgage Investors Corporation as Lender, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as Beneficiary.

**4. Appointment of Substitute Trustee:** In accordance with Texas Property Code Sec. 51.0076, the undersigned authorized agent for the mortgage servicer has named and appointed, and by these presents does name and appoint AVT Title Services, LLC, located at 5177 Richmond Avenue Suite 1230, Houston, TX 77056, Substitute Trustee to act under and by virtue of said Deed of Trust.

**5. Obligation Secured:** Deed of Trust or Contract Lien executed by **Brian Finell Kimber and Malinda D Kimber, husband and wife**, securing the payment of the indebtedness in the original principal amount of **$175,950.00**, and obligations therein described including but not limited to the promissory note; and all modifications, renewals and extensions of the promissory note. **PHH MORTGAGE CORPORATION** is the current mortgagee of the note and deed of trust or contract lien.

BELL COUNTY CLERK
SHELLEY COSTON

2021 SEP 30 P 2 45

RECEIVED FOR POSTING



EXHIBIT
I

TS No.: 2019-02417-TX
19-001095-673

## Notice of [Substitute] Trustee Sale

**6. Default:** A default has occurred in the payment of indebtedness, and the same is now wholly due, and the owner and holder has requested to sell said property to satisfy said indebtedness.

**7. Property to be sold:** The property to be sold is described as follows:

**LOT 98, BLOCK 3, OF BRIDGEWOOD ADDITION PHASE II, AN ADDITION TO THE CITY OF KILLEEN, BELL COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET D, SLIDE 106A, 106B, & 106C OF THE PLAT RECORDS, BELL COUNTY, TEXAS.**

**8. Mortgage Servicer Information:** The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee. Pursuant to the Servicing Agreement and Texas Property Code § 51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the lien securing the property referenced above. **PHH Mortgage Corporation,** as Mortgage Servicer, is representing the current mortgagee, whose address is:

**C/O PHH Mortgage Corporation**

**1 Mortgage Way**
**Mt. Laurel, NJ 08054**

**Phone:  877-744-2506**

BELL COUNTY CLERK
SHELLEY COSTON

2021 SEP 30  P 2: 49

RECEIVED FOR POSTING

TS No.: 2019-02417-TX
░░░░░673

### Notice of [Substitute] Trustee Sale

**9. Limitation of Damages:** If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the funds paid. The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee, or the Mortgagee's attorney.

**THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE. THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.**

**Date: September 28, 2021**

*Glenda Hamilton*

Stephanie Spurlock, Camisha Scott, Iman Walcott, Tanesha Humphrey, Claire Buxton, Glenda Hamilton – Attorney or Authorized Agent of The Mortgagee or Mortgage Servicer

C/O Power Default Services, Inc.
Northpark Town Center
1000 Abernathy Rd NE; Bldg 400, Suite 200
Atlanta, GA 30328
Telephone: 855-427-2204
Fax: 866-960-8298

**POWER DEFAULT SERVICES, INC. MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.**

Certificate of Posting

I am _____, whose address is c/o AVT Title Services, LLC, 5177 Richmond Avenue, Suite 1230, Houston, TX 77056. I declare under penalty of perjury that on _____ I filed this Notice of Foreclosure Sale at the office of the Bell County Clerk and caused it to be posted at the location directed by the Bell County Commissioners Court.

BELL COUNTY CLERK
SHELLEY COSTON

2021 SEP 30 P 2:49

RECEIVED FOR POSTING

CAUSE NO. <u>21DCV328238</u>

| | | |
|---|---|---|
| **BRIAN KIMBER and MALINDA** | § | **IN THE DISTRICT COURT** |
| **KIMBER, husband and wife,** | § | |
| | § | |
|    **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | <u>**169th**</u> **JUDICIAL DISTRICT** |
| **PHH MORTGAGE CORPORATION;** | § | |
| **and POWER DEFAULT SERVICES,** | § | |
| **INC., and it's successors and/or assigns** | § | |
| | § | |
| | § | |
| | § | |
|    **Defendant.** | § | **OF BELL COUNTY, TEXAS** |

## TEMPORARY RESTRAINING ORDER

On this date the Application for a Temporary Restraining Order of Plaintiffs, Brian Kimber and Malinda Kimber, that was incorporated into the Plaintiffs' Original Verified Petition and Application for Temporary Restraining Order and Temporary Injunction ("Petition") filed in this cause, was heard and considered before this court.

Based upon the pleadings, exhibits, records, and documents filed by counsel and presented to the Court, as well as the arguments of counsel at the hearing, IT CLEARLY APPEARS:

     A.      That unless Defendants PHH Mortgage Corporation and Power Default Services, Inc., and it's successors and/or assigns are immediately restrained and enjoined the Defendants will proceed with foreclosure and foreclose on Plaintiffs' homestead property described in their Petition, and Plaintiffs will suffer an immediate and irreparable harm and will have no adequate remedies under the law, and these Defendants will commit the foregoing before notice and a hearing on Plaintiffs' Application for Temporary

Injunction.

B.        Plaintiffs will suffer an irreparable harm if the Defendants, and/or any of their agents, employees, attorneys, trustees, substitute trustees, successors and/or assigns are not restrained immediately because Plaintiffs will lose possession of their homestead residence, which is unique and irreplaceable, and there is no adequate remedy at law to grant Plaintiffs complete, final and equitable relief.

C.        Plaintiffs have provided notice to Defendant PHH Mortgage Corporation and Power Default Services Inc. through Glenda Hamilton at Power Default Services which is the attorney acting as substitute trustee under the deed of trust being foreclosed, of the filing of Plaintiffs' Petition at least two (2) hours before this Court conducted this hearing and has provided the Court with a Certificate of Conference to evidence the same as required by the Local Rules of the Bell County District Courts.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendants PHH Mortgage Corporation and Power Default Services, Inc., and any of their agents, employees, attorneys, trustees, substitute trustees, successors and/or assigns are each hereby ORDERED to immediately cease and desist from proceeding with any and all efforts to foreclose upon Plaintiffs' homestead property described in Plaintiffs' Petition, which is commonly known as 6109 Bridgewood Drive, Killeen, Texas 76549, and that the Defendants are hereby immediately enjoined and restrained from the date of entry of this order until fourteen (14) days hereafter, or until further order of this Court.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Plaintiffs' Application for Temporary Injunction be heard on _____ at _____ o'clock ___. M. in the courtroom of the _____ Judicial District Court of Denton County located at 1450 E.

McKinney Street, Denton, Texas 76209, and that the Defendants are commanded to appear at that time and provide reasons, if any, why a temporary injunction should not be issued against said Defendants.

The clerk of the above-entitled court shall issue a notice of entry of a temporary restraining order in conformity with the law and the terms of this order, to include a copy of this order, upon the posting by Plaintiffs of the bond hereinafter set forth.

This order shall not be effective until Plaintiffs deposit with the Bell County District Clerk a cash bond in the amount of $_____, or in the form of a check drawn from the Plaintiffs' counsel's business checking account, in due conformity with applicable law.

**SIGNED and ENTERED** on this _____ day of _____, 2021, at _____ o'clock, __. M.

_____
**DISTRICT JUDGE**

# EXHIBIT D

Filed 10/28/2021 10:40 AM
Joanna Staton, District Clerk
District Court - Bell County, TX
by Lacey Martindale , Deputy

**CAUSE NO. <u>21DCV28238</u>**

| | | |
|---|---|---|
| **BRIAN KIMBER and MALINDA KIMBER, husband and wife,** | § § § | **IN THE DISTRICT COURT** |
| **Plaintiffs,** | § § | |
| **v.** | § § § | **169TH JUDICIAL DISTRICT** |
| **PHH MORTGAGE CORPORATION; and POWER DEFAULT SERVICES, INC.,** | § § § § | |
| **Defendants.** | § § § | **OF BELL COUNTY, TEXAS** |

**<u>CERTIFICATE OF CONFERENCE</u>**

Pursuant to the Bell County Local Rules, the undersigned counsel for the Plaintiffs named in the above styled and numbered cause, hereby certifies that on Thursday, October 28, 2021 at 10:30 a.m., My legal assistant, Hannah Kube called the number listed on the Notice of Substitute Trustee Sale 855-427-2204 seeking to speak with Glenda Hamilton who is the attorney conducting the foreclosure but was unable to get through to an individual so she faxed a letter to the fax number listed on the Notice of Substitute Trustee Sale at 866-960-8298 advising counsel of the filing of the Plaintiffs' Original Verified Petition and Application for Temporary Restraining Order and Temporary Injunction ("Petition"), and that we will be seeking entry of a temporary restraining order ("TRO").

I hereby certify that all of the foregoing was completed at least two (2) hours before seeking entry of the TRO.

I further certify that, after acceptance of Plaintiffs' Original Verified Petition, my office staff faxed the file-stamped petition to 866-960-8298.

1

Respectfully submitted,

**J. GANNON HELSTOWSKI LAW FIRM**


_**/s/ John G. Helstowski**_
John G. Helstowski
Texas Bar No. 24078653
5209 Heritage Ave, Suite 510
Colleyville, Texas 76034
Telephone: (817) 382-3125
Facsimile: (817) 382-1799
Email: jgh@jghfirm.com
Attorney for Plaintiffs Brian & Malinda
Kimber

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Helstowski
Bar No. 24078653
jgh@jghfirm.com
Envelope ID: 58620969
Status as of 10/28/2021 3:40 PM CST

Associated Case Party: Brian Kimber

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John GHelstowski | | jgh@jghfirm.com | 10/28/2021 10:40:04 AM | SENT |

# EXHIBIT E

Filed 10/28/2021 10:36 AM
Joanna Staton, District Clerk
District Court - Bell County, TX
by Melissa Wallace , Deputy

## CAUSE NO. <u>21DCV328238</u>

| | | |
|---|---|---|
| **BRIAN KIMBER and MALINDA KIMBER, husband and wife,** | § § | **IN THE DISTRICT COURT** |
| **Plaintiffs,** | § § | |
| **v.** | § § | |
| | § | <u>**169th**</u> **JUDICIAL DISTRICT** |
| **PHH MORTGAGE CORPORATION; and POWER DEFAULT SERVICES, INC., and it's successors and/or assigns** | § § § § § | |
| **Defendant.** | § § | **OF BELL COUNTY, TEXAS** |

## <u>TEMPORARY RESTRAINING ORDER</u>

On this date the Application for a Temporary Restraining Order of Plaintiffs, Brian Kimber and Malinda Kimber, that was incorporated into the Plaintiffs' Original Verified Petition and Application for Temporary Restraining Order and Temporary Injunction ("Petition") filed in this cause, was heard and considered before this court.

Based upon the pleadings, exhibits, records, and documents filed by counsel and presented to the Court, as well as the arguments of counsel at the hearing, IT CLEARLY APPEARS:

A.        That unless Defendants PHH Mortgage Corporation and Power Default Services, Inc., and it's successors and/or assigns are immediately restrained and enjoined the Defendants will proceed with foreclosure and foreclose on Plaintiffs' homestead property described in their Petition, and Plaintiffs will suffer an immediate and irreparable harm and will have no adequate remedies under the law, and these Defendants will commit the foregoing before notice and a hearing on Plaintiffs' Application for Temporary

---

FWD TO CC 10/28/21 MW        <span style="color:red">169TH DISTRICT COURT
BELL COUNTY, TEXAS</span>        10/28/2021

Injunction.

B.       Plaintiffs will suffer an irreparable harm if the Defendants, and/or any of their agents, employees, attorneys, trustees, substitute trustees, successors and/or assigns are not restrained immediately because Plaintiffs will lose possession of their homestead residence, which is unique and irreplaceable, and there is no adequate remedy at law to grant Plaintiffs complete, final and equitable relief.

C.       Plaintiffs have provided notice to Defendant PHH Mortgage Corporation and Power Default Services Inc. through Glenda Hamilton at Power Default Services which is the attorney acting as substitute trustee under the deed of trust being foreclosed, of the filing of Plaintiffs' Petition at least two (2) hours before this Court conducted this hearing and has provided the Court with a Certificate of Conference to evidence the same as required by the Local Rules of the Bell County District Courts.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendants PHH Mortgage Corporation and Power Default Services, Inc., and any of their agents, employees, attorneys, trustees, substitute trustees, successors and/or assigns are each hereby ORDERED to immediately cease and desist from proceeding with any and all efforts to foreclose upon Plaintiffs' homestead property described in Plaintiffs' Petition, which is commonly known as 6109 Bridgewood Drive, Killeen, Texas 76549, and that the Defendants are hereby immediately enjoined and restrained from the date of entry of this order until fourteen (14) days hereafter, or until further order of this Court.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Plaintiffs' Application for Temporary Injunction be heard on _November 5, 2021_ at _9:00_ o'clock _A_. M. in the courtroom of the _169th_ Judicial District Court of ~~Denton~~ Bell County located at ~~1450 E.~~

1201 Huey Rd, Belton, TX 76513
~~McKinney Street, Denton, Texas 76209~~, and that the Defendants are commanded to appear at that time and provide reasons, if any, why a temporary injunction should not be issued against said Defendants.

The clerk of the above-entitled court shall issue a notice of entry of a temporary restraining order in conformity with the law and the terms of this order, to include a copy of this order, upon the posting by Plaintiffs of the bond hereinafter set forth.

This order shall not be effective until Plaintiffs deposit with the Bell County District Clerk a cash bond in the amount of $_____2500.00_____, or in the form of a check drawn from the Plaintiffs' counsel's business checking account, in due conformity with applicable law.

**SIGNED and ENTERED** on this __28th__ day of __October__, 2021, at __5__ o'clock, __P__. M.

_____

**DISTRICT JUDGE**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Helstowski
Bar No. 24078653
jgh@jghfirm.com
Envelope ID: 58620811
Status as of 10/29/2021 7:36 AM CST

Associated Case Party: Brian Kimber

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John GHelstowski | | jgh@jghfirm.com | 10/28/2021 10:36:44 AM | SENT |

# EXHIBIT F

Bell CAD Property Search

## Property ID: 383576 For Year 2021

**⚲ Map**



# 🔖 Property Details

| Account | |
|---|---|
| **Property ID:** | 383576 |
| **Legal Description:** | BRIDGEWOOD ADDITION PHASE II, BLOCK 003, LOT 0098 |
| **Geographic ID:** | 0664001977 |
| **Agent:** | |
| **Type:** | Real |
| **Location** | |
| **Address:** | 6109 BRIDGEWOOD DR KILLEEN, TX |
| **Map ID:** | 28C08 |
| **Neighborhood CD:** | RKILKIBW02 |
| **Owner** | |
| **Owner ID:** | 642997 |
| **Name:** | KIMBER, BRIAN FINELL & MALINDA D |
| **Mailing Address:** | 6109 BRIDGEWOOD DR<br>KILLEEN, TX 76549-5080 |
| **% Ownership:** | 100.0% |
| **Exemptions:** | DV3 - Disabled Veterans 50% - 69%<br>DVHS - Disabled Veteran Homestead<br>HS - HOMESTEAD<br>For privacy reasons not all exemptions are shown online. |

# 🔖 Property Values

| | |
|---|---|
| **Improvement Homesite Value:** | $186,049 |
| **Improvement Non-Homesite Value:** | $0 |
| **Land Homesite Value:** | $28,000 |
| **Land Non-Homesite Value:** | $0 |
| **Agricultural Market Valuation:** | $0 |
| | |
| **Market Value:** | $214,049 |
| **Ag Use Value:** | $0 |
| | |
| **Appraised Value:** | $214,049 |
| **Homestead Cap Loss:** ❓ | $0 |
| | |
| **Assessed Value:** | $214,049 |

---

**VALUES DISPLAYED ARE 2021 CERTIFIED VALUES.**

**DISCLAIMER** Information provided for research purposes only. Legal descriptions and acreage amounts are for appraisal district use only and should be verified prior to using for legal purpose and or documents. Please contact the Appraisal District to verify all information for accuracy.

## 🔖 Property Taxing Jurisdiction

| Entity | Description | Tax Rate | Market Value | Taxable Value | Estimated Tax | Freeze Ceiling |
|--------|-------------|----------|--------------|---------------|---------------|----------------|
| CAD | TAX APPRAISAL DISTRICT, BELL COUNTY | 0.000000 | $214,049 | $0 | $0.00 | |
| CB | BELL COUNTY | 0.368000 | $214,049 | $0 | $0.00 | |
| JCTC | CENTRAL TEXAS COLLEGE | 0.111600 | $214,049 | $0 | $0.00 | |
| RRD | BELL COUNTY ROAD | 0.026300 | $214,049 | $0 | $0.00 | |
| SKIL | KILLEEN ISD | 1.043200 | $214,049 | $0 | $0.00 | |
| TKI | CITY OF KILLEEN | 0.700400 | $214,049 | $0 | $0.00 | |
| WCLW | CLEARWATER U.W.C.D. | 0.003100 | $214,049 | $0 | $0.00 | |
| WWC6 | BELL COUNTY WCID #6 | 0.028000 | $214,049 | $0 | $0.00 | |

**Total Tax Rate:** 2.280600 **Estimated Taxes With Exemptions:** $0.00 **Estimated Taxes Without Exemptions:** $4,881.60

## 🔖 Property Improvement - Building

**Description:** RESIDENTIAL **Type:** RESIDENTIAL **State Code:** A1 **Living Area:** 2,724.00sqft **Value:** $186,049

| Type | Description | Class CD | Exterior Wall | Year Built | SQFT |
|------|-------------|----------|---------------|------------|------|
| OP. | OPEN PORCH | * | | 2008 | 24.00 |
| FP2 | AVG QUAL FIREPLACE | * | | 2008 | 1.00 |
| RES | RESIDENCE | MSR04 | EXBK | 2008 | 1,110.00 |
| STGB | FAIR QUAL STORAGE | * | | 2008 | 160.00 |
| GAR | GARAGE | * | | 2008 | 480.00 |
| OP. | OPEN PORCH | * | | 2008 | 200.00 |
| 2ND | 2ND FLOOR | * | | 2008 | 1,614.00 |

## 🔖 Property Land

| Type | Description | Acreage | Sqft | Eff Front | Eff Depth | Market Value | Prod. Value |
|------|-------------|---------|------|-----------|-----------|--------------|-------------|
| RES | RESIDENTIAL | 0.1791 | 7,800.00 | 65.00 | 120.00 | $28,000 | $0 |

## 🔖 Property Roll Value History

| Year | Improvements | Land Market | Ag Valuation | Appraised | HS Cap Loss | Assessed |
|------|-------------|-------------|--------------|-----------|-------------|----------|
| 2022 | N/A | N/A | N/A | N/A | N/A | N/A |
| 2021 | $186,049 | $28,000 | $0 | $214,049 | $0 | $214,049 |
| 2020 | $183,638 | $28,000 | $0 | $211,638 | $0 | $211,638 |
| 2019 | $180,757 | $16,250 | $0 | $197,007 | $0 | $197,007 |
| 2018 | $177,380 | $16,250 | $0 | $193,630 | $0 | $193,630 |
| 2017 | $173,972 | $16,250 | $0 | $190,222 | $0 | $190,222 |
| 2016 | $162,412 | $16,250 | $0 | $178,662 | $0 | $178,662 |
| 2015 | $155,941 | $16,250 | $0 | $172,191 | $0 | $172,191 |
| 2014 | $164,614 | $16,250 | $0 | $180,864 | $0 | $180,864 |
| 2013 | $172,795 | $16,250 | $0 | $189,045 | $0 | $189,045 |
| 2012 | $172,865 | $16,250 | $0 | $189,115 | $0 | $189,115 |
| 2011 | $179,267 | $13,000 | $0 | $192,267 | $0 | $192,267 |

## 🔖 Property Deed History

| Deed Date | Type | Description | Grantor | Grantee | Volume | Page | Num |
|-----------|------|-------------|---------|---------|--------|------|-----|
| 5/15/2008 | 1 | WARRANTY DEED | CENTEX HOMES | KIMBER, BRIAN FINELL & MALINDA D | Deed Num | 200800020653 | 200800020 |
| 1/31/2008 | 1 | WARRANTY DEED | W & B DEVELOPMENT II LLC | CENTEX HOMES | Deed Num | 200800004236 | 200800004 |
| 6/30/2007 | 13 | MISC | W & B DEVELOPMENT LTD | W & B DEVELOPMENT II LLC | Deed Num | 200700031602 | 200700031 |
| 10/25/2005 | 4 | SUBDIVISION | W & B DEVELOPMENT LTD | W & B DEVELOPMENT LTD | 5996 | 165 | |

🔖 Estimated Tax Due

<div style="border:1px solid red;">

### **ATTENTION**

Indicated amount may not reflect delinquent tax due beyond a 5-year history. Partial payments or contract payments may not be reflected. Quarter payments that are made according to Section 31.031 of the Texas Property Tax Code are not considered delinquent.

**PRIOR TO MAKING FULL OR PARTIAL PAYMENTS PLEASE CONTACT OUR OFFICE FOR A CURRENT AMOUNT DUE**

**WE CANNOT GUARANTEE THE ACCURACY OF THE AMOUNT DUE LISTED BELOW**

</div>

**If Paid:** 11/3/2021 📅

| Year | Taxing Jurisdiction | Taxable Value | Base Tax | Base Taxes Paid | Base Tax Due | Discount/Penalty & Interest | Attorney Fees | Amount Due |
|------|---------------------|---------------|----------|-----------------|--------------|------------------------------|---------------|------------|
| 2022 | BELL COUNTY | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| 2022 | CENTRAL TEXAS COLLEGE | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| 2022 | BELL COUNTY ROAD | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| 2022 | KILLEEN ISD | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| 2022 | CITY OF KILLEEN | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| 2022 | CLEARWATER U.W.C.D. | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| 2022 | BELL COUNTY WCID #6 | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| | **2022 Total:** | | N/A | N/A | N/A | N/A | N/A | N/A |
| 2021 | BELL COUNTY | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2021 | CENTRAL TEXAS COLLEGE | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2021 | BELL COUNTY ROAD | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2021 | KILLEEN ISD | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 2021 | CITY OF KILLEEN | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2021 | CLEARWATER U.W.C.D. | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2021 | BELL COUNTY WCID #6 | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 2021 Total: | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2020 | BELL COUNTY | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2020 | CENTRAL TEXAS COLLEGE | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2020 | BELL COUNTY ROAD | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2020 | KILLEEN ISD | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2020 | CITY OF KILLEEN | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2020 | CLEARWATER U.W.C.D. | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2020 | BELL COUNTY WCID #6 | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 2020 Total: | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2019 | BELL COUNTY | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2019 | CENTRAL TEXAS COLLEGE | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2019 | BELL COUNTY ROAD | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2019 | KILLEEN ISD | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2019 | CITY OF KILLEEN | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2019 | CLEARWATER U.W.C.D. | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2019 | BELL COUNTY WCID #6 | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 2019 Total: | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2018 | BELL COUNTY | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| 2018 | CENTRAL TEXAS COLLEGE | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
|---|---|---|---|---|---|---|---|---|
| 2018 | BELL COUNTY ROAD | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2018 | KILLEEN ISD | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2018 | CITY OF KILLEEN | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2018 | CLEARWATER U.W.C.D. | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2018 | BELL COUNTY WCID #6 | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 2018 Total: | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2017 | BELL COUNTY | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2017 | CENTRAL TEXAS COLLEGE | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2017 | BELL COUNTY ROAD | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2017 | KILLEEN ISD | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2017 | CITY OF KILLEEN | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2017 | CLEARWATER U.W.C.D. | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2017 | BELL COUNTY WCID #6 | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 2017 Total: | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2016 | BELL COUNTY | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2016 | CENTRAL TEXAS COLLEGE | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2016 | BELL COUNTY ROAD | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2016 | KILLEEN ISD | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2016 | CITY OF KILLEEN | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| Year | Entity | | | | | | | |
|------|--------|------|------|------|------|------|------|------|
| 2016 | CLEARWATER U.W.C.D. | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2016 | BELL COUNTY WCID #6 | $0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 2016 Total: | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2015 | BELL COUNTY | $164,691 | $693.67 | $693.67 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2015 | CENTRAL TEXAS COLLEGE | $164,691 | $224.97 | $224.97 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2015 | BELL COUNTY ROAD | $164,691 | $49.24 | $49.24 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2015 | KILLEEN ISD | $139,691 | $1,575.72 | $1,575.72 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2015 | CITY OF KILLEEN | $164,691 | $1,234.85 | $1,234.85 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2015 | CLEARWATER U.W.C.D. | $164,691 | $6.51 | $6.51 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 2015 Total: | | $3,784.96 | $3,784.96 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2014 | BELL COUNTY | $173,364 | $730.21 | $730.21 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2014 | CENTRAL TEXAS COLLEGE | $173,364 | $236.82 | $236.82 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2014 | BELL COUNTY ROAD | $173,364 | $51.84 | $51.84 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2014 | KILLEEN ISD | $158,364 | $1,786.35 | $1,786.35 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2014 | CITY OF KILLEEN | $173,364 | $1,299.88 | $1,299.88 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2014 | CLEARWATER U.W.C.D. | $173,364 | $6.93 | $6.93 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 2014 Total: | | $4,112.03 | $4,112.03 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2013 | BELL COUNTY | $181,545 | $764.66 | $764.66 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2013 | CENTRAL TEXAS COLLEGE | $181,545 | $248.72 | $248.72 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2013 | BELL COUNTY ROAD | $181,545 | $54.28 | $54.28 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2013 | KILLEEN ISD | $166,545 | $1,878.63 | $1,878.63 | $0.00 | $0.00 | $0.00 | $0.00 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 2013 | CITY OF KILLEEN | $181,545 | $1,348.52 | $1,348.52 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2013 | CLEARWATER U.W.C.D. | $181,545 | $7.26 | $7.26 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 2013 Total: | | $4,302.07 | $4,302.07 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2012 | BELL COUNTY | $181,615 | $764.96 | $764.96 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2012 | CENTRAL TEXAS COLLEGE | $181,615 | $254.26 | $254.26 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2012 | BELL COUNTY ROAD | $181,615 | $54.30 | $54.30 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2012 | KILLEEN ISD | $166,615 | $1,884.42 | $1,884.42 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2012 | CITY OF KILLEEN | $181,615 | $1,349.04 | $1,349.04 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2012 | CLEARWATER U.W.C.D. | $181,615 | $7.26 | $7.26 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 2012 Total: | | $4,314.24 | $4,314.24 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2011 | BELL COUNTY | $184,767 | $756.81 | $756.81 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2011 | CENTRAL TEXAS COLLEGE | $184,767 | $260.34 | $260.34 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2011 | BELL COUNTY ROAD | $184,767 | $55.25 | $55.25 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2011 | KILLEEN ISD | $169,767 | $1,937.36 | $1,937.36 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2011 | CITY OF KILLEEN | $184,767 | $1,372.45 | $1,372.45 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2011 | CLEARWATER U.W.C.D. | $184,767 | $7.39 | $7.39 | $0.00 | $0.00 | $0.00 | $0.00 |
| | 2011 Total: | | $4,389.60 | $4,389.60 | $0.00 | $0.00 | $0.00 | $0.00 |

## DISCLAIMER

**VALUES DISPLAYED ARE 2021 CERTIFIED VALUES.**

**DISCLAIMER** Information provided for research purposes only. Legal descriptions and acreage amounts are for appraisal district use only and should be verified prior to using for legal purpose and or documents. Please contact the Appraisal District to verify all information for accuracy.

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
Waco ☑ DIVISION

Supplement to JS 44 Civil Cover Sheet
Cases Removed from State District Court

This form must be filed with the Clerk's Office no later than the **first business day** following the filing of the Notice of Removal. Additional sheets may be used as necessary.

The attorney of record for the removing party **MUST** sign this form.

**STATE COURT INFORMATION**:

1.      Please identify the court from which the case is being removed; the case number; and the complete style of the case.

Brian Kimber and Malinda Kimber, husband and wife
v.
PHH Mortgage Corporation and Power Default Services, Inc.;
Cause No. 21DCV328238 in the 169th Judicial District, Bell County, Texas

2.      Was jury demand made in State Court?          ☒ Yes          ☐ No

If yes, by which party and on what date?

Plaintiffs                                          October 27, 2021
Party Name                                          Date


**STATE COURT INFORMATION**:

1.      List all plaintiffs, defendants, and intervenors still remaining in the case. Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

Brian and Malinda Kimber; Counsel:  John G. Helstowski, J. Gannon Helstowski Law Firm; 5209 Heritage Ave., Ste. 510, Colleyville, TX 76034; Telephone: 817.382.3125; fax: 817.382.1799; email: jgh@jghfirm.com
Defs:  PHH Mortgage Corporation and Power Default Services, Inc.; Counsel:  Kyle A. Owens, Dykema Gossett PLLC, 1717 Main St., Ste. 4200, Dallas, TX 75201; Telephone:  214.462.6400; Fax:  214.462.6401

2. List all parties that have not been served at the time of the removal, and the reason(s) for non-service.

PHH Mortgage Corporation and Power Default Services, Inc.
Plaintiffs have not requested issuance of citation.

3.       List all parties that have been non-suited, dismissed, or terminated, and the reason(s) for their removal from the case.

 None.

**COUNTERCLAIMS, CROSS-CLAIMS, and/or THIRD-PARTY CLAIMS**:

1.       List separately each counterclaim, cross-claim, or third-party claim still remaining in the case and designate the nature of each such claim.  For each counterclaim, cross-claim, or third-party claim, include all plaintiffs, defendants, and intervenors still remaining in the case.  Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

 None.

**VERIFICATION**:

 /s/ Kyle A. Owens                                    November 4, 2021

Attorney for Removing Party                    Date

PHH Mortgage Corporation /Power Default Service

Party/Parties

(NOTE:  Additional comment space is available on page 3)

**ADDITIONAL COMMENTS (As necessary)**: